Maria K. Nelson (State Bar No. 155,608)
mknelson@jonesday.com
Anna E. Raimer (State Bar No. 234,794)
aeraimer@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone:   (213) 489-3939
Facsimile:   (213) 243-2539

Attorneys for Defendants
SEÁN SWEENEY, IN HIS CAPACITY AS TRUSTEE
OF THE ESTATE OF JAMES JOYCE, AND THE
ESTATE OF JAMES JOYCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CAROL LOEB SHLOSS,**<br><br>Plaintiff,<br><br>v.<br><br>**SEÁN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE,**<br><br>Defendants. | Case No. C06-3718 JW HRL<br><br>**DECLARATION OF MARIA K. NELSON IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CAROL LOEB SHLOSS'S AMENDED COMPLAINT** |

LAI-2263761v2

Case No. C06-3718 JW HRL
DECLARATION OF MARIA K. NELSON

I, Maria K. Nelson, do hereby declare:

1. I am an attorney admitted to practice in California and this Court. I represent Seán Sweeney, in his capacity as trustee of the Estate of James Joyce, and The Estate of James Joyce (collectively "Defendants") in the above-captioned matter. Except as otherwise stated, I have personal and first-hand knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently thereto.

2. On July 25, 2006, I spoke with David S. Olson, counsel for Carol Loeb Shloss, who informed me that Ms. Shloss had not yet finalized her work on the electronic supplement to her book *Lucia Joyce: To Dance in the Wake*. Specifically, Mr. Olson noted that attributions were still being added to the electronic supplement so that the associated website (the "Website") was not yet ready for accessing, and that there might also be additional material added to the Website.

3. I again spoke with Mr. Olson on August 11, 2006. At that time, Mr. Olson told me that Ms. Shloss and Robert Spoo were still working on the Website. He stated further that Ms. Shloss and Mr. Spoo were adding attributions and some additional material to the Website.

4. On August 24, 2006, Mr. Olson sent me a link to access the Website via electronic mail but included the caveat that the Website was still not finished. At that time, the Website incorporated additional materials that were absent from the 2005 electronic supplement, including quotations from Lucia Joyce's unpublished manuscript "My Dreams," quotes from James Joyce's 1922 version of *Ulysses* and portions of James Joyce's *Finnegans Wake Notebooks*.

5. I participated in another conversation with Mr. Olson on September 6, 2006. He confirmed that additional material had been added to the Website since March 2005 when Ms. Shloss asked Defendants' permission to publish her electronic supplement. Mr. Olson also stated that the Website was not yet complete and that quotes from James Joyce's *Finnegans Wake Notebooks* were still being integrated.

6. On September 21, 2006, I made available for inspection to Mr. Olson documentary proof that Stephen James Joyce is the sole beneficial owner of the Lucia Joyce copyrights. On information and belief, Mr. Olson completed the inspection shortly thereafter.

7. On October 16, 2006, Anthony Falzone informed me that Ms. Shloss intended to amend her Complaint to cover the material added to her Website after the original Complaint was filed on June 12, 2006.

8. On October 20, 2006, I wrote to Mr. Falzone and informed him of the Estate's position that there was no case or controversy because no one on behalf of the Estate ever threatened to sue Ms. Shloss. To the contrary, on May 13, 2005, counsel for the Estate clearly informed counsel for Ms. Shloss that the Estate had no desire to be involved in a dispute. Further, the Estate was willing to covenant not to sue Ms. Shloss over the subject matter contained in the 2005 version of her Website, which was tendered to Mr. Joyce in March 2005 and described in the Complaint. Thus the Estate had not taken, and would covenant not to take, any action with regard to the 2005 Website materials. I also pointed out that the Estate has taken no action whatsoever with respect to the materials Ms. Shloss added to her Website after the Complaint was filed.

9. Neither I, nor to my knowledge anyone representing the Estate, have threatened Ms. Shloss, directly or indirectly, over the materials added to her Website after filing the Complaint.

10. On October 26, 2006 I received by email a copy of the Amended Complaint.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 17th day of November, 2006 at Los Angeles, California.

By: *Maria K. Nelson* (signature)
Maria K. Nelson