Lawrence Lessig
Anthony T. Falzone (SBN 190845)
David S. Olson (SBN 231675)
STANFORD LAW SCHOOL CENTER FOR INTERNET
AND SOCIETY
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 724-0517
Facsimile: (650) 723-4426
E-mail: falzone@stanford.edu

Mark A. Lemley (SBN 155830)
Matthew M. Werdegar (SBN 200470)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, California 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
E-mail: mwerdegar@kvn.com

Bernard A. Burk (SBN 118083)
Robert Spoo (*pro hac vice*)
HOWARD RICE NEMEROVSKI CANADY
FALK & RABKIN, a Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: (415) 434-1600
Facsimile: (415) 217-5910
E-mail: bburk@howardrice.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| CAROL LOEB SHLOSS, | No. C 06 3718 JW HRL |
|---|---|
| Plaintiff, | **DECLARATION OF DAVID S. OLSON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| SEAN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE | |
| Defendants. | |

DECLARATION OF DAVID S. OLSON

-1-

Dockets.Justia.com

1  DAVID S. OLSON declares and states as follows:

2  1. I am an attorney admitted to practice in California and in this district and I am one of the

3  attorneys of record for plaintiff Carol Loeb Shloss. I have personal knowledge of the facts set forth

4  in this declaration, and could testify competently to them if called to do so. I submit this declaration

5  in support of Plaintiff's opposition to Defendant's Motion to Dismiss.

6  2. The original Complaint in this case was filed on June 12, 2006. [Docket No. 1].

7  3. Professor Shloss's Website, which is the subject of this suit, was complete as of the filing

8  of the suit in June 2006. In fact the Website was complete as of November 2005, as can be seen by

9  the fact that the Estate's Irish lawyer, Grace Smith, attached a copy of the Website as Exhibit 2 to

10  her Declaration in support of Defendants Motion to Dismiss. Because the version that Smith

11  provided as her Exhibit 2 is hard to read, a true and correct copy of the Website as it existed in 2005

12  is attached as Exhibit A to this declaration. Note that this is the identical Website to that shown in

13  Smith Declaration Exhibit 2, it is just more legible.

14  4. After filing the Complaint, Professor Shloss supplemented her Website one time in the

15  summer of 2006. The supplementation made clear the sources for the materials already quoted on

16  the Website, and also added a substantial number of additional quotations from relevant materials

17  including Lucia Joyce's writings, the 1922 version of *Ulysses*, and portions of the James Joyce

18  *Finnegans Wake Notebooks*.

19  5. On July 25, 2006, I informed counsel for Defendants, Maria Nelson, that material was

20  being added to the Website. I told her that we would provide her with access to the supplemented

21  Website and offered to give Defendants any necessary extensions to their deadline to respond to the

22  Complaint.

23  6. On August 24, 2006, I sent Defendants' counsel a link and password needed to access the

24  Website as well as a document showing all of the rest of the quotations that were going to appear on

25  the Website (but that didn't quite yet appear due to a delay in coding on the Website). As of this

26  date no additional quotes were ever added beyond what I provided Ms. Nelson. Thus, as of August

27  24, 2006, Defendants knew the entire universe of material to be published on the Website.

28  Defendants have been able to continually monitor the Website since then, and thus know that no

additional material has been added, because they continue to have access to the Website. I see that in her declaration Ms. Nelson says that on September 6, 2006, I told her that the Website was not complete and that quotes were still being integrated. While coding was still occurring on the Website to place the material in logically accessible places and correct typos, it is important to note that no material beyond what was provided to the Estate on August 24, 2006 was ever added to the Website. And the final coding of that information on the Website was completed by around mid-September. A true and correct print out of the Website as it appeared in September 2006 and as it has continuously appeared since then is attached as Exhibit B to this declaration. The Website is complete and will not change.

7. In September and October 2006 counsel for the parties engaged in settlement discussions. It soon became apparent, however, that a mutually acceptable resolution of the dispute was not possible because the Estate continued to demand the removal of particular material to which it objected. Some of the material to which the Estate objected appeared in the Website as it existed in 2005, and some of the material to which the Estate objected appeared in the portions added to the Website in the summer of 2006.

8. On October 25, 2006, counsel for Shloss filed an Amended Complaint that reflected the changes to the Website made in the summer of 2006. A true and correct copy of Plaintiff Carol Shloss's Amended Complaint [Docket No. 14] is attached to this declaration as Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on December 15, 2006 at Stanford, California.

/s/
DAVID S. OLSON