# EXHIBIT D

Dockets.Justia.com

## Shloss v. Estate of Joyce

*Fair use litigation. Opened 1/9/06*

### Shloss Details Ten Years Of Threats From Stephen James Joyce

by **Anthony Falzone**, posted on December 18, 2006 – 8:51pm.

On Friday, December 15, we filed Carol Shloss's opposition to the Joyce Estate's motion to dismiss her claims for lack of subject matter jurisdiction. In this opposition, the Estate's ten years of threats agains Shloss and her publisher are set forth, and the Estate's suggestion that she had nothing to fear is answered. Read it here.

**Anthony Falzone's blog** | **add new comment** | **1 attachment**
Substantive Tags: Fair Use Project
Cases: Shloss v. Estate of Joyce

### Update: Shloss v. Estate of James Joyce

by **Sarah Craven**, posted on December 5, 2006 – 2:20pm.

This post is to update everyone on the progress of the litigation between Carol Shloss and the Estate of the late literary genius, James Joyce. As this Website's predecessor likely revealed, this case focuses on the extent the fsir use doctrine provides protections to academics to quote from both published and unpublished works in their scholarly endeavors, and how far a copyright owner can go in prohibiting that use to protect a families' privacy.

**read more** | **Sarah Craven's blog** | **add new comment** | **5 attachments**
Substantive Tags: Fair Use Project
Projects: Student Fellow Project
Cases: Shloss v. Estate of Joyce

## Update: Shloss v. Estate of James Joyce

by **Sarah Craven**, posted on December 5, 2006 - 2:20pm.

This post is to update everyone on the progress of the litigation between Carol Shloss and the Estate of the late literary genius, James Joyce. As this Website's predecessor likely revealed, this case focuses on the extent the fair use doctrine provides protections to academics to quote from both published and unpublished works in their scholarly endeavors, and how far a copyright owner can go in prohibiting that use to protect a families' privacy.

On one side sits Carol Shloss, currently a Professor of English at Stanford University. Shloss wrote a book about James Joyce's daughter, Lucia Joyce, and her influence on Joyce's masterpiece "Finnegans Wake". Shloss spent an enormous amount of time and effort, traveling all over the work, to gather public information and medical records as well as unpublished letters and writings of James, Lucia, and Helen Joyce (Joyce's daughter-in-law) and to create a work of scholarship about Lucia's life that moved her from family mental case (Lucia spent much of her life in mental institutions) to interesting literary character in her own right. Shloss published her book, "Lucia Joyce: To Dance in the Wake", in 2003, but because of the Estate, Shloss did not publish the book with all the supporting material and quotes that she wanted.

In the other corner is the Estate. The Estate operates under the influence of Stephen Joyce: grandson of James Joyce, and niece of Lucia. Joyce first threatened Shloss with legal action for any use of certain family works, and when that did not stop her, threatened Shloss's publisher and employer. The end result: the publisher forced Shloss to remove essential quotes from her book that supported her thesis—removing over thirty pages from a 400 page book. In response, Shloss set up a website, currently password protected, with these very quotes linked to the relevant places in the book, but fearing the response of the Estate, she has yet to publish it by making it available to the public. Thus, Shloss filed a declaratory judgment suit seeking a declaration of non-infringement, the public domain status of Ulysses, copyright misuse, and unclean hands.

Now you have the background. Since then we have filed an amended complaint and are currently knee deep in work responding to the Estate's Motion to Dismiss and Motion to Strike Certain Portions of the Amended Complaint. Both of these documents are attached (if I've done everything correctly) for your enjoyment.

First the Amended Complaint: When Shloss first set up the Website, it only included the

112

the Estate. This Website existed as of the time the first Complaint was filed. Since that time, Shloss added additional supporting material, and thus to cover this Website, an Amended Complaint was filed October 23, 2006.

The Estate's response: a Motion to Dismiss for lack of subject matter jurisdiction or in the alternative a Motion to Strike Certain Portions of the Amended Complaint. The Estate frames the dispute very narrowly, stating that they never threatened to sue as to the current version of the Website. This completely ignores the very broad threats for any use of forbidden material. The Estate also seeks to strike Shloss's affirmative defenses, including copyright misuse—framing the defense as limited only to restrictive licenses. While true that the Ninth Circuit has not addressed the issue outside the context of a restrictive license, the language the court adopted from the Fourth Circuit defines misuse as conduct "violative of the public policy embodied in the grant of a copyright." The Estate has done more than refuse to license; the Estate denies the force of fair use, uses copyright to protect privacy, and has claimed copyright in documents (like medical records) to which it does not own the copyright. Finally, the Estate wants costs. So now, we are busy putting together our opposition, which is due to the court on December 15, 2006.

| Attachment | Size |
|---|---|
| Amended Complaint Final[1].doc | 133 KB |
| Motion to Dismiss Shloss Complaint[1].pdf | 101.88 KB |
| Grace Smith Decl_Exhibits[1].pdf | 936.39 KB |
| Nelson Decl[1].pdf | 112.16 KB |
| Sweeney Decl[1].pdf | 91.94 KB |

permalink | **Sarah Craven's blog** | **add new comment**

Substantive Tags: Fair Use Project
Projects: Student Fellow Project
Cases: Shloss v. Estate of Joyce

113