1  Maria K. Nelson (State Bar No. 155, 608)
   mknelson@jonesday.com
2  Anna E. Raimer (State Bar No. 234, 794)
   aeraimer@jonesday.com
3  Antionette D. Dozier (State Bar No. 244, 437)
   adozier@jonesday.com
4  JONES DAY
   555 South Flower Street
5  Fiftieth Floor
   Los Angeles, CA  90071-2300
6  Telephone:     (213) 489-3939
   Facsimile:     (213) 243-2539
7
   Attorneys for Defendants
8  SEÁN SWEENEY AND THE ESTATE OF JAMES
   JOYCE
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13 | CAROL LOEB SHLOSS,                          | Case No. CV 06-3718 JW HRLx
14 |            Plaintiff,                       | **SUBSTITUTE EVIDENTIARY OBJECTIONS TO THE DECLARATION OF CAROL LOEB SHLOSS, THE DECLARATION OF DAVID S. OLSON, EXHIBITS A, P, R AND T TO THE DECLARATION OF CAROL LOEB SHLOSS, AND EXHIBITS 2, 3, 4 AND 5 TO THE DECLARATION OF ROBERT SPOO**
15 |      v.                                     |
16 | SEÁN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE, |
17 |                                             |
18 |            Defendants.                      |
19 |                                             | Date:  January 31, 2007
   |                                             | Time:  9:00 a.m.
20 |                                             | Judge: The Honorable James Ware

LAI-2843381v1

DEFENDANTS' EVIDENTIARY OBJECTIONS
CV 06-3718 JW HRLx

1   Defendants Seán Sweeney and the Estate of James Joyce ("Defendants") submit their Substitute Evidentiary Objections in place of the Objections and Motion to Strike filed on January 8, 2007.[1]  Pursuant to Civil Local Rule 7-5, Rule 56 of the Federal Rules of Civil Procedure and Rules 401, 402, 403, 408, 602, and 802 of the Federal Rules of Evidence, Defendants hereby object to portions of the Declaration of Carol Loeb Shloss ("Shloss") filed in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss ("Shloss Declaration"), portions of the Declaration of David S. Olson filed in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss ("Olson Declaration"), Exhibits A, P, R and T to the Shloss Declaration, and Exhibits 2, 3, 4 and 5 to the Declaration of Robert Spoo filed in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss ("Spoo Declaration") for the following reasons:

Civil Local Rule 7-5(b) provides "[a]n affidavit or declarations may contain only facts, must conform as much as possible to the requirements of [Federal Rule of Civil Procedure] 56(e), and must avoid conclusions and argument."  Federal Rule of Civil Procedure 56(e) requires opposing affidavits to be made on personal knowledge, set forth specific facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. Proc. 56(e); see also *Columbia Pictures Indus. Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F. 2d 1425 (9th Cir. 1991) (finding the affidavit did not satisfy the requirements of Fed. R. Civ. P. 56(e) because it was not based on personal knowledge).  A declaration not in compliance with Civil Local Rule 7-5(b), including the requirements of Federal Rule Civil Procedure 56(e), may be stricken in whole or in part.  Civil L.R. 7-5(b); see also *Block v. City of Los Angeles*, 253 F.3d 410, 418-419 (9th Cir. 2001) (holding district court abused its discretion in admitting affidavit that was not based on the personal knowledge of the affiant when it was clear the affiant was not personally involved in the facts alleged); *Davenport v. M/V New Horizon*, 2002 U.S. Dist. LEXIS 26811, at *7-8 (N.D. Cal. 2002) (striking portions of the declaration which are not based on the declarant's personal knowledge).  Defendants object to the following specific portions of the Shloss Declaration:

---

[1] Other than the modification to the title of this document and deletion of the "request to strike" language, Defendants' Evidentiary Objections are identical in all respects to its earlier-filed Objections and Motion to Strike.

1. Defendants object to paragraph 6 of the Shloss Declaration with respect to the phrase, "[a]gainst her will and the will of James Joyce, her mother, Nora, and her brother, Giorgio, committed Lucia to a mental hospital when she was 25…" on grounds that the affiant lacks personal knowledge to make such an assertion in violation of Rule 56(e) of the Federal Rules of Civil Procedure, Civil Local Rule 7-5(b) and Rule 602 of the Federal Rules of Evidence, and the statement is irrelevant (F.R.E. 401, 402, 403) and speculative. The event described in the phrase above took place around 1932. Shloss did not perceive this event, nor did she personally speak to James Joyce, Nora, Giorgio (George) or Lucia regarding this event. Shloss, a complete stranger to the persons mentioned, does not allege that she learned about the event from others who perceived the event or were themselves a part of the event. Shloss makes no mention of how she came to form this belief. Thus, this phrase is a legally unsupportable speculation, not the result of Shloss's personal knowledge, and it is therefore irrelevant. See *Block*, 253 F.3d at 418-419.

2. Defendants object to paragraph 7 of the Shloss Declaration with respect to the phrase, "[p]eople have destroyed documents about Lucia Joyce for over sixty years, apparently due in large part to the stigma that previous generations attached to young women who had suffered emotional trauma" because the affiant lacks personal knowledge to make this assertion in violation of Rule 56(e) of the Federal Rules of Civil Procedure, Civil Local Rule 7-5(b) and Rule 602 of the Federal Rules of Evidence, and this statement is irrelevant (F.R.E. 410, 402, 403) and speculative. Shloss could not possibly know other "people's" reasons and motives for destroying the documents in their possession. Shloss fails to offer any evidence demonstrating that this statement is based upon her own perceptions, and not merely based upon her speculation about the motives of others. Thus, this phrase is merely the result of Shloss's conjecture and speculation, and it is therefore irrelevant.

3. Defendants object to paragraph 7 of the Shloss Declaration with respect to the phrase, "[b]ecause James Joyce wrote about Lucia in various creative and imaginative ways in Finnegans Wake…" because the affiant lacks personal knowledge of this assertion in violation of Rule 56(e) of the Federal Rules of Civil Procedure, Civil Local Rule 7-5(b) and Rule 602 of the Federal Rules of Evidence, and this phrase is irrelevant (F.R.E. 410, 402, 403) and speculative. Shloss could not possibly know that James Joyce wrote about Lucia in *Finnegans Wake*. Shloss offers no evidence that James Joyce stated that he wrote about Lucia in *Finnegans Wake*. Thus, this phrase is merely a result of Shloss's speculation and is therefore irrelevant.

4. Defendants object to paragraph 29 of the Shloss Declaration with respect to the phrase "[a]mong other things, Mr. Joyce pointedly informed Mr. Glusman that he wished FSG to know that he had never lost a lawsuit. He also stated that he was sending FSG copies of all his correspondence with me" because the affiant lacks personal knowledge of this event in violation of Rule 56(e) of the Federal Rules of Civil Procedure, Civil Local Rule 7-5(b) and Rule 602 of the Federal Rules of Evidence. Shloss was not present for or a part of the conversation between Stephen James Joyce and Mr. Glusman. Shloss had no opportunity to perceive the statements attributed to Mr. Glusman and Mr. Joyce, and as such, the affiant lacks personal knowledge.

5. Defendants object to paragraph 45 of the Shloss Declaration with respect to the phrase, "[d]espite the valid fair use defense of my book as it was originally written…." No court has ruled that Shloss's fair use defense of her book is valid. Thus, this phrase contains a legal conclusion in violation of Rule 56(e) of the Federal Rules of Civil Procedure; see also *Fukuoka v. Morning Star Cruises, Inc.*, 2006 U.S. Dist. LEXIS 60666, at *20-24 (D. Haw. 2006) (refusing to admit statements contained in the declaration that amounted to legal conclusions).

6. Defendants object to paragraph 52 of the Shloss Declaration with respect to the phrase referring to James Joyce's 1922 edition of *Ulysses*, "this particular edition is in the public domain in the United States" on the ground that this phrase contains a legal conclusion. *Id*.

7. Defendants object to paragraph 52 of the Shloss Declaration with respect to the phrase "[b]ecause Milly was based in many ways on Joyce's daughter, Lucia…" on grounds that the affiant lacks personal knowledge to make this statement in violation of Rule 56(e) of the Federal Rules of Civil Procedure, Civil Local Rule 7-5(b) and Rule 602 of the Federal Rules of Evidence. This statement is also irrelevant (F.R.E. 410, 402, 403) and speculative. Shloss offers no evidence as to how she knows James Joyce based the character of Milly on Lucia. Shloss does not reference any statements by James Joyce that confirm that the character of Milly was based on his daughter Lucia Joyce. Thus, this statement is improperly based on Shloss's speculation regarding James Joyce's writings and not from her personal knowledge.

8. Defendants object to paragraph 55 of the Shloss Declaration with respect to the phrase "he decided he would attack me by threatening my employer, Stanford University, as well" because, aside from being blatantly false, the affiant lacks personal knowledge to make this statement in violation of Rule 56(e) of the Federal Rules of Civil Procedure, Civil Local Rule 7-5(b) and Rule 602 of the Federal Rules of Evidence. Shloss does not and could not know Stephen James Joyce's reasons or motives when he contacted Stanford University, and thus, could not know that "he decided" to attack her by "threatening her employer." Shloss offers no evidence as to how she formed this belief or any facts that support this statement apart from her own speculation. Thus, Shloss's statement is merely conjecture and speculation regarding Stephen James Joyce's motives and is therefore not based upon personal knowledge.

9. Defendants object to paragraph 65 of the Shloss Declaration with respect to the phrase "I was aware that Mr. Joyce and the Joyce Estate caused author Brenda Maddox to delete the epilogue from her book *Nora: The Real Life of Molly Bloom* (Houghton Mifflin, 1988), which discussed Lucia Joyce and her medical condition and institutionalization.  When Mr. Joyce and the Estate learned of that epilogue, they threatened to withdraw all permissions previously granted to Maddox to use any of James Joyce's or his wife Nora's materials.  Maddox eventually entered into an agreement the terms of which prevented Maddox and her descendants from ever publishing the epilogue.  Another contractual term barred Maddox from criticizing Stephen Joyce or the Estate…" on the grounds that the affiant lacks personal knowledge to make this statement in violation of Rule 56(e) of the Federal Rules of Civil Procedure, Civil Local Rule 7-5(b) and Rule 602 of the Federal Rules of Evidence, and the statements are speculative. Shloss was not party to any negotiations or contract between Stephen James Joyce, the Estate of James Joyce and Brenda Maddox.  In fact, Shloss offers no evidence supporting her assertions.  See *Block*, 253 F.3d at 418-419.

10. Defendants object to paragraph 7 of the Olson Declaration with respect to the phrase, "[i]t soon became apparent, however, that a mutually acceptable resolution of the dispute was not possible because the Estate continued to demand the removal of particular material to which it objected.  Some of the material to which the Estate objected appeared in the Website as it existed in 2005, and some of the material to which the Estate objected appeared in the portions added to the Website in the summer of 2006…" because the affiant impermissibly refers to statements made during settlement negotiations in violation of Rule 408 of the Federal Rules of Evidence.  Fed. R. Evid. 408 (stating "[e]vidence of conduct or statements made in compromise negotiations is [] not admissible"); see also Fed. R. Civ. P. 56 (e) (requiring affiants to set forth facts admissible in evidence).

11. Defendants object to Exhibit A to the Shloss Declaration because the documents are inadmissible hearsay (F.R.E. 802) to the extent that the statements in the documents are offered for the truth of the matters asserted therein.

12. Defendants object to Exhibit P to the Shloss Declaration because the documents are inadmissible hearsay (F.R.E. 802) to the extent that the statements in the documents are offered for the truth of the matters asserted therein.

13. Defendants object to Exhibit R to the Shloss Declaration because the documents are inadmissible hearsay (F.R.E. 802) to the extent that the statements in the documents are offered for the truth of the matters asserted therein.

14. Defendants object to Exhibit T to the Shloss Declaration because the documents are inadmissible hearsay (F.R.E. 802) to the extent that the statements in the documents are offered for the truth of the matters asserted therein.

15. Defendants object to Exhibit 2 to the Spoo Declaration because the documents are inadmissible hearsay (F.R.E. 802) to the extent that the statements in the documents are offered for the truth of the matters asserted therein.

16. Defendants object to Exhibit 3 to the Spoo Declaration because the documents are inadmissible hearsay (F.R.E. 802) to the extent that the statements in the documents are offered for the truth of the matters asserted therein.

17. Defendants object to Exhibit 4 to the Spoo Declaration because the documents are inadmissible hearsay (F.R.E. 802) to the extent that the statements in the documents are offered for the truth of the matters asserted therein.

18. Defendants object to Exhibit 5 to the Spoo Declaration because the documents are inadmissible hearsay (F.R.E. 802) to the extent that the statements in the documents are offered for the truth of the matters asserted therein.

| | | |
|---|---|---|
| 1 | Dated: January 23, 2007 | Respectfully submitted, |
| 2 | | JONES DAY |
| 3 | | By: _____/s/_____ |
| 4 | |     Maria K. Nelson |
| 5 | | Counsel for Defendants |
| 6 | | SEÁN SWEENEY AND THE ESTATE OF JAMES JOYCE |