```
 1  Lawrence Lessig
    Anthony T. Falzone (SBN 190845)
 2  David S. Olson (SBN 231675)
    STANFORD LAW SCHOOL CYBERLAW CLINIC
 3  CENTER FOR INTERNET AND SOCIETY
    559 Nathan Abbott Way
 4  Stanford, California 94305-8610
    Telephone: (650) 724-0517
 5  Facsimile: (650) 723-4426
    E-mail: falzone@stanford.edu
 6
    ADDITIONAL COUNSEL ON SEPARATE SHEET
 7
    Attorneys for Plaintiff
 8
    Maria K. Nelson (State Bar No. 155608)
 9  mknelson@jonesday.com
    Anna E. Raimer (State Bar No. 234794)
10  aeraimer@jonesday.com
    JONES DAY
11  555 South Flower Street, Fiftieth Floor
    Los Angeles, CA 90071-2300
12  Telephone:   (213) 489-3939
    Facsimile:   (213) 243-2539
13
    Attorneys for Defendants
14  SEAN SWEENEY, IN HIS CAPACITY AS TRUSTEE
    OF THE ESTATE OF JAMES JOYCE, AND THE
15  ESTATE OF JAMES JOYCE
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL LOEB SHLOSS,<br><br>       Plaintiff,<br><br>  v.<br><br>SEAN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE,<br><br>       Defendants. | Case No. C 06 3718 JW HRL<br><br>JOINT CASE MANAGEMENT STATEMENT AND FED. RULE CIV. P. 26(F) REPORT<br><br>Date: Jan. 31, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom, Hon. James Ware |

LAI-2843893v2

CMC Statement and Rule 26 Report
C 06 3718 JW HRL

Plaintiff Carol Loeb Shloss ("Shloss") and defendants Sean Sweeney and the Estate of James Joyce ("Estate") jointly submit this Case Management Statement and Proposed Order, and report to the Court after their meeting held pursuant to Fed. R. Civ. P. 26(f).

**DESCRIPTION OF THE CASE**

Shloss wrote a book about Lucia Joyce, including about her influence on her father James Joyce's work *Finnegans Wake* (the "Book"). Prior to the Book's publication, the Estate contacted both Shloss and her publisher, Farrar Straus & Giroux (the "Publisher"). The Book was published in December 2003 with the title *Lucia Joyce: To Dance in the Wake*. In or about March 2005, Shloss notified the Estate she intended to publish a website to supplement her book, and attached a copy of that proposed website for the Estate to evaluate (the "Website"). Shloss's lawyers and the Estate's lawyers engaged in correspondence about the Website in 2005. In June 2006, Shloss commenced an action before this Court, seeking a declaratory judgment and injunctive relief that publication of the Website would not infringe any copyright of the Estate's, that the 1922 Paris first edition of *Ulysses* is in the public domain in the United States, that publication of the Website would constitute fair use, and that the Estate was barred from enforcing its copyrights against Shloss because it had engaged in copyright misuse and unclean hands.

After the Complaint was filed, Shloss expanded the Website to add new materials. The new materials consist of new text from Shloss, as well as quotes from works by James Joyce and Lucia Joyce. The revised version of the Website is referred to as the 2006 Website. The materials added to the Website are referred to as the "Additional Materials." Shloss had not disclosed to the Estate the Additional Materials before she filed the Complaint, but did provide the Estate with a full copy of all Additional Materials in September 2006. Shloss filed an Amended Complaint on October 25, 2006, to cover the 2006 Website and the Additional Materials. The Estate covenanted not to sue Shloss as to the Website as it existed in 2005.

**FACTUAL ISSUES IN DISPUTE**

The parties differ as to whether Shloss had an objectively reasonable apprehension that the Estate intended to initiate litigation over the Website. The parties also differ as to whether the

Estate's covenant that it will not sue Shloss for copyright infringement based on the contents of the 2005 Website mooted the controversy.

Additionally, the parties do not agree as to whether James Joyce's 1922 Paris first edition of *Ulysses* is in the public domain in the United States.

**LEGAL ISSUES IN DISPUTE**

The parties differ as to the following:

a) Whether the Additional Materials Shloss intends to publish in her 2006 Website, if and when published, will infringe any copyrights owned or controlled by the Estate of James Joyce;

b) Whether Shloss's use of Defendants' copyrighted materials is protected by fair use;

c) Whether Shloss may raise the affirmative defenses of copyright misuse and unclean hands in her Amended Complaint and, if so, whether the Estate's alleged conduct thereby prevents the Estate from enforcing its copyright ownership against Shloss;

d) Whether the First, Third and Fourth causes of actions of Shloss's Amended Complaint should be stricken; and

e) Whether either party should be awarded attorney's fees and costs for the lawsuit.

**MOTION PRACTICE**

Pending before the Court is the Estate's Motion to Dismiss, or in the Alternative, to Strike Portions of, the Amended Complaint, as well as evidentiary objections to certain evidence submitted by Shloss in opposition thereto. Further, the Estate contends that the Estate itself is not a proper party to the action because it has no capacity to sue or be sued. The Estate also contends that the issues of copyright infringement or fair use of the Additional Materials, to the extent they need to be reached, can be substantially narrowed, if not resolved altogether, by motion practice.

**PARTIES**

All named defendants have been served with process and have appeared in this action.

Shloss contends that Stephen James Joyce may need to be joined in this dispute either individually or as a trustee of the Estate.

The Estate does not contemplate joinder of any additional parties.

**ALTERNATIVE DISPUTE RESOLUTION**

The parties have filed a Stipulation and Proposed Order Selecting Mediation. A mediator has been appointed by the Court, and mediation is scheduled for March 16, 2007.

**DISCLOSURES/DISCOVERY.**

See below.

**TRIAL SCHEDULE**

Shloss believes that a trial of 7 to 10 days will be appropriate.

The Estate believes that it is premature to anticipate a trial date or length of trial. The Estate believes that, if the case goes forward, the issues either will be resolved or will be substantially narrowed by motion practice.

## FED. RULE CIV. P. 26(F) REPORT

The parties have agreed upon the following.

**Fed. R. Civ. P. 26(f)(1)**: The parties have agreed to exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) thirty days after any final order on the Estate's Motion to Dismiss. The parties anticipate that their initial disclosures will comply with Fed. R. Civ. P. 26(a)(1) as written.

**Fed. R. Civ. P. 26(f)(2)**: Shloss contemplates that extensive discovery will be needed regarding the Estate's unclean hands and copyright misuse, possibly involving depositions of international witnesses.

The Estate contemplates that little discovery will be needed. Should the case go forward, the Estate believes that the case will center around whether Shloss' proposed use of the Additional Materials on the 2006 Website constitutes copyright infringement or fair use.

**Fed. R. Civ. P. 26(f)(3)**: Shloss anticipates that the number of depositions may need to be increased to approximately fifteen (15) for each side. The Estate does not contemplate that any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure should be made at this time.

The parties propose the following schedule:

| | |
|---|---|
| Fact discovery cut-off: | December 14, 2007 |
| Exchange of expert reports/disclosures: | January 31, 2008 |
| Exchange of rebuttal expert reports: | March 14, 2008 |
| Exchange of expert reply reports | March 28, 2008 |
| Expert deposition cutoff: | May 3, 2008 |
| Last day to file dispositive motions: | July 3, 2008 |
| Trial: | TBD |

**Fed. R. Civ. P. 26 (f)(4):** The Estate anticipates that entry of a Protective Order will be necessary.

Dated: January 24, 2007.                JONES DAY


By: _____/s/_____
       Maria K. Nelson

Attorney for Defendants
SEAN SWEENEY, IN HIS CAPACITY AS TRUSTEE OF THE ESTATE OF JAMES JOYCE, AND THE ESTATE OF JAMES JOYCE

Dated: January 24, 2007                STANFORD LAW SCHOOL CYBERLAW CLINIC CENTER FOR INTERNET AND SOCIETY


By _____/s/_____
       David S. Olson

Attorneys for Plaintiff
CAROL LOEB SHLOSS

1  COUNSEL FOR PLAINTIFF, CONTINUED

2

3  Mark A. Lemley (SBN 155830)
   Matthew M. Werdegar (SBN 200470)
   Dorothy McLaughlin (SBN 224018)
4  Benedict Y. Hur (SBN 229453)
   KEKER & VAN NEST LLP
5  710 Sansome Street
   San Francisco, CA 94111
6  Telephone: (415) 391-5400
   Facsimile:    (415) 397-7188
7  Email: mwerdegar@kvn.com

8  Bernard A. Burk (SBN 118083)
   Robert Spoo (admitted *pro hac vice*)
9  HOWARD RICE NEMEROVSKI CANADY
   FALK & RABKIN, P.C.
10 Three Embarcadero Center, 7th Floor
   San Francisco, CA 94111-4024
11 Telephone: (415) 434-1600
   Facsimile: (415) 217-5910
12 Email: bburk@howardrice.com

13 Counsel for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28