

1   LAWRENCE LESSIG
    ANTHONY T. FALZONE (SBN 190845)
2   anthony.falzone@stanford.edu
    DAVID S. OLSON (SBN 231675)
3   dolson@law.stanford.edu
    STANFORD LAW SCHOOL
4   CENTER FOR INTERNET AND SOCIETY
    559 Nathan Abbott Way
5   Stanford, California 94305-8610
    Telephone: (650) 724-0517
6   Facsimile:  (650) 723-4426

7   MARK A. LEMLEY (SBN 155830)
    mlemley@kvn.com
8   MATTHEW M. WERDEGAR (SBN 20047)
    mwerdegar@kvn.com
9   KEKER & VAN NEST LLP
    710 Sansome Street
10  San Francisco, California 94111
    Telephone: (415) 391-5400
11  Facsimile:  (415) 397-7188

12  BERNARD A. BURK (No. 118083)
    bburk@howardrice.com
13  ROBERT SPOO (admitted *pro hac vice*)
    rspoo@howardrice.com
14  HOWARD RICE NEMEROVSKI CANADY
          FALK & RABKIN
15  A Professional Corporation
    Three Embarcadero Center, 7th Floor
16  San Francisco, California  94111-4024
    Telephone:    (415) 434-1600
17  Facsimile:     (415) 217-5910

18  Attorneys for Plaintiff

19              UNITED STATES DISTRICT COURT

20     NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

21  CAROL LOEB SHLOSS,                    No.  C 06 3718 JW HRL

22              Plaintiff,                **PLAINTIFF'S OBJECTIONS AND
                                          REQUEST TO STRIKE PORTIONS OF
23       v.                               THE DECLARATION OF ANTIONETTE D.
                                          DOZIER AND THE DECLARATION OF
24  SEAN SWEENEY, in his capacity as trustee of   ANNA E. RAIMER**
    the Estate of James Joyce, and THE ESTATE
25  OF JAMES JOYCE

26              Defendants.

27

28
    PLAINTIFF'S OBJECTIONS AND REQUEST TO STRIKE PORTIONS OF THE DECLARATION OF ANTIONETTE D.
        DOZIER AND THE DECLARATION OF ANNA E. RAIMER - NO.  C 06 3718 JW HRL

Plaintiff Carol Loeb Shloss submits her Objections and Request to Strike portions of the Declaration of Antionette D. Dozier and the Declaration of Anna E. Raimer. Pursuant to Civil Local Rule 7-5(b), Rule 56(e) of the Federal Rules of Civil Procedure, and Rules 401, 402, 403, 602, 1002, and 1003 of the Federal Rules of Evidence, Plaintiff hereby objects to portions of the Declaration of Antionette D. Dozier ("Dozier Declaration") and objects to the entirety of the Declaration of Anna E. Raimer ("Raimer Declaration") for the following reasons:

Plaintiff objects to paragraphs 6 and 7 of the Dozier Declaration with respect to Dozier's inappropriate legal analysis and speculation regarding the Court's reasoning and ruling. These paragraphs are objectionable due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602, and is also argumentative in violation of F.R.C.P. 56(e).

Plaintiff objects to the entirety of the Raimer Declaration under the "Best Evidence Rule." F.R.E. 1002, 1003. To the extent that the writings presented in Exhibit B were relevant and important to these proceedings, there is no justification made for an exception to the Best Evidence Rule (requiring an "original writing" or a "duplicate") F.R.E. 1002, 1003. The Raimer Declaration is inadmissible because it purports to bring into evidence the actual writings, but instead refers to quotes used by Plaintiff as they compare to the originals—thereby entering into evidence only portions of the original writings selected by (and with handwriting interpreted by) Raimer and Raimer's summary. The declaration is an objectionable substitute for "original writings" or "duplicates" of the original writings. F.R.E. 1002, 1003.

Plaintiff also objects to the entirety of the Raimer Declaration pursuant to Civil Local Rule 7-5(b). As Defendants themselves note, Civil Local Rule 7-5(b) provides that "[a]n affidavit or declarations may contain only facts, must conform as much as possible to the requirements of [Federal Rule of Civil Procedure] 56(e), and must avoid conclusions and argument." Federal Rule of Civil Procedure 56(e) requires that the Raimer Declaration be made based on personal knowledge, set forth facts that would be admissible in evidence, and evidence counsel's competency to testify to the contents within. The Raimer Declaration is replete with conclusions, argument, and speculation regarding (among other things): other people's thoughts, Raimer's own opinion about

the need or usefulness of certain material in Plaintiff's book, Raimer's own opinion about the sufficiency of using portions of documents or summaries, Raimer's own opinion as to the character of material that was included or omitted, Raimer's own opinion regarding the relevance of materials, and Raimer's own opinion regarding the merits of literary and historical theories, descriptions, and conclusions made by Plaintiff in Plaintiff's writings.  In the Raimer Declaration, Raimer blurred her role with that of a witness, and acted as an advocate throughout the declaration.

Plaintiffs offer the following more specific objections applicable to individual portions of the Raimer Declaration (note that the Best Evidence Rule is not reasserted for each section due to its applicability to the entire Raimer Declaration):

1.  Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 1" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e) and irrelevant in violation of F.R.E. 401, 402, and/or 403.

2.  Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 2" and particularly objects to Raimer's statement, "These same lines…do not add anything further for the reader."  This statement is, inter alia, argumentative in violation of F.R.C.P. 56(e), irrelevant in violation of F.R.E. 401, 402, and/or 403, and objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b), and F.R.E. 602.

3.  Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 3" and particularly objects to Raimer's statement, "[t]here appears to be no purpose to including this quote…" and "…she was not inhibited…."  These statements are, inter alia, irrelevant in violation of F.R.E. 401, 402, and/or 403, argumentative in violation of F.R.C.P. 56(e), and objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b), and F.R.E. 602.

//
//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.  Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 4" and particularly objects to Raimer's statement, "Thus, any "threats" made ... could not have affected her decision."  This statement is, inter alia, argumentative in violation of F.R.C.P. 56(e) and objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b), and F.R.E. 602.

5.  Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 6" and particularly objects to Raimer's statement with respect to the first three of four sentences. These sentences are, inter alia, argumentative in violation of F.R.C.P. 56(e), objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602, and irrelevant in violation of F.R.E. 401, 402, and/or 403.

6.  Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 7" and particularly objects to Raimer's statement with respect to the allegation that the quote is redundant and that other statements "more specifically describe the family's financial status."  This allegation is, inter alia, argumentative in violation of F.R.C.P. 56(e), objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602, and irrelevant in violation of F.R.E. 401, 402, and/or 403.

7.  Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 8" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e), objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602,and irrelevant in violation of F.R.E. 401, 402, and/or 403.

8.  Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 9" and particularly objects to Raimer's statement for, inter alia, being argumentative in violation of F.R.C.P. 56(e), objectional due to opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602,  and irrelevant in violation of F.R.E. 401, 402, and/or 403.

9. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 10" and particularly objects to Raimer's statement for, inter alia, being argumentative in violation of F.R.C.P. 56(e), objectional due to opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602, and irrelevant in violation of F.R.E. 401, 402, and/or 403.

10. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 11" and particularly objects to Raimer's statement for, inter alia, being argumentative in violation of F.R.C.P. 56(e), and objectional due to opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602.

11. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 12" and particularly objects to Raimer's statement for, inter alia, being argumentative in violation of F.R.C.P. 56(e), objectional due to opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602, and irrelevant in violation of F.R.E. 401, 402, and/or 403.

12. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 13" and particularly objects to Raimer's statement for, inter alia, being argumentative in violation of F.R.C.P. 56(e), objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602, and irrelevant in violation of F.R.E. 401, 402, and/or 403.

13. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 14" and particularly objects to Raimer's statement for, inter alia, being argumentative in violation of F.R.C.P. 56(e), objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602, irrelevant in violation of F.R.E. 401, 402, and/or 403.

14. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 15" and particularly objects to Raimer's statement for, inter alia, being argumentative in violation of F.R.C.P. 56(e), objectional due to speculation (lack of personal knowledge) in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602, irrelevant in violation of F.R.E. 401, 402, and/or 403.

1   15. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 18" and

2       particularly objects to Raimer's statement for, inter alia, being argumentative in violation of

3       F.R.C.P. 56(e).

4   16. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 19" and

5       particularly objects to Raimer's statement, "Shloss would add this quote for the proposition

6       that the Joyces were 'baffled' to be invited to the wedding of Laurence Vail and Peggy

7       Guggenheim.   However, it does not make sense to cite this letter from January 1920

8       supposedly about Vail to support the proposition that Joyce did not know why he was

9       invited to a wedding that occurred in March 1922.  Even if Joyce did not know Vail in 1920,

10      he could still have become familiar with him and Ms. Guggenheim in the 2 years prior to

11      their wedding."   This statement is, inter alia, objectionable due to speculation (lack of

12      personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule

13      7-5(b) and F.R.E. 602, and is also argumentative in violation of F.R.C.P. 56(e), and

14      irrelevant in violation of F.R.E. 401, 402, and/or 403.

15  17. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 21" and

16      particularly objects to Raimer's statement, "The highlighted area simply makes Shloss's

17      point more succinctly."  This statement is, inter alia, argumentative in violation of F.R.C.P.

18      56(e), and objectional due to opinion testimony in violation of F.R.C.P. 56(e), Civil Local

19      Rule 7-5(b) and F.R.E. 602

20  18. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 22" and

21      particularly objects to Raimer's statement, "Once again, the inclusion of the entire allegedly

22      omitted quote is unnecessary and would add nothing further to Shloss's analysis…The

23      remainder of the quote that was not included is merely a description of a room and James

24      Joyce's appearance, which adds nothing to Shloss's description of Lucia going to dancing

25      classes -- the point of the paragraph."   This statement is, inter alia, argumentative in

26      violation of F.R.C.P. 56(e), objectional due to opinion testimony in violation of F.R.C.P.

27      56(e), Civil Local Rule 7-5(b) and F.R.E. 602, and irrelevant in violation of F.R.E. 401, 402,

28      and/or 403.

19. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 26" and particularly objects to Raimer's statement as, inter alia, a conclusion in violation of F.R.C.P. 56(e), argumentative in violation of F.R.C.P. 56(e), and objectional due to opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602.

20. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 27" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e), objectional due to opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602, and irrelevant in violation of F.R.E. 401, 402, and/or 403.

21. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 28" and particularly objects to Raimer's statement for being, inter alia, objectional due to speculation (lack of personal knowledge) in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b), and F.R.E. 602, a conclusion in violation of F.R.C.P. 56(e), and argumentative in violation of F.R.C.P. 56(e).

22. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 29" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e), and objectional due to opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602.

23. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 30" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e), and objectional due to opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602.

24. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 31" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e), and objectional due to opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602.

25. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 33" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e).

26. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 34" and particularly objects to Raimer's statement for being, inter alia, objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b), and F.R.E. 602, a conclusion in violation of F.R.C.P. 56(e), and argumentative in violation of F.R.C.P. 56(e).

27. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 35" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e).

28. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No.  37" and particularly objects to Raimer's statement for being, inter alia, objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b), and F.R.E. 602, and argumentative in violation of F.R.C.P. 56(e).

29. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 38" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e).

30. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 39" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e), and objectional due to opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b), and F.R.E. 602.

31. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 42" and particularly objects to Raimer's statement for being, inter alia, objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b), and F.R.E. 602, and argumentative in violation of F.R.C.P. 56(e).

32. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 44" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e).

33. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 47" and particularly objects to Raimer's statement for being, inter alia, objectional due to speculation

1   (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil

2   Local Rule 7-5(b), and F.R.E. 602, argumentative in violation of F.R.C.P. 56(e), and

3   irrelevant in violation of F.R.E. 401, 402, and/or 403.

4   34. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No.  48" and

5   particularly objects to Raimer's statement for being, inter alia, argumentative in violation of

6   F.R.C.P. 56(e).

7   35. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 50" and

8   particularly objects to Raimer's statement, "This quote is unnecessary…The deletion makes

9   the passage more fluid and the sentence read better."  This statement is, inter alia,

10  argumentative in violation of F.R.C.P. 56(e), and objectional due to opinion testimony in

11  violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b), and F.R.E. 602.

12  36. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 52" and

13  particularly objects to Raimer's statement for being, inter alia, objectional due to speculation

14  (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil

15  Local Rule 7-5(b), and F.R.E. 602 and argumentative in violation of F.R.C.P. 56(e).

16  37. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 53" and

17  particularly objects to Raimer's statement for being, inter alia, argumentative in violation of

18  F.R.C.P. 56(e), and objectional due to opinion testimony in violation of F.R.C.P. 56(e), Civil

19  Local Rule 7-5(b), and F.R.E. 602.

20  38. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 54" and

21  particularly objects to Raimer's statement for being, inter alia, objectional due to speculation

22  (lack of personal knowledge) in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b), and

23  F.R.E. 602 and argumentative in violation of F.R.C.P. 56(e).

24  39. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 55" and

25  particularly objects to Raimer's statement for being, inter alia, argumentative in violation of

26  F.R.C.P. 56(e).

27

28

40. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 56" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e) and objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602.

41. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 57" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e), and objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602.

42. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 59" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e), and objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602.

43. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 60" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e).

44. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 63" and particularly objects to Raimer's statement, "Though the citation is to Finnegans Wake, the passage must be Shloss's own speculations since Giorgio did not visit Ivy on Sundays in Finnegans Wake.  This omission of this quotation is therefore irrelevant."  This statement is, inter alia, argumentative in violation of F.R.C.P. 56(e), objectional due to speculation (lack of personal knowledge) and opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602, a conclusion in violation of F.R.C.P. 56(e), and irrelevant in violation of F.R.E. 401, 402, and/or 403.

45. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 64" and particularly objects to Raimer's statement for being, inter alia, argumentative in violation of F.R.C.P. 56(e), and objectional due to opinion testimony in violation of F.R.C.P. 56(e), Civil Local Rule 7-5(b) and F.R.E. 602.

1    46. Plaintiff objects to the portion of Raimer's Declaration relating to "Quote No. 67" and

2         particularly objects to Raimer's statement for being, inter alia, argumentative in violation of

3         F.R.C.P. 56(e), and objectional due to opinion testimony in violation of F.R.C.P. 56(e), Civil

4         Local Rule 7-5(b) and F.R.E. 602.

5

6    DATED:  January 29, 2007

7                                                    STANFORD LAW SCHOOL
                                                CENTER FOR INTERNET AND SOCIETY
8

9                                           By: _____/S/_____
                                                        Anthony T. Falzone
10                                                     Attorneys for Plaintiff
                                                      CAROL LOEB SHLOSS
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28