```
 1  KEKER & VAN NEST, LLP
    MARK A. LEMLEY - #155830
 2  MATTHEW M. WERDEGAR - #200470
    DOROTHY R. McLAUGHLIN - #229453
 3  BENEDICT Y. HUR - #224018
    710 Sansome Street
 4  San Francisco, CA  94111-1704
    Telephone:  (415) 391-5400
 5  Facsimile:  (415) 397-7188
 6  [Additional Counsel listed on signature page]
 7  Attorneys for Plaintiff
    CAROL LOEB SCHLOSS
 8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROL LOEB SCHLOSS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SEÁN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE,<br><br>　　　　　　　Defendant.<br><br>and<br><br>CAROL LOEB SCHLOSS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>STEPHEN JAMES JOYCE, in his individual capacity and in his capacity as a Trustee of The Estate of James Joyce,<br><br>　　　　　　　Defendant. | Case No. CV 06-3718 (JW) (HRL)<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:  The Honorable James Ware<br><br>Date Comp. Filed: January 25, 2007 |

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiff Professor Carol Loeb Shloss ("Shloss"), by and through her attorneys, files this administrative motion to consider whether the above-captioned cases should be related.

On June 12, 2006, Plaintiff filed the first of the above-captioned suits against Defendants the Estate of James Joyce (the "Estate"), and Sean Sweeny, in his capacity as trustee of the Estate. Plaintiff's complaint seeks a declaratory judgment that her use on her academic website of certain quotes from the writings of James Joyce and other Joyce family members, to which the Estate purports to own copyrights, is permissible fair use. Plaintiff's complaint also requests that the Court declare that the 1922 Paris edition of <u>Ulysses</u> is in the public domain, and that Defendants should be barred from enforcing their copyrights against Plaintiff due to their acts of copyright misuse and unclean hands.

In their November 17, 2006 motion to dismiss, which was denied on February 9, 2006, Defendants asserted that Stephen James Joyce is the sole owner of the copyrights in the works of James Joyce's daughter, Lucia Joyce. *See* November 17, 2006 Motion to Dismiss, at 5 [Docket No. 21] and Declaration of Sean Sweeney in Support of Defendants' Motion to Dismiss, ¶ 3 [Docket No. 23] (setting forth, without more, Sweeney's "understanding" that Stephen Joyce owns the copyrights to Lucia Joyce's writings). Plaintiff's website contains a number of quotes from Lucia Joyce's writings.

Accordingly, on January 25, 2007, Plaintiff filed the second of the above-captioned suits against Defendant Stephen James Joyce. Plaintiff's suit against Stephen Joyce seeks a declaratory judgment that her use on her academic website of certain quotes from the writings of Lucia Joyce, to which Stephen Joyce claims to own the copyright, is permissible fair use. Plaintiff's complaint against Stephen Joyce also requests that the Court declare that the 1922 Paris edition of <u>Ulysses</u> is in the public domain, and that Defendant should be barred from enforcing his copyrights against Plaintiff due to his acts of copyright misuse and unclean hands.

Stephen Joyce is not a named party in the first-captioned case above, but he is an agent and trustee of one of the parties, the Estate of James Joyce. Assuming that it is true that Stephen Joyce owns 100% of the rights in Lucia Joyce's copyrights, those copyrights will only be at issue

1  in the second of the above-captioned suits.

2  Nevertheless, because Plaintiff's website uses both writings from James Joyce and from Lucia Joyce; because Defendant Stephen James Joyce is also a trustee of the Estate of James Joyce, and has, at times relevant to the above cases, acted on behalf of both the Estate and himself in asserting rights in the copyrights of James and Lucia Joyce; and therefore, because there is likely to be overlapping discovery and other issues between the two cases, the requirements of Civil Local Rule 3-12(a) seem to be met such that the two cases should be related.

On January 29, 2007 counsel for Plaintiff sent a courtesy copy of the Complaint in the second-filed case to Maria Nelson, counsel for defendants in the first-filed case. Plaintiff's counsel asked whether Stephen Joyce, who, upon information and belief, has been active in directing the litigation in the first-filed case, would consent to waive service of the Complaint in the second-filed case. Ms. Nelson stated that she would take the request under consideration. To date Ms. Nelson has not agreed to waive or accept service on behalf of Stephen Joyce. Accordingly, the Court should know that Mr. Joyce has not yet been served.

| | |
|---|---|
| Dated: February 14, 2007 | KEKER & VAN NEST, LLP |
| | |
| | By: /s/ DOROTHY R. McLAUGHLIN |
| | MARK A. LEMLEY |
| | MATTHEW M. WERDEGAR |
| | DOROTHY R. McLAUGHLIN |
| | BENEDICT Y. HUR |
| | |
| | Lawrence Lessig |
| | Anthony T. Falzone (SBN 190845) |
| | David S. Olson (SBN 231675) |
| | STANFORD LAW SCHOOL CENTER |
| | FOR INTERNET AND SOCIETY |
| | 595 Nathan Abbott Way |
| | Stanford, California 94305-8610 |
| | Telephone: (650) 724-0517 |
| | Facsimile: (650) 723-4426 |
| | E-mail: falzone@stanford.edu |
| | |
| | Bernard A. Burk (SBN 118083) |
| | Robert Spoo (*pro hac vice*) |
| | HOWARD RICE NEMEROVSKI |
| | CANADY FALK & RABKIN, P.C. |
| | Three Embarcadero Center, 7th Floor |
| | San Francisco, California 94111-4024 |
| | Telephone: (415) 434-1600 |
| | Facsimile: (415) 217-5910 |
| | Email: bburk@howardrice.com |
| | |
| | Attorneys for Plaintiff |
| | CAROL LOEB SCHLOSS |