KEKER & VAN NEST, LLP
MARK A. LEMLEY - #155830
MATTHEW M. WERDEGAR - #200470
DOROTHY R. McLAUGHLIN - #229453
BENEDICT Y. HUR - #224018
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

[Additional Counsel listed on signature page]

Attorneys for Plaintiff
CAROL LOEB SHLOSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROL LOEB SHLOSS,<br><br>        Plaintiff,<br><br> v.<br><br>SEÁN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE,<br><br>        Defendants. | Case No. CV 06-3718 (JW) (HRL)<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: The Honorable James Ware<br><br>Date Comp. Filed: June 12, 2006 |
| CAROL LOEB SHLOSS,<br><br>        Plaintiff,<br><br> v.<br><br>STEPHEN JAMES JOYCE, in his individual capacity and in his capacity as a Trustee of The Estate of James Joyce,<br><br>        Defendant. | Case No. C 07-00517 (MEJ)<br><br>Judge: The Honorable Magistrate Judge Maria Elena James<br><br>Date Comp. Filed: January 25, 2007 |

1    Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiff Professor Carol Loeb Shloss
2 ("Shloss"), by and through her attorneys, files this administrative motion to consider whether the
3 above-captioned cases should be related.
4    On June 12, 2006, Plaintiff filed the first of the above-captioned suits against Defendants
5 the Estate of James Joyce (the "Estate"), and Sean Sweeny, in his capacity as trustee of the
6 Estate.  Plaintiff's complaint seeks a declaratory judgment that her use on her academic website
7 of certain quotes from the writings of James Joyce and other Joyce family members, to which the
8 Estate purports to own copyrights, is permissible fair use.  Plaintiff's complaint also requests that
9 the Court declare that the 1922 Paris edition of Ulysses is in the public domain, and that
10 Defendants should be barred from enforcing their copyrights against Plaintiff due to their acts of
11 copyright misuse and unclean hands.
12    In their November 17, 2006 motion to dismiss, which was denied on February 9, 2006,
13 Defendants asserted that Stephen James Joyce is the sole owner of the copyrights in the works of
14 James Joyce's daughter, Lucia Joyce. *See* November 17, 2006 Motion to Dismiss, at 5 [Docket
15 No. 21] and Declaration of Sean Sweeney in Support of Defendants' Motion to Dismiss, ¶ 3
16 [Docket No. 23] (setting forth, without more, Sweeney's "understanding" that Stephen Joyce
17 owns the copyrights to Lucia Joyce's writings).  Plaintiff's website contains a number of quotes
18 from Lucia Joyce's writings.
19    Accordingly, on January 25, 2007, Plaintiff filed the second of the above-captioned suits
20 against Defendant Stephen James Joyce.  Plaintiff's suit against Stephen Joyce seeks a
21 declaratory judgment that her use on her academic website of certain quotes from the writings of
22 Lucia Joyce, to which Stephen Joyce claims to own the copyright, is permissible fair use.
23 Plaintiff's complaint against Stephen Joyce also requests that the Court declare that the 1922
24 Paris edition of Ulysses is in the public domain, and that Defendant should be barred from
25 enforcing his copyrights against Plaintiff due to his acts of copyright misuse and unclean hands.
26    Stephen Joyce is not a named party in the first-captioned case above, but he is an agent
27 and trustee of one of the parties, the Estate of James Joyce.  Assuming that it is true that Stephen
28 Joyce owns 100% of the rights in Lucia Joyce's copyrights, those copyrights will only be at issue

in the second of the above-captioned suits.

Nevertheless, because Plaintiff's website uses both writings from James Joyce and from Lucia Joyce; because Defendant Stephen James Joyce is also a trustee of the Estate of James Joyce, and has, at times relevant to the above cases, acted on behalf of both the Estate and himself in asserting rights in the copyrights of James and Lucia Joyce; and therefore, because there is likely to be overlapping discovery and other issues between the two cases, the requirements of Civil Local Rule 3-12(a) seem to be met such that the two cases should be related.

On January 29, 2007 counsel for Plaintiff sent a courtesy copy of the Complaint in the second-filed case to Maria Nelson, counsel for defendants in the first-filed case. Plaintiff's counsel asked whether Stephen Joyce, who, upon information and belief, has been active in directing the litigation in the first-filed case, would consent to waive service of the Complaint in the second-filed case. Ms. Nelson stated that she would take the request under consideration. On February 15, 2007, Nelson declined to accept service on Stephen Joyce's behalf. Because Shloss's counsel were waiting for a definitive answer on this point, Mr. Joyce has not yet been served.

Dated: February 15, 2007    KEKER & VAN NEST, LLP

By: /s/ DOROTHY R. MCLAUGHLIN
MARK A. LEMLEY
MATTHEW M. WERDEGAR
DOROTHY R. McLAUGHLIN
BENEDICT Y. HUR

Lawrence Lessig
Anthony T. Falzone (SBN 190845)
David S. Olson (SBN 231675)
STANFORD LAW SCHOOL CENTER
FOR INTERNET AND SOCIETY
595 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 724-0517
Facsimile: (650) 723-4426
E-mail: falzone@stanford.edu

2
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NOS. CV 06-3718 (JW) (HRL) and C 07-00517 (MEJ)

390133.01

1

2  Bernard A. Burk (SBN 118083)
3  Robert Spoo (*pro hac vice*)
   HOWARD RICE NEMEROVSKI
   CANADY FALK & RABKIN, P.C.
4  Three Embarcadero Center, 7th Floor
   San Francisco, California 94111-4024
5  Telephone: (415) 434-1600
   Facsimile: (415) 217-5910
6  Email: bburk@howardrice.com

7  Attorneys for Plaintiff
   CAROL LOEB SHLOSS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

390133.01

3
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NOS. CV 06-3718 (JW) (HRL) and C 07-00517 (MEJ)