1  Maria K. Nelson (State Bar No. 155,608)
   mknelson@jonesday.com
2  Anna E. Raimer (State Bar No. 234,794)
   aeraimer@jonesday.com
3  JONES DAY
   555 South Flower Street
4  Fiftieth Floor
   Los Angeles, CA  90071-2300
5  Telephone:  (213) 489-3939
   Facsimile:   (213) 243-2539
6
   Attorneys for Defendants
7  SEÁN SWEENEY AND THE ESTATE OF
   JAMES JOYCE
8

9              UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12 | **CAROL LOEB SHLOSS,**          | Case No. CV 06-3718 JW HRLx
13 |        Plaintiff,                | **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**
14 |   v.                             |
15 | **SEÁN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE,** |
16 |                                  |
17 |        Defendants.               |

LAI-2850198v1

      Defendants Seán Sweeney, in his capacity as trustee of the Estate of James Joyce, and The Estate of James Joyce ("Defendants") for their Answer to the Amended Complaint ("Complaint") of plaintiff Carol Loeb Shloss ("Shloss"), hereby admit, deny and allege as follows:

1. Defendants deny the allegations of paragraph 1 of the Complaint, except Defendants admit that Shloss purports to bring a declaratory judgment action.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3. Defendants deny the allegations in paragraph 3 of the Complaint.

4. Defendants admit that Shloss purports to bring a declaratory judgment action and that Shloss purports to have prepared a website following the publication of her book. Defendants deny the remaining allegations of paragraph 4 of the Complaint.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore deny same.

6. Defendants admit that Shloss has written a book entitled *Lucia Joyce: To Dance in the Wake* about Lucia Joyce, but are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and therefore deny same.

7. Defendants aver that the Estate is organized under the laws of England and Wales, and further aver that the Trustees of the Estate are the sole legal owners of the copyrights in all of the works of James Joyce. Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendants deny Sweeney is the sole Trustee of the Estate of James Joyce or that Sweeney resides in the State of New York. Defendants admit the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendants aver that paragraph 9 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants admit that they receive income from the licensing of rights to James Joyce's works in the United States. Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendants admit they have licensed rights to James Joyce's works in the United States, and that some licenses were granted to entities located or doing business in California. Defendants further admit that numerous copies of the various works of James Joyce have been sold, and that some of those sales have occurred in California. Defendants deny the remaining allegations of Paragraph 11 of the Complaint.

12. Defendants admit that the Estate, through one of its members, responded to a request by Jane Ford in California regarding one or more of the works of James Joyce. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore deny same.

13. Defendants admit that counsel for the Estate wrote to Paul Saint Amour on June 9, 2005, and that the letter was addressed to him at Pomona College, Department of English, Claremont, California. Defendants further admit that a copy of the letter was sent to Shloss at Stanford University. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and therefore deny same.

14. Defendants admit that much of the language quoted in paragraph 14 appears in the June 9, 2005 letter but notes that the quote is incomplete. Defendants deny the remaining allegations contained in paragraph 14 of the Complaint.

15. Defendants admit that Stephen Joyce wrote to Shloss on August 8, 2002. Defendants deny the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendants admit that its counsel wrote to Shloss's counsel concerning the proposed Website and Electronic Supplement. Defendants further admit that Stephen Joyce wrote to the Provost of Stanford University. Defendants deny the remaining allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants aver that the allegations contained in paragraph 18 of the Complaint state a legal conclusion that requires no response by Defendants. To the extent a response may be required, Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in paragraph 21 of the Complaint.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22, including what Lucia Joyce's main interest may have been during her teens and twenties, and therefore deny same.

23. Defendants admit the allegations contained in paragraph 23 of the Complaint.

24. Defendants admit that Lucia Joyce was committed to a mental hospital when she was 25, which began a series of confinements in psychiatric institutions

1  that lasted until her death. Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendants admit that Lucia Joyce created a will, and that she appointed Frederic Lionel Monro and Jane Hester Lidderdale to act as trustees and executors of the trust created by her will. Defendants further admit that Lucia Joyce's brother, Giorgio Joyce, and her relative, Nelly Joyce, were named as beneficiaries. Except as otherwise admitted, Defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26. Pursuant to the Court's Order of February 9, 2007, Defendants need not answer paragraph 26 of the Complaint, which has been stricken.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and therefore deny same.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and therefore deny same.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and therefore deny same.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and therefore deny same.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and therefore deny same.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and therefore deny same.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and therefore deny same.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint and therefore deny same.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint and therefore deny same.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint and therefore deny same.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint and therefore deny same.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint and therefore deny same.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint and therefore deny same.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint and therefore deny same.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint and therefore deny same.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint and therefore deny same.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint and therefore deny same.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint and therefore deny same.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint and therefore deny same.

47. Defendants admit that they opposed Shloss's work on Lucia Joyce. Defendants deny the remaining allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny that Stephen Joyce was not legally entitled to prevent Shloss from making use of Lucia Joyce's writings. Defendants admit the remaining allegations in paragraph 49 of the Complaint.

50. Defendants deny that Stephen Joyce "set forth a catalog of complaints about Joyceans" in an April 19, 1996 letter. Defendants admit the remaining allegations in paragraph 50 of the Complaint.

51. Defendants admit that Stephen Joyce granted Shloss permission to use James Joyce's published poem *A Flower Given to My Daughter* for the standard fee and that such permission was later rescinded. Defendants also admit that Stephen Joyce alleged that Shloss improperly directed communications to Estate Trustee Seán Sweeney and former Estate lawyer David Munro. Defendant deny the remaining allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants admit that Stephen Joyce wrote to Shloss in August 2002. Defendants deny the remaining allegations in paragraph 53 of the Complaint.

54. Defendants admit that Stephen Joyce called an individual at Farrar, Straus & Giroux on or about November 4, 2002. Defendants deny the remaining allegations in paragraph 54 of the Complaint.

55. Defendants admit that Stephen Joyce sent a letter to Jonathan Galassi, President of Publisher Farrar, Straus & Giroux on November 4, 2002. Defendants deny the remaining allegations contained in paragraph 55 of the Complaint.

56. Defendants admit that Stephen Joyce wrote to Mr. Galassi on November 5, 2002; informed Mr. Galassi that, since March 31, 2002, he is the sole beneficiary owner of all of James Joyce's rights; and that he manages the Estate jointly with Seán Sweeney. Mr. Joyce further informed Mr. Galassi that he is the sole owner of the rights to Lucia Joyce's works. Defendants deny the remaining allegations contained in paragraph 56 of the Complaint.

57. Defendants admit the allegations contained in paragraph 57 of the Complaint.

58. Defendants admit that Stephen Joyce wrote to Leon Friedman on November 21, 2002. Defendants further admit that much of the language quoted appears in the November 21, 2002 letter but notes that those quotes contain inaccuracies. Defendants deny the remaining allegations contained in paragraph 58 of the Complaint.

59. Defendants admit that Stephen Joyce wrote to Leon Friedman on November 21, 2002. Defendants further admit that much of the language quoted appears in the November 21, 2002 letter but notes that those quotes contain inaccuracies. Defendants deny the remaining allegations contained in paragraph 59 of the Complaint.

60. Defendants admit that Stephen Joyce wrote to Leon Friedman on December 31, 2002. Defendants further admit that the language quoted appears in the December 31, 2002 letter but notes that this quote contains an inaccuracy. Defendants deny the remaining allegations contained in paragraph 60 of the Complaint.

61. Defendants admit the allegations contained in paragraph 61 of the Complaint.

62. Defendants admit that they are concerned with protecting the Joyce family privacy. Defendants deny the remaining allegations in paragraph 62 of the Complaint.

63. Defendants admit that Friedman sent a final letter to Stephen Joyce on January 2, 2003. Defendants deny the remaining allegations contained in paragraph 63 of the Complaint.

64. Defendants deny a valid fair use defense exists as to Shloss's Book as written. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 64 of the Complaint and therefore deny same.

65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint and therefore deny same.

66. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint and therefore deny same.

67. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint and therefore deny same.

68. Defendants admit the allegations contained in paragraph 68 of the Complaint.

69.    Defendants admit the allegations contained in paragraph 69 of the Complaint.

70.    Defendants admit the allegations contained in paragraph 70 of the Complaint.

71.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint and therefore deny same.

72.    Defendants admit that the quotations in Shloss's Electronic Supplement include quotations from James Joyce's published works, manuscript versions of Joyce's published works, and published and unpublished letters to, from or about Joyce or Joyce's family. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 72 of the Complaint and therefore deny same.

73.    Defendants admit Richard Ellmann's biography of James Joyce used epigraphs drawn from Joyce's works. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 73 of the Complaint and therefore deny same.

74.    Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.    Defendants deny the 1922 first edition of *Ulysses* is in the public domain in the United States. Defendants admit the remaining allegations contained in paragraph 75 of the Complaint.

76.    Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.    Defendants admit that some quotations on the Electronic Supplement are taken from Lucia Joyce's own writings. Defendants deny the remaining allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants admit that on March 9, 2005, Shloss' counsel sent a letter to Stephen Joyce notifying Mr. Joyce of Shloss' intention to publish an Internet web page. Defendants deny the remaining allegations contained in paragraph 79 of the Complaint, and specifically deny that the correspondence explained the Website would be restricted to U.S. access.

80. Defendants admit their counsel responded on April 8, 2005, and informed counsel for Shloss that "the Estate is the owner of the copyright, moral rights and all related rights in the writings of both James Joyce and Lucia Joyce." Defendants further admit that the letter concluded by requesting that Shloss "respect the Joyce family's and the Estate's legal rights and wishes in this matter." Defendants deny the remaining allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants admit that the Estate's counsel wrote to Shloss' counsel on May 13, 2005; commented that Ms. Shloss had never sought a copyright license from the trustees of the Estate; and expressed Mr. and Mrs. Joyce's belief that "the proposed publication on the Internet to be an unwarranted infringement of the Estate's copyright and request again in the strongest terms that their legal rights on this issue be respected." Defendants deny the remaining allegations contained in paragraph 82 of the Complaint.

83. Defendants admit the allegations contained in paragraph 83 of the Complaint.

84. Defendants admit the allegations contained in paragraph 84 of the Complaint.

85. Defendants admit that they brought suit against Cork University Press regarding *Irish Writing in the Twentieth Century: A Reader*, edited by David Pierce; against Irish Distillers plc and *The Irish Times Limited* regarding a staging of broadcasts over the Internet of readings from *Ulysses*; against Danis Rose and Macmillan Publishers Ltd. regarding the Reader's Edition of *Ulysses*; against Provins Valais for "cuvee James Joyce" wines; and against the publisher, Robert Fredericks Ltd, over their publication of "*The Works of James Joyce in ten volumes.*" Defendants deny the remaining allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the first sentence of paragraph 86 of the Complaint. Defendants admit that they opposed the performance called "Molly Bloom, A Musical Dream." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 86 of the Complaint and therefore deny same.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants admit the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants admit that they have refused to grant permission to publish copyrighted material that reveals details about the private life of Lucia Joyce. Defendants deny the remaining allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants admit that Stephen Joyce publicly announced that he had destroyed his letters from Lucia Joyce and correspondence to Lucia Joyce from

1  Samuel Beckett. Defendants deny the remaining allegations contained in paragraph 92 of the Complaint.

2  93.  Defendants deny the allegations contained in paragraph 93 of the Complaint.

3  94.  Defendants admit that Brenda Maddox's book *Nora: The Real Life of Molly Bloom* (Houghton Mifflin, 1988) was published without an epilogue. Defendants further admit that they entered into a confidential agreement with Brenda Maddox. Defendants deny the remaining allegations contained in paragraph 94 of the Complaint.

4  95.  Defendants deny the allegations contained in paragraph 95 of the Complaint.

5  96.  Defendants deny the allegations contained in paragraph 96 of the Complaint.

6  97.  Defendants admit that Michael Groden is a Joyce scholar who worked at the University of Western Ontario, and that Mr. Groden received limited permission to use certain episodes of *Ulysses* for a prototype of a hypermedia project. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 97 of the Complaint and therefore deny same.

7  98.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint.

8  99.  Defendants admit that they informed Professor Groden that a permission fee would be required for extensive use of copyrighted material. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 of the Complaint and therefore deny same.

9  100.  Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.  Defendants admit that they were aware that Professor Groden was involved in the National Library of Ireland's purchase in May 2002 of certain James Joyce manuscripts, but specifically deny that they knew the details of his involvement. Defendants further admit that Stephen Joyce questioned the sellers' legal title to the papers and that the Estate did not litigate the issue. Defendants further admit that they were unaware of the details of the purchase before it was publically announced. Defendants deny the remaining allegations contained in Paragraph 101 of the Complaint.

102.  Defendants admit that Stephen Joyce contacted Professor Groden regarding the National Library of Ireland's purchase of James Joyce papers. Defendants deny the remaining allegations contained in Paragraph 102 of the Complaint.

103.  Defendants admit that Stephen Joyce wrote a letter to Professor Groden in January 2003 and that the language quoted is accurate. Defendants further admit that permission to reproduce, reprint or publish "Darantiere Placards" was refused. Defendants deny the remaining allegations contained in Paragraph 103 of the Complaint.

104.  Defendants deny the allegations contained in paragraph 104 of the Complaint.

105.  Defendants admit that they have asserted that the 1922 Paris first edition of *Ulysses* is protected by copyright in the United States. Defendants deny the remaining allegations contained in paragraph 105 of the Complaint.

106.  In answer to paragraph 106 of the Complaint, Defendants deny each and every allegation incorporated by reference therein, except those allegations specifically admitted in paragraphs 1-105 of this Answer.

107.  Defendants admit that material in the Electronic Supplement infringes copyrights held by the Estate. Defendants deny the remaining allegations contained in paragraph 107 of the Complaint.

1    108. Defendants deny the allegations contained in paragraph 108 of the Complaint.

2    109. Defendants deny the allegations contained in paragraph 109 of the Complaint.

3    110. Defendants deny the allegations contained in paragraph 110 of the Complaint.

4    111. Defendants deny the allegations contained in paragraph 111 of the Complaint.

5    112. In answer to paragraph 112 of the Complaint, Defendants deny each and every allegation incorporated by reference therein, except those allegations specifically admitted in paragraphs 1-111 of this Answer.

6    113. Defendants deny the allegations contained in paragraph 113 of the Complaint.

7    114. Defendants deny the allegations contained in paragraph 114 of the Complaint.

8    115. Defendants deny the allegations contained in paragraph 115 of the Complaint.

9    116. Defendants admit the allegations contained in paragraph 116 of the Complaint.

10   117. Defendants deny the allegations contained in paragraph 117 of the Complaint.

11   118. Defendants deny the allegations contained in paragraph 118 of the Complaint.

12   119. Defendants deny the allegations contained in paragraph 119 of the Complaint.

13   120. Defendants deny the allegations contained in paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in paragraph 121 of the Complaint.

122. Defendants deny the allegations contained in paragraph 122 of the Complaint.

123. In answer to paragraph 123 of the Complaint, Defendants deny each and every allegation incorporated by reference therein, except those allegations specifically admitted in paragraphs 1-122 of this Answer.

124. Defendants deny the allegations contained in paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in paragraph 127 of the Complaint.

128. Defendants deny the allegations contained in paragraph 128 of the Complaint.

129. Defendants deny the allegations contained in paragraph 129 of the Complaint.

130. Defendants deny the allegations contained in paragraph 130 of the Complaint.

131. Defendants deny the allegations contained in the first sentence of paragraph 131 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 131 of the Complaint and therefore deny same.

132. Defendants deny the allegations contained in paragraph 132 of the Complaint.

133. Defendants deny the allegations contained in paragraph 133 of the Complaint.

134. Defendants deny the allegations contained in paragraph 134 of the Complaint.

135. Defendants deny the allegations contained in paragraph 135 of the Complaint.

136. Defendants deny the allegations contained in paragraph 136 of the Complaint.

137. In answer to paragraph 137 of the Complaint, Defendants deny each and every allegation incorporated by reference therein, except those allegations specifically admitted in paragraphs 1-136 of this Answer.

138. Defendants deny the allegations contained in paragraph 138 of the Complaint.

139. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the Complaint and therefore deny same.

140. Defendants deny the allegations contained in paragraph 140 of the Complaint.

141. Defendants deny the allegations contained in paragraph 141 of the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Defendants plead the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Shloss, by her Complaint, has failed to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

2. This Court lacks jurisdiction over the subject matter of the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

3. This Court lacks personal jurisdiction over Seán Sweeney and the Estate of James Joyce.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4. Shloss's claims for declaratory judgment are barred by the doctrine of laches in that Shloss unreasonably delayed in filing the present declaratory judgment suit and that delay has caused prejudice to Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. Shloss comes to this Court with unclean hands and is precluded in law and in equity from asserting any of the claims purported to be set forth in the Complaint. Defendants are accordingly entitled to their attorneys' fees and costs.

**WHEREFORE**, Defendants pray that judgment be entered dismissing the Complaint and that this court grant Defendants their costs and disbursements and such other relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Seán Sweeney, in his capacity as trustee of The Estate of James Joyce, demands a trial by jury on all issues triable of right by a jury.

Dated: February 26, 2007

Respectfully submitted,

Jones Day

By: /s/
Maria K. Nelson

Counsel for Defendants
SEAN SWEENEY AND THE
ESTATE OF JAMES JOYCE