Lawrence Lessig
Anthony T. Falzone (SBN 190845)
David S. Olson (SBN 231675)
STANFORD LAW SCHOOL CYBERLAW CLINIC
CENTER FOR INTERNET AND SOCIETY
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 724-0517
Facsimile: (650) 723-4426
E-mail: falzone@stanford.edu

ADDITIONAL COUNSEL ON SEPARATE SHEET

Attorneys for Plaintiff

Maria K. Nelson (State Bar No. 155608)
mknelson@jonesday.com
Anna E. Raimer (State Bar No. 234794)
aeraimer@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendants
SEAN SWEENEY, IN HIS CAPACITY AS
TRUSTEE OF THE ESTATE OF JAMES
JOYCE, AND THE ESTATE OF JAMES
JOYCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CAROL LOEB SHLOSS,** <br><br> **Plaintiff,** <br><br> v. <br><br> **SEAN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE,** <br><br> **Defendants.** | Case No. C 06 3718 JW HRL <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: February 12, 2007 <br> Time: 10:00 a.m. <br> Place: Courtroom, Hon. James Ware |

LAI-2851849v1

Second CMC Statement
C 06 3718 JW HRL

Plaintiff Carol Loeb Shloss ("Shloss") and defendants Sean Sweeney and the Estate of James Joyce ("Estate") jointly submit this Case Management Statement and Proposed Order.

**DESCRIPTION OF THE CASE**

Shloss wrote a book about Lucia Joyce, including about her influence on her father James Joyce's work *Finnegans Wake* (the "Book"). Prior to the Book's publication, the Estate contacted both Shloss and her publisher, Farrar Straus & Giroux (the "Publisher"). The Book was published in December 2003 with the title *Lucia Joyce: To Dance in the Wake*. In or about March 2005, Shloss notified the Estate she intended to publish a website to supplement her book, and attached a copy of that proposed website for the Estate to evaluate (the "Website"). Shloss's lawyers and the Estate's lawyers engaged in correspondence about the Website in 2005. In June 2006, Shloss commenced an action before this Court, seeking a declaratory judgment and injunctive relief that publication of the Website would not infringe any copyright of the Estate's, that the 1922 Paris first edition of *Ulysses* is in the public domain in the United States, that publication of the Website would constitute fair use, and that the Estate was barred from enforcing its copyrights against Shloss because it had engaged in copyright misuse and unclean hands.

After the Complaint was filed, Shloss expanded the Website to add new materials. The new materials consist of new text from Shloss, as well as quotes from works by James Joyce and Lucia Joyce. The revised version of the Website is referred to as the 2006 Website. The materials added to the Website are referred to as the "Additional Materials." Shloss had not disclosed to the Estate the Additional Materials before she filed the Complaint, but did provide the Estate with a full copy of all Additional Materials in September 2006. Shloss filed an Amended Complaint on October 25, 2006, to cover the 2006 Website and the Additional Materials. The Estate covenanted not to sue Shloss as to the Website as it existed in 2005.

**LEGAL ISSUES IN DISPUTE**

The parties differ as to the following:

a) Whether the Additional Materials Shloss intends to publish in her 2006 Website, if and when published, will infringe any copyrights owned or controlled by the Estate of James Joyce;

b) Whether Shloss's use of Defendants' copyrighted materials is protected by fair use;

c) Whether the Estate is prevented from enforcing the copyrights at issue against Shloss by virtue of copyright misuse or unclean hands;

d) Whether James Joyce's 1922 Paris first edition of *Ulysses* is in the public domain in the United States; and

e) Whether either party should be awarded attorney's fees and costs for the lawsuit.

**MOTION PRACTICE**

The Estate contends that the Estate itself is not a proper party to the action because it has no capacity to sue or be sued. Further, the Estate may file a motion for summary judgment on Shloss' affirmative defenses of copyright misuse and unclean hands.

The parties believe that the issues of copyright infringement or fair use of the Additional Materials can be substantially narrowed, if not resolved altogether, by motion practice.

The parties currently are discussing whether a protective order is appropriate and, if so, the nature of the protective order. If that issue cannot be resolved by the parties, it may need to be resolved through motion practice.

**PARTIES**

All named defendants have been served with process and have appeared in this action.

Shloss contends that Stephen James Joyce may need to be joined in this dispute individually, or that the additional action filed by Shloss against him should be consolidated with this one, in order to afford complete relief to Shloss.

The Estate does not contemplate joinder of any additional parties.

**ALTERNATIVE DISPUTE RESOLUTION**

The parties have filed a Stipulation and Proposed Order Selecting Mediation. A mediator has been appointed by the Court, and mediation is scheduled for March 16, 2007.

**DISCLOSURES/DISCOVERY.**

The parties have agreed to exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) on or about March 28, 2007. The parties anticipate that their initial disclosures will comply with Fed. R. Civ. P. 26(a)(1) as written.

Shloss contemplates that extensive discovery will be needed regarding the Estate's unclean hands and copyright misuse, possibly involving depositions of international witnesses.

The Estate contemplates that little discovery will be needed. The Estate believes that the case will center around whether Shloss' proposed use of some or all of the Additional Materials on the 2006 Website constitutes copyright infringement or fair use. The Estate further believes that the affirmative defenses of copyright misuse and unclean hands are moot in light of the fact that no counterclaim for copyright infringement was asserted.

Shloss anticipates that the number of depositions may need to be increased to approximately fifteen (15) for each side. The Estate does not contemplate that any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure should be made at this time.

The parties have agreed that no discovery will be exchanged until after mediation.

**SCHEDULE**

The Court entered a Scheduling Order on or about February 9, 2007. At this point in time, the parties have no comments on the Scheduling Order except to note that they already have contacted the ADR unit and have a mediation scheduled for March 16, 2007.

**TRIAL SCHEDULE**

Shloss believes that a trial of 7 to 10 days will be appropriate.

1 | The Estate believes that it is premature to anticipate a trial date or length of trial. The Estate believes that the issues either will be resolved or will be substantially narrowed by motion practice.

Dated: March 2, 2007.                    JONES DAY

                                         By:  /s/
                                              Maria K. Nelson

                                         Attorney for Defendants
                                         SEAN SWEENEY, IN HIS
                                         CAPACITY AS TRUSTEE OF THE
                                         ESTATE OF JAMES JOYCE, AND
                                         THE ESTATE OF JAMES JOYCE

Dated: March 2, 2007                     STANFORD LAW SCHOOL
                                         CYBERLAW CLINIC CENTER FOR
                                         INTERNET AND SOCIETY


                                         By  /s/
                                             Anthony Falzone

                                         Attorneys for Plaintiff
                                         CAROL LOEB SHLOSS

| | |
|---|---|
| 1 | COUNSEL FOR PLAINTIFF, CONTINUED |
| 2 | |
| 3 | Mark A. Lemley (SBN 155830)<br>Matthew M. Werdegar (SBN 200470)<br>Dorothy McLaughlin (SBN 224018) |
| 4 | Benedict Y. Hur (SBN 229453)<br>KEKER & VAN NEST LLP |
| 5 | 710 Sansome Street<br>San Francisco, CA 94111 |
| 6 | Telephone: (415) 391-5400<br>Facsimile:   (415) 397-7188 |
| 7 | Email: mwerdegar@kvn.com |
| 8 | Bernard A. Burk (SBN 118083)<br>Robert Spoo (admitted *pro hac vice*) |
| 9 | HOWARD RICE NEMEROVSKI CANADY<br>FALK & RABKIN, P.C. |
| 10 | Three Embarcadero Center, 7th Floor<br>San Francisco, CA 94111-4024 |
| 11 | Telephone: (415) 434-1600<br>Facsimile: (415) 217-5910 |
| 12 | Email: bburk@howardrice.com |
| 13 | Counsel for Plaintiff |
| 14–28 | |