# EXHIBIT M

Dockets.Justia.com

Maria K. Nelson (State Bar No. 155,608)
mknelson@jonesday.com
Anna E. Raimer (State Bar No. 234,794)
aeraimer@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:      (213) 489-3939
Facsimile:       (213) 243-2539

Attorneys for Defendants
SEÁN SWEENEY AND THE ESTATE OF JAMES
JOYCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| **CAROL LOEB SHLOSS,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**SEÁN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE,**<br><br>　　　　　**Defendants.** | **Case No. C06-3718 JW HRLx**<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS SEÁN SWEENEY AND THE ESTATE OF JAMES JOYCE TO DISMISS, OR IN THE ALTERNATIVE TO STRIKE, CAROL LOEB SHLOSS'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:**　　**January 22, 2007**<br>**Time:**　　**9:00 a.m.**<br>**Judge:**　　**The Honorable James Ware** |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION .................................................................................................................... 1

    RELIEF SOUGHT ..................................................................................................................... 1

    ISSUES TO BE DECIDED ....................................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 3

I.     INTRODUCTION ......................................................................................................... 3

II.    STATEMENT OF MATERIAL FACTS ...................................................................... 5

    A.    The Parties' Correspondence Before the Complaint Was Filed Could Not Give Rise to a Reasonable Apprehension of Suit .................................................... 5

    B.    Shloss Failed to Complete the Electronic Supplement Before Filing Her Complaint ............................................................................................................... 7

    C.    Defendants Have Clearly Stated Their Intent Not to File a Copyright Infringement Action and Have Covenanted Not to Sue Based on the Material Contained in the Complaint ................................................................................... 8

    D.    Shloss Has Not Alleged that any Act Taken After the Complaint Was Filed Gave Rise to an Apprehension of Suit Over the Additional Materials .................... 8

III.   DISCUSSION ................................................................................................................ 8

    A.    An Action for Declaratory Judgment Cannot Proceed Without an Actual Controversy ....................................................................................................... 9

    B.    There Exists No "Actual Controversy" Over Which the Court May Exercise Declaratory Judgment Jurisdiction ................................................................... 9

        1.    Shloss Has Not Proven that She Had a Reasonable Apprehension of Being Subject to Liability for Copyright Infringement at the Time the Complaint Was Filed .................................................................. 10

        2.    Defendants' Covenant Not to Sue Eliminates any Possible Reasonable Apprehension of Liability ..................................................... 11

        3.    Any Ruling By the Court Would Constitute an Advisory Opinion As Plaintiff Has Not Yet Published Her Electronic Supplement .............. 12

        4.    The Affirmative Defenses Alleged in the Amended Complaint Must Also Be Dismissed ................................................................................. 13

    C.    The Court Should Use Its Discretion and Decline Jurisdiction ........................... 14

    D.    In the Alternative, the Court Should Strike Portions of Shloss's Amended Complaint ........................................................................................................ 15

        1.    The Court May Strike Any Insufficient Defense or Redundant, Immaterial, Impertinent or Scandalous Matter from Shloss's Amended Complaint ................................................................................. 15

        2.    Shloss's First, Third and Fourth Causes of Action Are Legally Insufficient ........................................................................................... 16

        3.    Shloss's First, Third and Fourth Causes of Action Constitute Redundant, Immaterial, Impertinent and/or Scandalous Matters ............. 18

    E.    Defendants Are Entitled to Costs and Attorneys' Fees ........................................ 19

**TABLE OF CONTENTS**
(continued)

Page

IV. CONCLUSION ................................................................................................................ 20

1

## TABLE OF AUTHORITIES

2

Page

3

### Cases

4

*Aetna Life Ins. Co. v. Haworth*,
300 U.S. 227 (1937) .................................................................................................. 9, 12, 14

5

*Altera Corp. v. Clear Logic, Inc.*,
424 F.3d 1079 (9th Cir. 2005) ................................................................................... 17

6

*Bianchi v. State Farm Fire & Cas. Co.*,
12 F.Supp.2d 837 (N.D. Cal. 2000) ........................................................................... 16

7

*Brother Records, Inc. v. Jardine*,
318 F.3d 900 (9th Cir. 2003) ..................................................................................... 18

8

*Cal. Dep't of Toxic Substance Control v. Alco Pac., Inc.*,
217 F. Supp. 2d 1028 (C.D. Cal. 2002) ..................................................................... 16

9

*Calderon v. Ashmus*,
523 U.S. 740 (1998) ................................................................................................... 13

10

11

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
508 U.S. 83 (1993) ..................................................................................................... 10

12

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) ..................................................................................................... 13

13

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993),
*rev'd on other grounds*, 510 U.S. 517 (1994) ..................................................... 16, 18

14

15

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994) ................................................................................................... 19

16

*Garcia v. Brownell*,
236 F.2d 356 (9th Cir. 1956) ..................................................................................... 12

17

*Gator.com Corp. v. L.L. Bean, Inc.*,
398 F.3d 1125 (9th Cir. 2005) ................................................................................... 11

18

19

*Gladwell Governmental Servs., Inc. v. County of Marin*,
2005 U.S. Dist. LEXIS 42276 (N.D. Cal. 2005) ....................................................... 14

20

*Grid Systems Corp. v. Texas Instruments, Inc.*,
771 F. Supp. 1033 (N.D. Cal. 1991) .......................................................................... 16

21

*Hal Roach Studios v. Richard Feiner & Co.*,
883 F.2d 1429 (9th Cir. 1989) ................................................................................... 10

22

23

*In re Napster, Inc. Copyright Litigation*,
191 F.Supp.2d 1087 (N.D. Cal. 2002) ................................................................. 14, 17

24

*Jackson v. Sturkie*,
255 F.Supp.2d 1096 (N.D. Cal. 2003) ....................................................................... 19

25

*Lang v. Pacific Marine and Supply Co., Ltd.*,
895 F.2d 761 (Fed. Cir. 1990) ................................................................................... 13

26

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
312 U.S. 270 (1941) ................................................................................................... 12

27

28

Case No. C06-3718 JW HRL
MOTION OF DEFS. TO DISMISS AM. COMPLAINT

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

*McCarthy v. United States*,
  850 F.2d 558 (9th Cir. 1988),
  *cert. denied*, 489 U.S. 1052 (1989) ............................................................................. 9

4

5

*O'Hagins, Inc. v. M5 Steel Mfg., Inc.*,
  276 F.Supp.2d 1020 (N.D. Cal. 2003) ............................................................. 9, 10, 14

6

*Oakley, Inc. v. Bolle Am., Inc.*,
  1992 U.S. Dist. LEXIS 95173 (C.D. Cal. 1992) ........................................................ 12

7

*Open Source Yoga Unity v. Choudhury*,
  74 U.S.P.Q.2d 1434, 2005 U.S. Dist. LEXIS 10440 (N.D. Cal. Apr. 1, 2005) ......... 17

8

*Pacific Bell Internet Servs. v. Recording Indus. Ass'n of Am., Inc.*,
  2003 WL 22862662 (N.D. Cal. 2003) ........................................................................ 11

9

*Paramount Pictures Corp. v. RePlayTV, Inc.*,
  298 F.Supp.2d 921 (C.D. Cal. 2004) .......................................................................... 11

10

*Practice Mgmt. Info. Corp. v. The Am. Med. Ass'n*,
  121 F.3d 516 (9th Cir. 1997) ............................................................................... 14, 17

11

12

*Preiser v. Newkirk*,
  422 U.S. 395 (1975) ...................................................................................................... 9

13

*Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc.*,
  655 F.2d 938 (9th Cir. 1981) ...................................................................................... 10

14

*Sopcak v. N. Mountain Helicopter Serv.*,
  52 F.3d 817 (9th Cir. 1995) ........................................................................................ 10

15

*State of Cal. v. United States*,
  512 F. Supp. 36 (N.D. Cal. 1981) ............................................................................... 15

16

*Tosco Corp. v. Communities for a Better Env't*,
  236 F.3d 495 (9th Cir. 2001) ...................................................................................... 10

17

18

*True Center Gate Leasing, Inc. v. Sonoran Gate, L.L.C.*,
  402 F.Supp.2d 1093 (D. Ariz. 2005) .......................................................................... 12

19

*Webcaster Alliance, Inc. v. Recording Indus. Ass'n of Am., Inc.*,
  2004 U.S. Dist. LEXIS 11993 (N.D. Cal. 2004) ........................................................ 14

20

*Wilkerson v. Butler*,
  229 F.R.D. 166 (E.D. Cal. 2005) ..................................................................... 16, 18, 19

21

22

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995) .................................................................................................... 14

23

*Xerox Corp. v. Apple Computer, Inc.*,
  734 F.Supp. 1542 (N.D. Cal. 1990) ...................................................................... 10, 11

24

*Xilinx, Inc. v. Altera Corp.*,
  33 U.S.P.Q.2d 1149, 1994 WL 782236 (N.D. Cal. Feb. 8, 1994) .............................. 15

25

26

## **Statutes**

27

17 U.S.C. § 505 ............................................................................................................... 19

28

# TABLE OF AUTHORITIES
### (continued)

Page

<u>**Other Authorities**</u>

THE AMERICAN HERITAGE COLLEGE DICTIONARY
   498 (4th ed. 2004) .................................................................................................................. 6

<u>**Rules**</u>

Fed. R. Civ. P. 12(b)(1) ................................................................................................................ 9

Fed. R. Civ. P. 12(f) ......................................................................................................... 15, 16, 19

1

## NOTICE OF MOTION

2          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3          PLEASE TAKE NOTICE that on January 22, 2007 at 9:00 a.m., or as soon thereafter as

4    the matter may be heard, in Courtroom 8, 4th Floor of the above-entitled Court located at 280

5    South 1st Street, San Jose, CA, 95113,  the Honorable James Ware presiding, Defendants Seán

6    Sweeney ("Sweeney") and The Estate of James Joyce (the "Estate") will and hereby do move this

7    Court, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for an Order dismissing

8    the Amended Complaint filed by Plaintiff Carol Loeb Shloss ("Shloss").  The Amended

9    Complaint seeks a declaratory judgment that the use of certain written works in an electronic

10   supplement to Shloss's book *Lucia Joyce: To Dance in the Wake* (the "Electronic Supplement"),

11   if and when it is published, will not infringe any copyrights controlled or owned by the Estate (the

12   "Joyce Copyrights").  In the alternative, Defendants seek an order to strike certain materials from

13   the Amended Complaint.  Defendants also seek an award of attorney's fees and costs.

14

## RELIEF SOUGHT

15          Defendants seek an order pursuant to Rule 12(b)(1) of the Federal Rules of Civil

16   Procedure dismissing Shloss's Amended Complaint for declaratory judgment and injunctive relief

17   for lack of an actual controversy.  Shloss must prove that she had a real and reasonable belief that

18   she was subject to a copyright infringement action by Defendants, based on the proposed

19   publication of the Electronic Supplement on a website (the "Website").  However, Defendants

20   have never threatened to sue Shloss for copyright infringement, and Shloss has never released her

21   Website.  Further, Defendants now covenant not to sue Shloss for copyright infringement based

22   on the written works appearing on the Electronic Supplement that were provided to them in 2005.

23   Accordingly, Defendants seek an order dismissing Shloss's Amended Complaint for declaratory

24   judgment and injunctive relief with prejudice because no actual controversy exists between the

25   parties.  Alternatively, Defendants request this Court to strike Shloss's First, Third and Fourth

26   Causes of Action, and the factual paragraphs referenced therein.  Defendants further request an

27   award of attorney's fees and costs.

28

1    **ISSUES TO BE DECIDED**

2    Whether Shloss had an objectively reasonable apprehension as of June 12, 2006 that

3    Defendants intended to initiate litigation over the Electronic Supplement, as is required for the

4    Court to exercise jurisdiction over Shloss's Amended Complaint for declaratory judgment and

5    injunctive relief; and, if so, whether an actual controversy continues to exist given Defendants'

6    covenant not to sue and Shloss's failure to complete and publish the Electronic Supplement.

7    Whether Shloss's First, Third and Fourth Causes of Action, and the factual paragraphs

8    referenced therein, should be stricken because they constitute redundant, immaterial, impertinent,

9    and/or scandalous matters.

10    Whether Defendants are entitled to recover their attorney's fees and costs.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Shloss's Amended Complaint throws most of its mud at an individual she chose not to name as a party: James Joyce's grandson, Stephen James Joyce ("Joyce").  Joyce has come under Shloss's ire for exercising his right to control the copyrights of the works of his famous grandfather, and also of the unpublished works of his mother, Helen Kastor Joyce, and his aunt, Lucia Joyce.  Joyce's request that Shloss respect his copyrights as well as his family privacy was disregarded.  Shloss's book about Lucia Joyce was published by the trade press publisher, Farrar Straus Giroux, in 2003.  The Estate did not sue Shloss or her publisher over the use of the materials in that book.  Shloss, though, apparently was discontent with the poor reviews of her biography of Lucia Joyce which, like the Amended Complaint and the Complaint before it, contained much speculation posited as fact.  Two years after her book's publication, beginning in March 2005, Shloss approached the Estate asking for permission to include materials on a website that she proposed publishing to "supplement" her book.  Permission each time was refused.  Soon before June 16, 2006 ("Bloomsday"), Shloss filed the present lawsuit amongst a blitz of publicity, claiming that the Estate threatened to sue her over her proposed Website.  It had not.  The Estate had stated unequivocally to Shloss's present attorneys that it had no desire to engage in a protracted dispute with Stanford University.  In fact, the Estate has never engaged in any litigation in the United States.

After the Complaint was filed, Shloss proceeded to amend her Website, adding new materials.  Those new materials consist of quotes from works by James Joyce and Lucia Joyce, as well as new text written by Shloss herself ("Additional Material").  At no point did Shloss ever seek permission from the Estate to use the Additional Material on her Website, nor was permission ever denied or suit threatened.  Shloss filed the Amended Complaint on October 25, 2006 purportedly to cover the revised Website containing the Additional Material.

Although the Amended Complaint states that it is about Shloss's Website, it is not.  The Website is a pretext; it is neither finished nor released.  The lawsuit is about challenging the rights of copyright holders to exercise control and, in particular, is a challenge to one outspoken

copyright holder: the Estate of James Joyce. Shloss and her team of lawyers are not interested in salvaging Shloss's book but in making new law. In this particular effort, a mass of accusations against the Estate and Stephen Joyce were cobbled together in support of a so-called "copyright misuse" allegation. Those accusations, however, have absolutely nothing to do with Shloss's proposed Website. Shloss further asks for relief from the Court in the form of a declaration that the 1922 version of *Ulysses* is in the public domain. Whether the 1922 version of *Ulysses* is in the public domain (and it is not) has little or no relevance to the Website, which contains materials from a variety of works, not primarily *Ulysses*.

This case is an attempt by Shloss and her lawyers, Lawrence Lessig and Robert Spoo, to run roughshod over the rights of a copyright holder in the name of "scholarship" and on behalf of "fair use." The Estate disagrees that the work in question is a work of "scholarship" and that the use Shloss proposes is "fair." The Estate vehemently disagrees with – and denies – Shloss's speculations, stated as facts, in support of her copyright misuse and unclean hands allegations.

The Estate, however, does not believe this matter is an appropriate use of this Court's resources. The Estate already has made itself known. It did not threaten to sue Shloss over the Website, and has covenanted not to sue Shloss over the subject of her original Complaint. The exercise in which Shloss asks this Court to participate, then, is academic.

For a declaratory judgment action to proceed and the Court to have jurisdiction over the matter, the plaintiff must have a reasonable apprehension of suit. Here, there is no such apprehension. This Court, therefore, does not have subject matter jurisdiction over this lawsuit, and Defendants respectfully request that Shloss's Amended Complaint for declaratory judgment and injunctive relief be dismissed.

In the alternative, because it must be brought at this time, Defendants respectfully request that Shloss's allegations of copyright misuse and unclean hands be stricken. Copyright misuse is not recognized as a cause of action. Moreover, none of the so-called facts alleged by Shloss have any bearing on the Website she proposes releasing, and do not support her claims. Shloss knows, or should know, that Stephen Joyce in fact does own the copyright to Lucia Joyce materials, so her unclean hands allegation must fail. The Estate further requests the Court to strike Shloss's

1  request for a declaration that the 1922 *Ulysses* is in the public domain as not being supported by

2  the allegations.

3  ## II.     STATEMENT OF MATERIAL FACTS

4          The Estate is the sole owner of the copyrights in all of the works of the famous author,

5  James Joyce, which the Trustees are entitled to enforce under copyright laws in the United States.

6  (Sweeney Decl. ¶ 2.)  Moreover, Stephen Joyce, one of the Trustees of the Estate, is the sole

7  owner of the copyrights in all the written works of Lucia Joyce.  (Sweeney Decl. ¶ 3.)  The Estate

8  has administered the copyrights in the works of James Joyce for over sixty years and has been

9  devoted to preserving and protecting the integrity, spirit and letter of these works.  (Sweeney

10  Decl. ¶ 3.)  The Estate has no history of litigation in the United States with any party.  (Sweeney

11  Decl. ¶ 4.)

12          A priority of the Estate has always been to protect the much abused and invaded privacy

13  of the Joyce family.  (Sweeney Decl. ¶ 3.)  Despite Shloss's knowledge of the importance of the

14  Joyce family privacy, Shloss has shown an utter disregard for the privacy of Lucia Joyce or that

15  of the remaining members of the Joyce family, Stephen Joyce and Solange Joyce (the "Joyces").

16  While declining to address every factual inaccuracy contained in Shloss's Amended Complaint,

17  Defendants do take issue with Shloss's attempts to vilify the Estate and its Trustees Sean

18  Sweeney and Stephen Joyce with such outrageous allegations as Stephen Joyce removing papers

19  from the National Library of Ireland.  (Shloss Am. Comp. ¶ 91.)

20          **A.     The Parties' Correspondence Before the Complaint Was Filed Could Not
              Give Rise to a Reasonable Apprehension of Suit.**

21

22          As alleged in the Amended Complaint, the Joyces first learned of Shloss's research on

23  Lucia Joyce at least as early as 1994, and expressed disapproval at Shloss's attempts to invade

24  their family privacy, as well as her assertions of unsubstantiated theories about Lucia Joyce.

25  (Shloss Am. Comp. ¶ 47.)  Expressing disapproval and requesting privacy are not, however,

26  unreasonable, and are not the same as threatening litigation for copyright infringement.  As a

27  careful reading of the Amended Complaint confirms, Shloss's own publisher, Farrar Straus

28

Giroux[1], decided certain material originally included in Shloss's book about Lucia Joyce – the same material Shloss apparently now seeks to include on the Electronic Supplement – would not stand up to a "valid fair use defense" under United States copyright law. (Shloss Am. Comp. ¶ 64.)

In March 2005, Jennifer Granick and Lawrence Lessig, acting on behalf of Shloss, contacted Stephen Joyce to inform him of Shloss's intention to publish the Electronic Supplement containing the information omitted by Shloss's publisher on a website at the end of that month. (Smith Decl. ¶ 3, Ex. 1.) The letter also provided directions for access to the Website, which was downloaded and reviewed by McCann FitzGerald, solicitors for Defendants in Europe. (Smith Decl. ¶ 4, Ex. 2.) McCann FitzGerald responded on April 8, 2005, requesting that Shloss respect the wishes of the Joyce family and Estate and refrain from publishing certain writings on the Website, including personal letters and unpublished private materials. (Smith Decl. ¶ 5, Ex. 3.)

McCann FitzGerald received a letter from Ms. Granick on April 20, 2005, stating the Website would be released on May 10, 2005, and any legal challenges should be made prior to that date. (Smith Decl. ¶ 6, Ex. 4.) In response, on May 13, 2005, McCann FitzGerald reiterated the request that the Joyce family privacy and the copyrights of the Joyce family be respected, noting the Defendants "have no wish to become involved in a protracted dispute with Stanford University." (Smith Decl. ¶ 7, Ex. 5.) Mr. Lessig answered this correspondence on June 9, 2005, again claiming the use of material on the Website constituted "fair use," and alleging access to the site would be limited to the United States. (Smith Decl. ¶ 8, Ex. 6.) Then, on December 15, 2005, Mr. Lessig wrote to McCann FitzGerald of Shloss's intention to publish material relevant to her book on January 15, 2006. (Smith Decl. ¶ 9, Ex. 7.) On December 23, 2005, McCann FitzGerald responded to Mr. Lessig's letter, again advising that Defendants rejected Mr. Lessig's

---

[1] Farrar Straus Giroux is, of course, a trade publisher, not an academic one, and Shloss's book was published for the general public, belying Shloss's claims of "scholarship." Moreover, while Shloss is determined to convince this Court that her work on Lucia Joyce is a work of scholarship – an attempt clearly evidenced by her use of the word "scholarly" in the Complaint at least 16 times – travel and reading in libraries and universities do not transform one's writing into scholarship. Shloss's book is a biography of faction, "a form of fiction incorporating real people or events as essential elements." THE AMERICAN HERITAGE COLLEGE DICTIONARY 498 (4th ed. 2004).

1   theory that the proposed use of the Electronic Supplement constituted fair use, and emphasized

2   that the concerns at hand involved not only copyright protection issues, but also the protection of

3   the personal privacy of Lucia Joyce and the Joyce family.  (Smith Decl. ¶ 10, Ex. 8.)  The

4   December 23, 2005 letter was the last correspondence between the parties until Shloss filed the

5   present lawsuit.  (Smith Decl. ¶ 11.)  As can be seen in the correspondence between the parties, at

6   no time did Defendants threaten a lawsuit against Shloss over her proposed Website.  Defendants

7   had no communications with Shloss in the six (6) months prior to her filing her Complaint on

8   June 12, 2006.

9       **B.      Shloss Failed to Complete the Electronic Supplement Before Filing Her**
        **Complaint.**

10

11          In order to file the Complaint just before Bloomsday, at a time when it would receive the

12  maximum media attention, Shloss sued before she had finalized work on her Electronic

13  Supplement.  (Nelson Decl. ¶¶ 2-5.)  Shloss continued to add materials to her Electronic

14  Supplement for months after the Complaint was filed.  (*Id.*)  These recent revelations that the

15  Website was not finalized are in contrast to Shloss's allegations in her original Complaint and

16  correspondence directed to the Estate that the Electronic Supplement has been ready for

17  publication since early 2005.  (Shloss Am. Comp. ¶ 71; Smith Decl. ¶ 6, Exs. 1, 4.)  The claim

18  that the Website was ready to be launched in 2005, thus, was a clear misrepresentation of the facts

19  in this case, which speaks to the lack of credibility of Shloss's Complaint.

20          It is unclear why the Electronic Supplement was incomplete months after the Complaint

21  was filed given that its alleged purpose is to provide readers with the 30 pages of material that

22  was cut from Shloss's Book in 2003.  (Shloss Am. Comp. ¶¶ 66, 71.)  The 2005 Website does not

23  contain 30 pages of material.  (Smith Decl. ¶ 4, Ex. 2.)  The Electronic Supplement appears to

24  add no new or helpful support to the book already published by Shloss, nor does it alleviate the

25  "daunting quantity of her own speculations, surmises and unconvincingly supported

26  suppositions."  (Shloss Am. Comp. ¶ 70.)

27

28

**C.**     **Defendants Have Clearly Stated Their Intent Not to File a Copyright Infringement Action and Have Covenanted Not to Sue Based on the Material Contained in the Complaint.**

To the extent that Shloss did have an apprehension of suit before she filed the Complaint in June, that apprehension was extinguished by Defendants' clear statement that they have no intention of filing a copyright infringement suit against Shloss for her use of the 2005 version of the Electronic Supplement.  (Sweeney Decl. ¶ 7.)  Furthermore, Defendants covenant not to sue Shloss for copyright infringement based on the 2005 version of the Electronic Supplement as long as it is used as alleged in the Amended Complaint, including being only accessible to computers in the United States.  (Sweeney Decl. ¶ 7)

**D.**     **Shloss Has Not Alleged that any Act Taken After the Complaint Was Filed Gave Rise to an Apprehension of Suit Over the Additional Materials.**

Shloss was informed prior to filing the Amended Complaint that Defendants were willing to covenant not to sue on the subject matter presented to the Estate in March 2005, which was the subject of the original Complaint.  (Nelson Decl. ¶ 8.)  The Additional Materials were added only after the Complaint was filed, and were not part of the materials presented to Defendants. (Nelson Decl. ¶¶ 2-5).  Defendants did not threaten to sue Shloss over use of those materials, either directly or indirectly.  (Nelson Decl. ¶ 9).  The Amended Complaint contains no allegations regarding Defendants' actions after the original Complaint was filed.  The only facts relied upon by Shloss to establish a reasonable apprehension of suit are those that took place before June 12, 2006.  Thus the last act that Shloss possibly could rely on took place almost ten (10) months before the Amended Complaint was filed.  (Smith Decl. ¶ 11.)

**III.     DISCUSSION**

This lawsuit must be dismissed because Shloss cannot have the required reasonable apprehension that Defendants would file a copyright infringement lawsuit against her for use of the Electronic Supplement.  Not only have Defendants never threatened such a lawsuit against Shloss, but the Defendants never intended to file a copyright infringement lawsuit against Shloss for her use of the materials she presented to the Estate in 2005.  The Estate also has covenanted not to sue Shloss over her use of the Electronic Supplement presented to them in 2005, as long as

1    it is used as she has represented it would be.  Moreover, the acts Shloss relies on to establish an

2    immediate case or controversy took place months, or even years, before she filed suit.  These

3    circumstances, as well as the fact that Shloss had failed to complete or publish her Electronic

4    Supplement by the time the original Complaint was filed, establish that there is no "actual

5    controversy" over which the Court may exercise declaratory judgment jurisdiction.

6    **A.      An Action for Declaratory Judgment Cannot Proceed Without an Actual
         Controversy.**

7

8            The Declaratory Judgment Act requires an actual controversy before a federal court may

9    exercise subject matter jurisdiction.  *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41

10   (1937) (noting the "actual controversy" requirement of the Declaratory Judgment Act is the same

11   as the "case or controversy" requirement of Article III of the United States Constitution).  To

12   satisfy the constitutional requirement of an "actual controversy," the dispute at issue "must be

13   definite and concrete, touching the legal relations of parties having adverse legal interests."  *Id*. at

14   240-41.  An actual controversy is thus distinguishable from a dispute with a "hypothetical or

15   abstract character" that fails to meet the standards for a justiciable controversy.  *Id*. at 240.

16           Moreover, an actual controversy must exist at the time the complaint is filed and be in

17   existence at all stages of review by the court.  *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).

18   When considering a Rule 12(b)(1) motion challenge, the Court is not restricted to the face of the

19   pleadings; rather, the Court may review extrinsic evidence, such as declarations, to resolve factual

20   disputes regarding the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560

21   (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *O'Hagins, Inc. v. M5 Steel Mfg., Inc*., 276

22   F.Supp.2d 1020, 1023 (N.D. Cal. 2003).

23   **B.      There Exists No "Actual Controversy" Over Which the Court May Exercise
         Declaratory Judgment Jurisdiction.**

24

25           In the Ninth Circuit, the test for determining whether there is an actual controversy in an

26   action for declaratory judgment involving copyright infringement is whether "the defendant's

27   actions have caused the declaratory judgment plaintiff to harbor a 'real and reasonable

28   apprehension that he will be subject to liability if he continues to manufacture his product.'"

1   *Xerox Corp. v. Apple Computer, Inc*., 734 F.Supp. 1542, 1546 (N.D. Cal. 1990) (quoting *Hal*

2   *Roach Studios v. Richard Feiner & Co*., 883 F.2d 1429 (9th Cir. 1989)).  To maintain her

3   declaratory judgment action under this standard, Shloss must show she had a reasonable

4   apprehension of facing liability for copyright infringement based on her proposed publication of

5   the Electronic Supplement.

6       Shloss's Amended Complaint for declaratory judgment must be dismissed because it was

7   unreasonable for Shloss to be in apprehension of a lawsuit for copyright infringement by

8   Defendants.  First, any apprehension Shloss may have felt was unreasonable because Defendants

9   have never threatened her with any action but instead stated they were not interested in being

10  involved in a dispute, and now covenant not to sue for copyright infringement based on the 2005

11  version of the Electronic Supplement.  Furthermore, Shloss had not even completed her

12  Electronic Supplement at the time the Complaint was filed; thus, the Court could not have

13  determined whether the material included in the Electronic Supplement infringes the Joyce

14  Copyrights and, if so, whether any defense such as fair use applies.  To this day, Shloss has not

15  made public her Website.  Given these facts, this action must be dismissed because no actual

16  controversy exists.

17      **1.      Shloss Has Not Proven that She Had a Reasonable Apprehension of**
        **Being Subject to Liability for Copyright Infringement at the Time the**
18      **Complaint Was Filed.**

19      The party seeking a declaratory judgment bears the burden of establishing the existence of

20  an actual case or controversy.  *Cardinal Chem. Co. v. Morton Int'l, Inc*., 508 U.S. 83, 95 (1993);

21  *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).  Lack of

22  subject matter jurisdiction is presumed by the court until the plaintiff proves otherwise.

23  *O'Hagins, Inc. v. M5 Steel Mfg., Inc*., 276 F.Supp.2d 1020, 1023 (N.D. Cal. 2003); *see also*

24  *Sopcak v. N. Mountain Helicopter Serv*., 52 F.3d 817, 818 (9th Cir. 1995) ("The plaintiffs bear

25  the burden of proof for establishing jurisdiction.").

26      In a declaratory judgment action, the court must determine whether the plaintiff has a

27  "real and reasonable apprehension" that he or she will be subject to liability.  *Societe de*

28  *Conditionnement en Aluminium v. Hunter Eng'g Co., Inc*., 655 F.2d 938, 944 (9th Cir. 1981).

1        Stating that the Estate owns certain copyrights is simply not the same as representing that

2  the Estate will take immediate action to protect those copyrights. *See Xerox Corp. v. Apple*

3  *Computer, Inc*., 734 F.Supp. 1542, 1547 (N.D. Cal. 1990) (finding declaratory relief not justified

4  because plaintiff failed to allege actions that could be construed as "threats of imminent

5  litigation"); *Pacific Bell Internet Servs. v. Recording Indus. Ass'n of Am., Inc*., 2003 WL

6  22862662, at *4 (N.D. Cal. 2003) (granting motion to dismiss for lack of actual controversy based

7  in part on determination that notice letters sent by defendants did not threaten plaintiff with

8  litigation). Furthermore, Shloss's various allegations regarding Defendants' relations with other

9  parties are irrelevant and cannot give rise to an "apprehension of liability" because those persons

10  have no relation to Shloss. *Xerox Corp.*, 734 F.Supp. at 1547. Regardless, the Estate never filed

11  a copyright infringement action against any party in the United States.

12        None of the many alleged acts indicate that the Estate communicated any intention to file

13  a copyright infringement suit against Shloss. Instead, the facts show Defendants had no

14  communications whatsoever with Shloss in the 6 months prior to her institution of these baseless

15  proceedings. Shloss has made no allegations at all regarding any actions taken by or on behalf of

16  the Estate after the original Complaint was filed. Shloss has not proven that she had a reasonable

17  apprehension of suit, and so the case must be dismissed.

18
19      **2.**    **Defendants' Covenant Not to Sue Eliminates any Possible Reasonable**
                **Apprehension of Liability.**

20        Even if Shloss could prove a reasonable apprehension existed on June 12, 2006, such

21  concern could no longer be present at this time given Defendants' covenant not to sue. *See*

22  *Gator.com Corp. v. L.L. Bean, Inc*., 398 F.3d 1125, 1128-31 (9th Cir. 2005) (holding live

23  controversy must persist throughout all stages of the litigation and parties' settlement agreement

24  had eviscerated the dispute). Defendants' covenant that they will not sue Shloss for copyright

25  infringement based on the contents of the Electronic Supplement as provided to the Estate in 2005

26  effectively ends any possible controversy. *See Paramount Pictures Corp. v. RePlayTV, Inc*., 298

27  F.Supp.2d 921, 926-27 (C.D. Cal. 2004) (dismissing consumers' suit for declaratory judgment

28  that certain activity was fair use because there was no longer an actual controversy as copyright

1   owners had covenanted not to sue consumers); *Oakley, Inc. v. Bolle Am., Inc.*, 1992 U.S. Dist.

2   LEXIS 9517, at *12-*13 (C.D. Cal. 1992) (holding no actual controversy existed in trademark

3   action because covenant not to sue relieved defendant of any reasonable apprehension of facing

4   an infringement suit).

5          In making the determination as to whether Shloss's claims constitute an actual

6   controversy, "the question… is whether the facts alleged, under all the circumstances, show that

7   there is a substantial controversy, between parties having adverse legal interests, of *sufficient*

8   *immediacy and reality* to warrant the issuance of a declaratory judgment."  *Maryland Casualty*

9   *Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (emphasis added).  Based on

10  Defendants' covenant not to sue, Shloss cannot meet the immediacy and reality standard

11  necessary to receive a declaratory judgment on her claims.  *See True Center Gate Leasing, Inc. v.*

12  *Sonoran Gate, L.L.C.*, 402 F.Supp.2d 1093, 1101 (D. Ariz. 2005) (dismissing declaratory

13  judgment claims after concluding covenant not to sue eliminated any reasonable apprehension of

14  an imminent infringement suit against plaintiff).

15         Shloss cannot complain that the covenant not to sue does not cover the Additional

16  Materials given her representations to this Court, as well as to Defendants, that the Website was

17  ready for publication by May 2005.  (Shloss Comp. ¶ 71; Smith Decl. ¶ 6, Exs. 1, 4.)  Defendants

18  relied on her representations in choosing not to pursue a copyright action.  Further, Shloss has

19  made no allegations whatsoever regarding actions taken by the Defendants after the Complaint

20  was filed and Defendants were first informed of the modifications to the Electronic Supplement,

21  so no reasonable apprehension can exist with regard to the Additional Material.

22         **3.       Any Ruling By the Court Would Constitute an Advisory Opinion As**
             **Plaintiff Has Not Yet Published Her Electronic Supplement.**
23

24         The existence of an actual controversy is required before a declaratory judgment action

25  may proceed.  *See Aetna Life Ins. Co.,* 300 U.S. at 241 (noting that a controversy must be "real

26  and substantial" rather than "an opinion advising what the law would be upon a hypothetical state

27  of facts"); *Garcia v. Brownell*, 236 F.2d 356, 357 (9th Cir. 1956) ("It has always been, and now

28  is, essential to the maintenance of a declaratory relief action that there be an actual controversy in

1   existence."). "Abstract injury is not enough. The plaintiff must show that he 'has sustained or is

2   immediately in danger of sustaining some direct injury' as the result of the challenged official

3   conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or

4   'hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (citations omitted).

5        As noted above, Shloss's counsel informed counsel for Defendants that the Electronic

6   Supplement was not in its final form after the Complaint was filed. (Nelson Decl. ¶¶ 2-5.)

7   Because Shloss's Electronic Supplement was incomplete at the time of filing the lawsuit and may

8   still be a work in progress, the Electronic Supplement may or may not infringe on Defendants'

9   rights if or when it is actually published. Courts have dismissed cases for a lack of an actual

10   controversy based partly on the fact that it would be months before the potentially infringing

11   product was finished. *See, i.e., Lang v. Pacific Marine and Supply Co., Ltd.*, 895 F.2d 761, 764

12   (Fed. Cir. 1990) (holding an actual controversy did not exist because the potentially infringing

13   ship hull at issue would not be complete for many months after the filing of the complaint).

14        If the Court ruled on Shloss's claims now, it could only render an advisory opinion based

15   upon Shloss's assertion that all of the material she plans to post on the Website would be a "fair

16   use" of the Joyce Copyrights. The Electronic Supplement about which Shloss asks this Court to

17   form an opinion is merely abstract, and thus any injury is hypothetical.

18
19        **4.**     **The Affirmative Defenses Alleged in the Amended Complaint Must
Also Be Dismissed.**

20        A declaratory judgment action cannot lie as to the validity of affirmative defenses that

21   may or may not be raised in the future. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998)

22   (rejecting plaintiff's attempt to gain a "litigation advantage" by obtaining declaratory judgment

23   on the validity of an affirmative defense). Thus, the affirmative defenses raised by Shloss in her

24   Complaint, including fair use, copyright misuse and unclean hands, are dependent on Shloss's

25   claim for declaratory judgment of non-infringement and must be dismissed.

26        Furthermore, the copyright misuse cause of action is improper on its face. No court has

27   yet found copyright misuse based on the type of factual allegations contained in the Amended

28   Complaint. Copyright misuse has only been applied when a copyright owner commits antitrust

1   violations or forms copyright licensing agreements that are unduly restrictive. *See Practice*

2   *Mgmt. Info. Corp. v. The Am. Med. Ass'n*, 121 F.3d 516, 520-21 (9th Cir. 1997) (adopting rule

3   that misuse is defense to copyright infringement based on improper limitations in licensing

4   agreement); *In re Napster, Inc. Copyright Litigation*, 191 F.Supp.2d 1087, 1102-05 (N.D. Cal.

5   2002) (discussing development and current state of copyright misuse doctrine). Here, there is no

6   restrictive licensing agreement, and the law provides copyright owners the absolute right to refuse

7   a license. *See Webcaster Alliance, Inc. v. Recording Indus. Ass'n of Am., Inc.*, 2004 U.S. Dist.

8   LEXIS 11993, at *20-21 (N.D. Cal. 2004) (dismissing claim of copyright misuse and noting that

9   even if defendants refused to license their copyrights, the law gave them an absolute right to do

10  so).

11          **C.      The Court Should Use Its Discretion and Decline Jurisdiction.**

12          Alternatively, should the Court determine that an actual controversy exists, the Court

13  should use it discretion and decline to exercise jurisdiction over this matter. *See O'Hagins, Inc.*,

14  276 F.Supp.2d at 1025 (noting court's have discretion in declaratory judgment actions to decline

15  jurisdiction). "If a district court, in the sound exercise of its judgment, determines after a

16  complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be

17  incumbent upon that court to proceed to the merits before staying or dismissing the action."

18  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

19          Because the Defendants have no intention of filing a copyright infringement lawsuit

20  against Shloss for the Electronic Supplement materials disclosed to them in 2005, and because the

21  Electronic Supplement was not finished when the Complaint was filed and still has not been

22  published, no useful purpose could be served by hearing the present lawsuit. *See also Gladwell*

23  *Governmental Servs., Inc. v. County of Marin*, 2005 U.S. Dist. LEXIS 42276, at *9 (N.D. Cal.

24  2005) (stating that the "interests of judicial efficiency are not served by…the issuance of advance

25  rulings on collateral defenses to a litigation that may never be litigated"). This Court is not the

26  proper forum for Shloss and her counsel to wage this "academic" war. *See Aetna Life Ins. Co.*,

27  300 U.S. at 240 (noting "academic" and "hypothetical" cases are not actual controversies).

28

1  Exercise of jurisdiction over this action would be an abuse of discretion and would not advance

2  the purposes of the Declaratory Judgment Act.

3  **D.**   **In the Alternative, the Court Should Strike Portions of Shloss's Amended**
        **Complaint.**

4

5  Should the Court not grant Defendants' Motion to Dismiss, Defendants move in the

6  alternative to strike portions of Shloss's Amended Complaint, including the allegation in the First

7  Cause of Action for a Declaratory Judgment under the 1976 and 1909 Copyright Acts that the

8  1922 Paris first edition of *Ulysses* is in the United States public domain, the Third Cause of

9  Action for a Declaratory Judgment of Copyright Misuse, the Fourth Cause of Action for a

10 Declaratory Judgment of Unclean Hands and the factual sections related thereto.[2]  Shloss has

11 made a legally insufficient pleading of these actions and/or such matters constitute redundant,

12 immaterial, impertinent or scandalous material, which should be stricken from the Amended

13 Complaint by this Court.

14      **1.**   **The Court May Strike Any Insufficient Defense or Redundant,**
            **Immaterial, Impertinent or Scandalous Matter from Shloss's**
15            **Amended Complaint.**

16 Rule 12(f) of the Federal Rules of Civil Procedure states, in pertinent part:

17      Upon motion made by a party before responding to a pleading…the
        court may order stricken from any pleading any insufficient defense
18      or any redundant, immaterial, impertinent or scandalous matter.

19 Fed. R. Civ. P. 12(f).  A Rule 12(f) motion is appropriate where it "may have the effect of making

20 the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate

21 resolution of the action…."  *State of Cal. v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981);

22 *Xilinx, Inc. v. Altera Corp.*, 33 U.S.P.Q.2d 1149, 1152, 1994 WL 782236, at *2 (N.D. Cal. Feb. 8,

23 1994).  A function of a motion to strike "is to avoid the expenditure of time and money that must

24 arise from litigating spurious issues by dispensing with those issues prior to trial."  *Fantasy, Inc.*

25 _____

26  [2] Specifically, Defendants request this Court to strike ¶¶ 26, 87-105, 109 and 123-141 of
    Shloss's Amended Complaint.  Defendants also ask that the phrase "and of discerning which
    Lucia-related materials had been removed by Stephen Joyce from the archive before it opened" in
27  ¶ 34 be stricken, as well as the sentence "Though the Estate claims otherwise, this particular
    edition is in the public domain in the United States" in ¶ 75 and the phrase "and that the 1922
28  Paris first edition of *Ulysses* is in the public domain in the United States" in ¶ 111.

1  *v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 534-35

2  (1994).

3       Shloss's Amended Complaint is subject to a motion to strike because it includes legally

4  insufficient defenses. *Bianchi v. State Farm Fire & Cas. Co.,* 12 F.Supp.2d 837, 841 (N.D. Cal.

5  2000).  The Court also has discretion to strike portions of Shloss's Amended Complaint that are

6  redundant, immaterial, impertinent or scandalous.  *See Cal. Dep't of Toxic Substance Control v.*

7  *Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (noting that "whether to grant a

8  motion to strike lies within the sound discretion of the district court").  Redundant matter includes

9  those allegations "that are needlessly repetitive or wholly foreign to the issues involved in the

10  action." *Id.*  Immaterial matter "is that which has no essential or important relationship to the

11  claim for relief or the defenses being pleaded . . . ." *Id.*  An impertinent, or irrelevant, allegation

12  "is neither responsive nor relevant to the issues involved in the action…." *Wilkerson v. Butler*,

13  229 F.R.D. 166, 170 (E.D. Cal. 2005).  Finally, scandalous matter "improperly casts a derogatory

14  light on someone, usually a party." *Id.*

15       A motion to strike under Rule 12(f) is an appropriate mechanism to dispose of claims that

16  complicate and frustrate the resolution of the focal issues in the case, claims that are insufficient

17  as a matter of law and claims that include merely redundant, immaterial, impertinent or

18  scandalous matter.  Because Shloss's First, Third and Fourth Causes of Action suffer from those

19  defects, those allegations and the facts related to them should be stricken.

20           **2.      Shloss's First, Third and Fourth Causes of Action Are Legally**
                        **Insufficient.**
21

22       In her First Cause of Action, Shloss asks this Court to declare that the 1922 Paris first

23  edition of *Ulysses* is in the public domain.  The issue is a complex one, however, and Shloss

24  provides no factual allegations that support her claim.[3]  Conclusory allegations without any facts

25  supporting those allegations fail to give a party the notice required.  *See Grid Systems Corp. v.*

26  *Texas Instruments, Inc*., 771 F. Supp. 1033, 1042 (N.D. Cal. 1991).  Thus, this allegation is

27  insufficient as a matter of law and should be stricken.

28       [3] *See* Robert Spoo, *Copyright Protectionism and Its Discontents:  The Case of James Joyce's Ulysses in America*, 108 Yale L.J. 633 (1998).

1    The claim for copyright misuse is also legally insufficient.  As discussed *supra*, Ninth

2  Circuit courts have only applied the doctrine of copyright misuse when a copyright owner has

3  committed antitrust violations or formed unduly restrictive copyright licensing agreements.

4  *Practice Mgmt*., 121 F.3d at 520-21; *In re Napster,* 191 F.Supp.2d at 1105.  Shloss has not

5  provided any facts that support either situation.  Furthermore, the Ninth Circuit Court has refused

6  to proceed on a copyright misuse claim when there has been no allegation of copyright

7  infringement.  *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1090 (9th Cir. 2005) (rejecting

8  copyright misuse claim because it made "little sense" to allow party to proceed on an independent

9  claim of copyright misuse when there had been no copyright infringement allegation).

10    Even if Shloss is permitted to assert a cause of action for copyright misuse, this claim

11  cannot prevail because Defendants are merely enforcing their rights in the Joyce Copyrights by

12  informing Shloss and others that Defendants believe such rights to be infringed.  *See Open Source*

13  *Yoga Unity v. Choudhury*, 74 U.S.P.Q.2d 1434, 2005 U.S. Dist. LEXIS 10440, at *26 (N.D. Cal.

14  Apr. 1, 2005) (granting summary judgment on claim for copyright misuse because it was well

15  within defendant's rights as a copyright owner to inform people he believed to be infringing his

16  copyright that he was entitled to enforce such copyright by taking action).

17    Moreover, copyright misuse by the owner does not invalidate a copyright but merely

18  precludes the enforcement of rights during the period of alleged misuse.  *Practice Mgmt*., 121

19  F.3d at 520, n. 9.  The doctrine does not prevent copyright holders from recovering for acts of

20  infringement that occurred during the period of misuse, but rather bars them from bringing such

21  actions until the misuse ends.  *In re Napster,* 191 F.Supp.2d at 1108.  If Defendants had misused

22  any copyrights, an allegation that is adamantly denied, such alleged misuse, especially as it relates

23  to the publication of Shloss's book, occurred years ago, and would not preclude Defendants from

24  enforcing the Joyce Copyrights today if they chose to do so.  As Shloss has not provided factual

25  allegations that support a claim for copyright misuse, if such a claim were even properly pleaded,

26  the Court should strike this cause of action.

27    Shloss's claim of unclean hands is similarly without legal basis.  For Shloss to prevail on

28  her unclean hands defense, she must show that Defendants' conduct is inequitable and relates to

the subject matter of her claims.  *Brother Records, Inc. v. Jardine*, 318 F.3d 900, 909 (9th Cir.

2003).  However, in maintaining this defense, Shloss has no support for her allegation that

Defendants "incorrectly claimed" to be legally entitled to prevent Shloss from using works of

Lucia Joyce.  (Shloss Am. Comp. ¶ 138.)  Stephen Joyce is in fact the owner of the copyrights in

the Lucia Joyce material, and he is therefore entitled to enforce such rights.  (Sweeney Decl. ¶ 3.)

Shloss's counsel received proof of that ownership before the Amended Complaint was filed.

(Nelson Decl. ¶ 6)  Thus, the unclean hands action should also be stricken from the Amended

Complaint.

### 3.  Shloss's First, Third and Fourth Causes of Action Constitute Redundant, Immaterial, Impertinent and/or Scandalous Matters.

Shloss's allegation as part of her First Cause of Action that the 1922 Paris first edition of

*Ulysses* is in the public domain is immaterial because it has "no essential or important

relationship to the claim for relief or defenses pleaded."  *Wilkerson*, 229 F.R.D. at 170.  Shloss, or

her compatriots in this lawsuit, apparently have motives for tossing in this allegation other than

Shloss's desire to publish her Electronic Supplement.  Allowing such a claim would act primarily

to complicate the litigation and create "spurious issues" that are immaterial to the case at hand.

*Fantasy,* 984 F.2d at 1527.

Shloss's allegations regarding copyright misuse, and the factual allegations related

thereto, constitute redundant, immaterial, impertinent and scandalous material.  The majority of

the claims made by Shloss in relation to her claims of unclean hands and copyright misuse are

immaterial and impertinent.  For example, Shloss's various stories from years past that involve

Defendants and third parties who reside in foreign countries are simply "unnecessary particulars"

with no relationship to the present litigation.  *Wilkerson*, 229 F.R.D. at 170.  These stories, as well

as Shloss's many unfounded allegations regarding Stephen Joyce are "[s]uperfluous historical

allegations [that] are properly subject to a motion to strike."  *Id.*  Furthermore, these allegations

represent scandalous matter because they have been asserted with the sole purpose of casting "a

derogatory light" on the Estate and Stephen Joyce.  *Id*.  Finally, the allegations made by Shloss in

1    ¶¶ 126-134, 138-140 of the Amended Complaint are redundant of the allegations made by Shloss

2    in ¶¶ 87-105 because they "constitute a needless repetition of other averments." *Id.*

3         Similarly, Paragraph 26 of the Shloss's Amended Complaint is a diatribe that has no

4    bearing on the issues in the case.  The allegation that multiple, deceased persons destroyed letters

5    of the Joyce family is immaterial to this litigation.  Further, all of the allegations regarding

6    Stephen Joyce in this paragraph are unrelated to this case and constitute scandalous material.  Not

7    only does Shloss have no support for many of her allegations, but Stephen Joyce has not been

8    named as a Defendant to this action and such allegations are therefore improper.  The idea

9    espoused by Shloss in Paragraphs 26 and 34 that Mr. Joyce absconded with Joyce family papers

10   from the National Library of Ireland is particularly outrageous and is an impertinent and

11   scandalous accusation.

12        Defendants respectfully request that the specific allegations discussed above be stricken

13   under Rule 12(f).  Striking these allegations will prevent unnecessary prejudice to Defendants,

14   make the litigation less complicated and otherwise streamline the ultimate resolution of the

15   action.

16   **E.    Defendants Are Entitled to Costs and Attorneys' Fees.**

17        The Copyright Act authorizes this Court to issue an order that Defendants are entitled to

18   recover the reasonable costs and attorneys' fees associated with defending against the baseless

19   allegations asserted by Shloss, and such an award is warranted under the circumstances here.  *See*

20   17 U.S.C. § 505 (allowing a court to award recovery of full costs and reasonable attorneys' fees

21   to the prevailing party).  The Supreme Court has approved several nonexclusive factors for courts

22   to consider when awarding fees, including "frivolousness, motivation, objective unreasonableness

23   (both in the factual and in the legal components of the case) and the need in particular

24   circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy,*

25   *Inc.*, 510 U.S. 517, 534 n.19 (1994); *see also Jackson v. Sturkie*, 255 F.Supp.2d 1096, 1104 (N.D.

26   Cal. 2003) (listing same factors for determination of whether fees and costs should be awarded).

27        All those considerations are present, making an award of all attorneys' fees and costs

28   particularly appropriate in this case.  As noted *supra*, Shloss's suit is frivolous.  She had no

1   reasonable apprehension of Defendants' asserting a copyright infringement claim against her use

2   of the Electronic Supplement. Instead, over the course of many months, she repeatedly invited

3   the Estate to take action. Not only did the Estate decline to do so but it also informed Shloss that

4   it had no desire to be involved in a dispute. The filing of Shloss's Complaint was motivated

5   completely by self-interest: Shloss's attempt to salvage her reputation as a "scholar" – following

6   the pitiful reception of her speculative faction on Lucia Joyce – by spreading accusations against

7   Stephen Joyce and others; the desire of certain "Joyceans" to obtain a declaration that a version of

8   *Ulysses* is in the public domain; and the opportunity for Robert Spoo and Lawrence Lessig to air

9   their views and test their theories in a public forum. Shloss asserts claims that have no basis in

10  law, as detailed above, and makes factual allegations that she knows to be false, such as her

11  allegation that Stephen Joyce has no copyright interest in Lucia Joyce's writings. (Nelson Decl.

12  ¶ 6)

13          An award of fees and costs is warranted by these objectively unreasonable factual and

14  legal arguments. An award of fees and costs also would serve the goals of the Copyright Act of

15  protecting the rights of copyright holders both by deterring future baseless claims, and by

16  encouraging future defendants to appear and defend in similar actions even against a plaintiff who

17  does not have to spend a dime of her own in prosecuting her unfounded claims.

18          Following a ruling on this Motion to Dismiss and in compliance with the Local Rules of

19  this Court, Defendants will submit a motion in support of their request for reasonable attorneys'

20  fees and costs incurred in defending this action.

21  **IV.    CONCLUSION**

22          Defendants respectfully request the Court to dismiss Shloss's Amended Complaint for

23  declaratory judgment and injunctive relief with prejudice and award attorneys' fees and costs. In

24  the alternative, Defendants ask this Court to strike Shloss's allegations of copyright misuse and

25  ///

26  ///

27  ///

28  ///

1   unclean hands and alleged factual sections related thereto, as well as Shloss's request for a

2   declaration that the 1922 version of *Ulysses* is in the public domain.

3   Dated: November 17, 2006                     Respectfully submitted,

4                                                Jones Day

5

6                                                By:    /s/
                                                    _____
7                                                      Maria K. Nelson

8                                                Counsel for Defendants
                                                 SEÁN SWEENEY AND THE ESTATE OF
9                                                JAMES JOYCE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28