# EXHIBIT P

Lawrence Lessig
Anthony T. Falzone (SBN 190845)
David S. Olson (SBN 231675)
STANFORD LAW SCHOOL CENTER FOR
INTERNET AND SOCIETY
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 736-9050
Facsimile: (650) 723-4426
E-mail: falzone@stanford.edu

[Additional Counsel listed on signature page]

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CAROL LOEB SHLOSS,<br><br>     Plaintiff,<br><br>     v.<br><br>SEÁN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE<br><br>     Defendant.<br><br>and<br><br>CAROL LOEB SHLOSS,<br><br>     Plaintiff,<br><br>     v.<br><br>STEPHEN JAMES JOYCE, in his individual capacity and in his capacity as a Trustee of The Estate of James Joyce,<br><br>     Defendant. | CASE NO. CV 06-3718 (JW) (HRL)<br><br>CASE NO. C07-00517 (MEJ)<br><br>STIPULATION AND [PROPOSED] ORDER DISMISSING ACTIONS |

STIPULATED ORDER DISMISSING ACTIONS

1    The parties stipulate that the above-captioned actions shall be dismissed with
2 prejudice pursuant and subject to the Settlement Agreement attached to this Order as Exhibit 1,
3 and that the Court shall retain jurisdiction for purposes of enforcing the terms of the Settlement
4 Agreement. The Court acknowledges and approves the Settlement Agreement, dismisses these
5 actions with prejudice, and retains jurisdiction to enforce the Settlement Agreement.

6 Dated: March 16, 2007

7                                    By: _____
                                          Anthony T. Falzone
8                                         *Attorney for Plaintiff*
                                          CAROL LOEB SHLOSS
9

10 Dated: March 16, 2007           By: _____
                                          Maria K. Nelson
11                                        *Attorney for Defendants*
12                                        SEÁN SWEENEY, in his capacity as trustee
                                          of the Estate of James Joyce, THE
13                                        ESTATE OF JAMES JOYCE,
                                          STEPHEN JAMES JOYCE, in his
14                                        individual capacity and in his capacity as a
                                          Trustee of The Estate of James Joyce
15

16

17 IT IS SO ORDERED.

18 Dated: March 27, 2007           By: _____
                                          Hon. James Ware
19                                        U.S. District Judge

20
21
22
23
24
25
26
27
28

---

1
STIPULATED ORDER DISMISSING ACTIONS

Additional counsel for plaintiff Carol Shloss:

Bernard A. Burk (SBN 118083)
Robert Spoo (*pro hac vice*)
HOWARD RICE NEMEROVSKI CANADY
FALK & RABKIN, P.C.
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: (415) 434-1600
Facsimile: (415) 217-5910
E-mail: bburk@howardrice.com

Mark A. Lemley (SBN 155830)
Matthew M. Werdegar (SBN 200470)
Dorothy McLaughlin (SBN 224018)
Benedict Y. Hur (SBN 229453)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: dmclaughlin@kvn.com

# EXHIBIT 1

## SETTLEMENT AGREEMENT

THIS AGREEMENT, dated and effective as of the last date executed below (the "Effective Date"), is by and between, on the one hand, the Estate of James Joyce (the "Estate") and Stephen James Joyce ("Joyce") and, on the other hand, Carol Loeb Shloss ("Shloss").

WHEREAS, in June of 2006, Carol Loeb Shloss brought an action for declaratory judgment and injunctive relief, and filed an Amended Complaint in October of 2006 pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. and 28 U.S.C. § 2201 against Seán Sweeney, in his capacity as Trustee of the Estate of James Joyce, and the Estate of James Joyce in Civil Action CV 06-3718 JW HRL; and

WHEREAS, in January of 2007, Carol Loeb Shloss brought an action for declaratory judgment and injunctive relief pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. and 28 U.S.C. § 2201 against Stephen James Joyce, both personally and in his capacity as Trustee of the Estate of James Joyce, in Civil Action C07 00517 MEJ (collectively, the two actions shall be referred to as the "Civil Actions"); and

WHEREAS, the parties wish to settle their disputes arising out of the Civil Actions;

NOW, THEREFORE, based on the foregoing and in consideration of the mutual promises and covenants contained herein, the adequacy of which is hereby acknowledged, the parties agree as follows:

1.  Definitions

    For purposes of this Agreement:.

    (a)  The "Supplement" shall mean the supplement to *Lucia Joyce: To Dance in the Wake* attached hereto as Exhibit A.

    (b)  The term "Estate" shall mean the Estate of James Joyce and its trustees, agents, and attorneys.

LAI-2855096v1

(c) The terms "Party" or "Parties" shall mean the Estate of James Joyce, Stephen James Joyce and/or Carol Loeb Shloss along with their respective trustees, agents, and attorneys.

(d) "Shloss" shall mean Carol Loeb Shloss and her agents and attorneys.

(g) "Joyce" shall mean Stephen James Joyce and his agents and attorneys.

2. Covenant Not To Sue

(a) In consideration of the promises made in this Agreement, the Stipulated Dismissal of the Civil Actions, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Estate and Joyce covenant and agree not to sue Shloss for infringement of any copyrights resulting from Shloss's publication, in either electronic or printed form, of the Supplement attached hereto as Exhibit A.

(b) Any publication of the Supplement, in either electronic or printed form, shall be limited to publication within the United States. Any publication of the Supplement on a Website must be accessible only within the United States to computers with a U.S. Internet Protocol ("IP") address.

(c) This Agreement may be pleaded as a complete defense to, and may be used as a basis for an injunction against, the bringing of any claim related to the publication of the Supplement as described in this Section 2.

(d) This Covenant shall be binding upon the Estate, Joyce and any of their respective successors or assigns.

3. Ownership of Lucia Joyce Copyrights

(a) Joyce and Sweeney understand and believe that Joyce is the sole beneficial owner of, and has control over, the copyrights in all of the works of Lucia Joyce.

(b) Defendants will provide Shloss with a copy of the letter dated 21 September 2006 from David Monro regarding the ownership of the Lucia Joyce Copyrights ("Letter").

(c) Shloss agrees to show the Letter to third parties only as part of determining her ability to use or publish material covered by the Lucia Joyce Copyrights contained in the Supplement under the terms of Section 2 of this Agreement.

(d) Shloss agrees to show the Letter only to those people necessary to accomplish (c) of this Section 3.

(e) The Estate and Joyce instruct their attorneys, Jones Day, that in the event that, having seen a copy of the Letter, a third party is still not satisfied of Shloss' ability to use or publish material as referenced in paragraph (c), above, and requests to see a copy of the operative documents, Jones Day shall show those documents to said third party.

(f) Nothing in this Agreement shall prohibit Shloss from using any documents she lawfully obtains from some source other than the Estate and/or Joyce.

4. <u>Disposition of the Civil Action</u>

Within 7 days of the Effective Date of this Agreement, the Parties will file the Stipulation and Order Dismissing Actions agreed to and signed by the Parties on March 16, 2007. The parties hereto acknowledge and agree this dismissal with prejudice does not preclude Joyce or the Estate from enforcing their Copyrights in any future litigation except as to the activities described in Section 2 of this Agreement.

The Parties agree that money damages would be an inadequate remedy for any breach of this Agreement, and agree that the provisions of this Agreement may be enforced by injunction or other order or decree of a court of competent jurisdiction.

LAI-2855096v1

5.  Severability

If any provision of this Agreement is held to be illegal, invalid or unenforceable, and if the rights or obligations of either party hereto under this Agreement will not be materially and adversely affected thereby, (a) said provision will be fully severable; (b) this Agreement will be construed and enforced as if said provision had never comprised a part hereof; (c) the remaining provisions of this Agreement will remain in full force and effect and will not be affected by said provision or by its severance herefrom; and (d) in lieu of said provision, there will be added automatically as part of this Agreement a legal, valid and enforceable provision as similar in terms to said provision as may be possible.

6.  Interpretation and Choice of Law

The language of this Agreement has been approved by counsel for the parties. The language of this Agreement shall be construed as a whole according to its fair meaning and none of the parties (nor the parties' respective attorneys) shall be deemed to be the draftsman of this Agreement in any action which may hereafter arise between the Parties. This Agreement shall be interpreted under the laws of the State of California.

7.  Notices

All notices, consents, requests, demands and other communications hereunder shall be in writing and shall be deemed to have been duly given or delivered as provided herein on the date delivered if delivered personally, or one business day after being sent by overnight delivery via a national courier service and, in either case, shall be addressed to the Party at the address provided in this Agreement or to such other address as any Party shall inform the other in writing:

| | |
|---|---|
| Joyce and Estate: | Maria K. Nelson, JONES DAY, 555 S. Flower Street, 46th Floor, Los Angeles, CA 90071 |
| Carol Loeb Shloss: | Anthony Falzone, Stanford Law School Center for Internet and Society, 559 Nathan Abbott Way, Stanford, CA 94305. |

LAI-2855096v1

8. <u>Assignment</u>

Carol Loeb Shloss may not transfer and/or assign this Agreement, and any of the rights or benefits granted to her hereunder.

9. <u>Counterparts</u>

This Agreement may be executed in duplicate and either original shall be deemed to be an original, but both originals together shall constitute one and the same instrument.

10. <u>No Admission of Liability</u>

This Agreement is given and accepted for the purpose of compromising disputed claims and avoiding the expense, inconvenience, and uncertainty of litigation. Nothing contained in this Agreement, nor any consideration given pursuant to it, shall constitute, be deemed, or be treated by any Party for any purpose as an admission of an act, position, omission, liability, or damages.

11. <u>Entire Agreement</u>

This Agreement embodies the entire agreement between the Parties relating to the subject matter herein, whether written or oral, and there are no other representations, warranties or agreements between the parties not contained or referenced in this Agreement. This Agreement may be amended, supplemented or modified only by a written instrument duly executed by or on behalf of every Party hereto which specifically refers to this Agreement.

Dated: March 16, 2007.  _____
Sean Sweeney, Trustee of the Estate of James James

Dated: _____, 2007.  _____
Stephen James Joyce, Personally, and as Trustee of the Estate of James Joyce

- 5 -

LAI-2855096v1

8. <u>Assignment</u>

Carol Loeb Shloss may not transfer and/or assign this Agreement, and any of the rights or benefits granted to her hereunder.

9. <u>Counterparts</u>

This Agreement may be executed in duplicate and either original shall be deemed to be an original, but both originals together shall constitute one and the same instrument.

10. <u>No Admission of Liability</u>

This Agreement is given and accepted for the purpose of compromising disputed claims and avoiding the expense, inconvenience, and uncertainty of litigation. Nothing contained in this Agreement, nor any consideration given pursuant to it, shall constitute, be deemed, or be treated by any Party for any purpose as an admission of an act, position, omission, liability, or damages.

11. <u>Entire Agreement</u>

This Agreement embodies the entire agreement between the Parties relating to the subject matter herein, whether written or oral, and there are no other representations, warranties or agreements between the parties not contained or referenced in this Agreement. This Agreement may be amended, supplemented or modified only by a written instrument duly executed by or on behalf of every Party hereto which specifically refers to this Agreement.

Dated: March 16, 2007.    _____
Sean Sweeney, Trustee of the Estate of James Joyce

Dated: 19 March, 2007.    _____
Stephen James Joyce, Personally, and as Trustee of the Estate of James Joyce

- 5 -

- 6 -

Dated: 16 March, 2007.         _____
                                Carol Loeb Shloss