# Exhibit A

Dockets.Justia.com

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

COPY

CAROL LOEB SHLOSS,                    )
                                      )
                 Plaintiff,           )
                                      )    No. C 06-03718 JW
         versus                       )
                                      )    January 31, 2007
SEAN SWEENEY, et al.,                 )
                 Defendant.           )
_____)


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE


A-P-P-E-A-R-A-N-C-E-S:

For the Plaintiff:        Stanford Law School Center
                          for Internet and Society
                          By: ANTHONY T. FALZONE
                              DAVID S. OLSON
                          Crown Quadrangle
                          559 Nathan Abbott Way
                          Stanford, CA 94305-8610

For the Defendants:       Jones Day
                          By: MARIA K. NELSON
                              ANNA E. RAIMER
                          555 South Flower Street
                          5th Floor
                          Los Angeles, CA 90071

Court Reporter:           Georgina Galvan Colin
                          License No. 10723

                                                                    1

```
 1    San Jose, California              January 31, 2007

 2                     P-R-O-C-E-E-D-I-N-G-S

 3              THE CLERK:  Calling case 06-03718, Carol

 4    Loeb Shloss versus Sean Sweeney, et al, on for

 5    defendant's motion to dismiss.  Fifteen minutes

 6    each side.

 7              Counsel, please step forward and state

 8    your appearances.

 9              MR. FALZONE:  Anthony Falzone for

10    Professor Carol Shloss.

11              MR. OLSON:  David Olson for Professor

12    Carol Shloss.

13              MS. NELSON:  Your Honor, Maria Nelson for

14    the estate of James Joyce.  With me is my associate

15    Anna Raimer, and the defendant Sean Sweeney.

16              MR. FALZONE:  Your Honor, I have with me

17    the plaintiff, Professor Carol Shloss.

18              THE COURT:  Good morning.  Good morning

19    all; welcome.

20              Very well, this is your motion,

21    Ms. Nelson, to dismiss.

22              MS. NELSON:  That is correct, your Honor.

23              THE COURT:  Do you want to, you can

24    submit it on the papers or make an argument if you

25    wish.
```

2

1    contains part of the controversy and those are the

2    cuts the publisher made.  The 2006 additions add to

3    that material that Professor Shloss herself cut

4    from the manuscript out of fear of litigation and

5    due to threat of suit.  And your Honor is correct,

6    there is no doubt that the issue framed by the

7    amended complaint is the 2006 website.  And the

8    fact of the matter is the covenant simply does not

9    cover that controversy.  The covenant covers only

10   the 2005 website, and doesn't speak as to the 2006

11   website at all.

12          Now, there is also no doubt that the

13   material that was added in 2006 relates directly to

14   the threats the Estate made here.  In the

15   correspondence the trustee of the Estate, Stephen

16   James Joyce, told Professor Shloss and her

17   publisher that they may not use anything that James

18   Joyce ever wrote, or anything Lucia Joyce ever

19   wrote, drew, painted or recorded, and that's a

20   quote.  And if they did there would be

21   repercussions; the Estate has never lost in a

22   lawsuit; their legal record is crystal clear; they

23   put their money where their mouth is.  And indeed

24   they have in four other litigations.  So the nexus

25   between the two is inescapable.  They are both

                                              10

```
 1                 And it seems to me a simple solution to
 2       this, if there is a desire to resolve the case,
 3       which I sense, and that is to negotiate such a
 4       covenant.  But if you are unwilling to give it,
 5       that creates a controversy.
 6                 MS. NELSON:  Your Honor, certainly
 7       negotiating a covenant is something that the Estate
 8       has considered.  And you know, quite frankly,
 9       having a substantial amount of new materials dumped
10       into this lawsuit after the Estate had very clearly
11       indicated it had absolutely no interest in
12       litigation, it doesn't seem that the Estate should
13       have to give that covenant.  That doesn't mean it
14       won't.
15                 THE COURT:  Oh, I'm not enforcing it.
16       All I'm saying is this is a motion to dismiss the
17       case, and if you want to, if there is no, you don't
18       desire litigation over this, there are ways to
19       resolve it short of getting the Court involved.  I
20       do have some concerns because of the mixture of
21       copyright and privacy issues that I haven't quite
22       sorted out but I figure that will happen in the
23       course of litigation.  And so it is my
24       predisposition, and nothing in this argument has
25       changed it, to deny the motion to dismiss for lack
                                                       18
```

1    of subject matter jurisdiction on the grounds that

2    there's no case or controversy.

3          There may be circumstances under which

4    after you get involved might raise affirmative

5    defenses, and one of the ways that I will know

6    whether or not there is a case or controversy is

7    whether or not in your response you file a counter

8    claim for copyright infringement with respect to

9    the site.  If you don't, that might help me to say

10   somebody ought to move for summary judgment.

11         MS. NELSON:  Understood, your Honor.  And

12   just a couple of points, we would appeal to your

13   Honor's discretion also to dismiss this case.  This

14   is a case, as you can see from Shloss's declaration

15   as of February 6, 2003, Mr. Lessig was already

16   involved, they were already considering a

17   declaratory judgment action, and we would submit

18   that this is a case that never needed to be filed.

19   That this is something that Mr. Lessig and

20   Ms. Shloss have deliberately sought.  And so it

21   really is not an appropriate case to be before this

22   court, which we have been telling the other side

23   all along.

24         THE COURT:  Well, I don't, I would not

25   exercise my discretion in response to that

                                                    19

GEORGINA GALVAN COLIN, CSR 10723

1    statement.  I have to accept the allegations of the

2    complaint as true.  And it sounds to me like what I

3    have before me is a scholar who started out doing

4    the work and only became advised by lawyers after

5    the work got to be controversial, and that's a wise

6    thing to do.  There is no criticism that I should

7    issue against the lawyers or Dr. Shloss with

8    respect to how they conducted themselves, nor of

9    the Estate quite frankly.  If there is a belief

10   that this material does indeed infringe on

11   copyright issues, it's right to have asserted that,

12   to have put the case properly before some neutral

13   person to get that resolved.  And so as far as I'm

14   concerned everybody is in the right place right

15   now.

16           MS. NELSON:  Your Honor, we would

17   certainly direct your attention to the Estate's

18   motion to strike the various affirmative defenses,

19   in particular copyright misuse, and the 1922

20   *Ulysses* status as being in the public domain.  It

21   is the Estate's position and firm belief that this

22   case is really not about the website at all, but it

23   is really a pretext to get discovery, broad

24   discovery against the Estate and a bunch, in

25   actions that the Estate, that quite frankly

                                                      20

1    relaxed.  Now, I submit that we meet either test.

2    We meet the reasonable apprehension test; we meet

3    the *MedImmune* test.  But I do just want to note

4    that for the record.

5         THE COURT:  Well, we had another lively

6    debate about that, because it seems to me that what

7    has happened is a lot of a patent context as I'm

8    coming to understand is being brought into the

9    copyright field and the test I will try and

10   articulate in my order is the one that the Court

11   adopts.  And at this point I have not found that

12   there is any lack of allegations that are true to

13   meet any standard for apprehension of suit

14   sufficient to create a case or controversy.

15        Ms. Nelson, you want to have a final

16   word?

17        MS. NELSON:  Yes, your Honor.

18        First of all, the covenant not to sue, it

19   is in my declaration that we had given an oral

20   indication to Mr. Falzone before the amended

21   complaint was filed.  So, right, there is nothing

22   written but certainly they did have that

23   indication.  Also to correct, there was no threat

24   against *Ulysses* or anything that James Joyce

25   himself ever wrote.  The threats, if there were

                                              29

1           CERTIFICATE OF REPORTER

2

3

4          I, Georgina Galvan Colin, Court Reporter

5      for the United States District Court for the

6      Northern District of California, 280 South First

7      Street, San Jose, California, do hereby certify:

8          That the foregoing transcript is a full,

9      true and correct transcript of the proceeding had

10     in Carol Loeb Shloss vs Sean Sweeney, et al., Case

11     Number C-06-03718 JW, dated January 31, 2007, that

12     I reported the same in stenotype to the best of my

13     ability, and thereafter had the same transcribed by

14     computer-aided transcription as herein appears.

15

16

17     Dated: 2/8/07

18

19

20     _____
       GEORGINA GALVAN COLIN, CSR
21     License Number 10723

22

23

24

25

                                                    33

GEORGINA GALVAN COLIN, CSR 10723