| | |
|---|---|
| 1 | Maria K. Nelson (State Bar No. 155,608) |
| | mknelson@jonesday.com |
| 2 | Anna E. Raimer (State Bar No. 234,794) |
| | aeraimer@jonesday.com |
| 3 | Antionette D. Dozier (State Bar No. 244,437) |
| | adozier@jonesday.com |
| 4 | JONES DAY |
| | 555 South Flower Street |
| 5 | Fiftieth Floor |
| | Los Angeles, CA  90071-2300 |
| 6 | Telephone:    (213) 489-3939 |
| | Facsimile:     (213) 243-2539 |

Attorneys for Defendants
SEÁN SWEENEY AND THE ESTATE OF JAMES JOYCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CAROL LOEB SHLOSS,** | Case No. CV 06-3718 JW (HRLx) |
| Plaintiff, | **DEFENDANTS' EVIDENTIARY OBJECTIONS TO EXHIBITS A, B, J, AND Q TO THE DECLARATION OF DAVID S. OLSON** |
| v. | |
| **SEÁN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE,** | Date:        June 4, 2007 |
| | Time:        9:00 a.m. |
| | Judge:       Hon. James Ware |
| **Defendants.** | |

1  Pursuant to Civil Local Rule 7-5, Rule 56 of the Federal Rules of Civil Procedure and
2  Rules 401, 402, 403, 408, 602, and 802 of the Federal Rules of Evidence, Defendants hereby
3  object to the following exhibits to the Declaration of David Olson filed in Support of Plaintiff's
4  Motion For Award of Attorneys' Fees and Costs ("Olson Declaration"):  Exhibit A (the
5  Declaration of Carol Loeb Shloss filed in Support of Plaintiff's Opposition to Defendants' Motion
6  to Dismiss), Exhibit B (an article from "The New Yorker"), Exhibit J (and article from "The Irish
7  Times"), and Exhibit Q (the Declaration of David Olson filed in Support of Plaintiff's Opposition
8  to Defendants' Motion to Dismiss).
9  Defendants object to the aforementioned exhibits pursuant to Civil Local Rule 7-5(b),
10  which provides "[a]n affidavit or declarations may contain only facts, must conform as much as
11  possible to the requirements of [Federal Rule of Civil Procedure] 56(e), and must avoid
12  conclusions and argument."  Federal Rule of Civil Procedure 56(e) requires opposing affidavits to
13  be made on personal knowledge, set forth specific facts that would be admissible in evidence, and
14  show that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. Proc. 56(e);
15  *see also Columbia Pictures Indus. Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F. 2d 1525, 1529
16  (9th Cir. 1991) (finding the affidavit did not satisfy the requirements of Fed. R. Civ. P. 56(e)
17  because it was not based on personal knowledge).  A declaration not in compliance with Civil
18  Local Rule 7-5(b), including the requirements of Federal Rule Civil Procedure 56(e), may be
19  stricken in whole or in part.  Civil L.R. 7-5(b); *see also Block v. City of Los Angeles*, 253 F.3d
20  410, 418-419 (9th Cir. 2001) (holding district court abused its discretion in admitting affidavit
21  that was not based on the personal knowledge of the affiant when it was clear the affiant was not
22  personally involved in the facts alleged); *Davenport v. M/V New Horizon*, 2002 U.S. Dist. LEXIS
23  26811, at *7-8 (N.D. Cal. 2002) (striking portions of the declaration which were not based on the
24  declarant's personal knowledge). Defendants object to the following specific portions of the
25  Olson Declaration:
26  1.  Defendants object to portions of Exhibit A for the same reasons explained in
27  "Defendants' Substitute Evidentiary Objections to the Declaration of Carol Loeb Shloss the
28  Declaration of David S. Olson, Exhibits A, P, R and T to the Declaration of Carol Loeb Shloss,

LAI-2870684v1

- 2 -

DEFENDANTS' EVIDENTIARY
OBJECTIONS CV 06-3718 JW (HRLx)

and Exhibits 2, 3, 4 and 5 to the Declaration of Robert Spoo" filed with this Court on January 23, 2007.

    2.    Defendants object to Exhibit B to the Olson Declaration because the document is a magazine article, which is inadmissible hearsay (F.R.E. 802) to the extent that the statements in the document are offered for the truth of the matters asserted therein.

    3.    Defendants object to Exhibit J to the Olson Declaration because the document is a newspaper article, which is inadmissible hearsay (F.R.E. 802) to the extent that the statements in the document are offered for the truth of the matters asserted therein.

    4.    Defendants object to portions of Exhibit Q for the same reasons explained in "Defendants' Substitute Evidentiary Objections to the Declaration of Carol Loeb Shloss the Declaration of David S. Olson, Exhibits A, P, R and T to the Declaration of Carol Loeb Shloss, and Exhibits 2, 3, 4 and 5 to the Declaration of Robert Spoo" filed with this Court on January 23, 2007.

Dated: May 14, 2007                      JONES DAY

By:      /s/
     Maria K. Nelson

Attorneys for Defendants
SEÁN SWEENEY AND THE ESTATE OF JAMES JOYCE