# EXHIBIT B

Shloss v. Sweeney et al     Doc. 84 Att. 2

Case 5:06-cv-03718-JW     Document 84-3     Filed 05/21/2007     Page 1 of 4

Anthony T. Falzone
Executive Director
Fair Use Project
Center for Internet
and Society

Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Tel  650 736-9050
Fax  650 723-4426
falzone@stanford.edu

Stanford Law School

VIA ELECTRONIC MAIL AND FACSIMILE

May 10, 2007

Anna E. Raimer, Esq.
Jones Day
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071

Re:   Shloss v. Estate of Joyce, et al.
      Case Number CV 06-3718 (JW)

Dear Ms. Raimer:

David Olson is traveling in Europe this week, so I am responding to your letter of May 7 concerning Professor Shloss's pending motion for attorneys' fees. In that letter, you assert that this fee motion represents some "attempt to ambush the defendants." That assertion is both improvident and unsupported. We address the specific concerns you raise in turn.

First, you complain that we failed to meet and confer as required by Local Rule 54-6(a) before filing the motion. You are correct that we did not contact you about this fee motion prior to filing it. We did, however, contact Maria Nelson on April 10 – the same day we filed the motion – to discuss the hearing date for it. In response, Maria asked to defer the hearing date to provide your office with more time to draft your opposition papers. We agreed, and accepted Maria's suggestion of a June 4 hearing date.

During those discussions, neither Maria nor anyone else from your office raised, much less attempted to meet and confer on, any issue except the timing of the briefing and the hearing, as to which you received everything you requested. Maria's sole comment on the merits during this entire exchange was a cryptic remark in an April 19 email to David Olson, in which she stated her agreement on the hearing date should not be taken to waive any contention that Professor Shloss's motion was

"improperly filed." David responded the same day and asked Maria to explain any concerns or contentions to which that remark might refer. Specifically, he wrote:

> "I am curious, however, what you mean when you refer to an argument that our motion was improperly filed? If you think this motion is improper, or must be withdrawn for any reason, I invite you to tell us now rather than later."

Neither Maria nor anyone else from your office responded to this query. Now, weeks later and just a few days before your opposition is due, you demand for the first time that we withdraw the fee motion based on a purported failure to meet and confer. Even now, your letter does not identify any specific issues you wish to meet and confer about. If there are specific issues that you think merit discussion, please identify them now and we will be happy to make ourselves available to talk about them.

Next, you complain that that the fee motion violates Local Rule 54-6(b) because it is not supported by evidence detailing the services rendered and amount of time spent litigating this action. As our moving papers make clear, we intend to file such documentation as part of our pending motion for attorneys' fees if and when the Court determines Professor Shloss is entitled to an award of fees. At that point you would, of course, have the opportunity to review that documentation in detail and to challenge the amount requested on any appropriate ground.

We chose to bring this fee motion in two steps on the assumption that neither side would benefit by reviewing and arguing about time records unless and until the Court decides a fee award is warranted. We think this is a sensible and efficient way to proceed, and nothing in the applicable case law or Local Rules prohibits it. If you would prefer to put yourselves to the additional effort, and your client to the additional expense, of litigating the amount of the fee award before your client's obligation to pay any fees has been determined, please let us know so that we can approach the Court together to inquire whether it has any preference in this regard.

Finally, you summarily characterize the motion as "baseless" and demand that it be withdrawn on threat of personal sanctions against counsel. You cite no evidence or authority to support your assertion that the motion is "baseless" and you do not address any of the detailed evidence and authority provided in our moving papers. As you must be aware from reviewing our papers, the Copyright Act expressly authorizes an award of attorneys' fees to a prevailing party, including parties who, like Professor Shloss, prevail by settlement. Had your clients wished to preclude Professor Shloss from seeking attorneys' fees, they could have asked for that concession during settlement negotiations. Your clients did not do so, and Professor Shloss's request is proper and well-supported by statute and case law.

In short, your letter provides no legal or factual basis on which Professor Shloss's motion should be withdrawn, and she declines to withdraw it. Your letter also does nothing to advance the meet and confer you suggest you have been deprived of, despite our three-week-old invitation to you to identify your specific concerns.

We remain available, as we have been throughout, to discuss any procedural or substantive issues with you at your convenience. In the meantime, if you insist on proceeding with the threatened application for sanctions, we expect you will provide a copy of this letter to the Court so that Judge Ware is fully apprised of all the relevant circumstances.

Sincerely yours,

Anthony Falzone/als

Anthony T. Falzone

cc:   Maria K. Nelson
      David S. Olson