# EXHIBIT C

Dockets.Justia.com

# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071-2300
TELEPHONE: 213-489-3939 • FACSIMILE: 213-243-2539

Direct Number: (213) 243-2804
aeraimer@jonesday.com

JP005511
931265-600001

May 14, 2007

<u>VIA E-MAIL AND U.S. MAIL</u>

Anthony T. Falzone
STANFORD LAW SCHOOL CYBERLAW CLINIC
559 Nathan Abbott Way
Stanford, California  94305-8610

Re:    <u>Shloss v. Sweeney, et al.</u>

Dear Mr. Falzone:

We are in receipt of your letter of May 10, 2007, in which you state that Ms. Shloss declines to withdraw the motion for attorneys' fees and costs. Please note that our previous correspondence to Mr. Olson was a response to the alleged "invitation" to discuss the issues, which we do so further below.

While you admit in your letter that you failed to meet and confer regarding the motion prior to filing it, you do not address the reasons for your failure to follow the local rules, and you do not address the fact that it was your duty to initiate and hold a meet and confer before filing the motion. Civ. L. R. 54-6(a). Without a declaration that you attempted to hold a meet and confer, we believe that your motion should have been rejected by the Court. You also failed to consult with us on a hearing date and schedule before filing the motion, which you are required to do. Civ. L. R. 54-6(a). As Shloss's counsel, you are required to know and follow the local rules for which you have shown a blatant disregard. *See* Civ. L. R. 11-4(a)(2).

Moreover, your failure to raise the attorneys' fees issue in settlement discussions when you clearly intended to file such a motion coupled with the defendants' belief that any claim for attorneys' fees was being relinquished with the dismissal of Ms. Shloss's claims demonstrates that no valid settlement agreement was reached between the parties. If you persist with your motion, please be advised that we will request the Court to throw out the settlement agreement and vacate its dismissal of the action. We will then bring a motion for summary judgment and request attorneys' fees.

Further, as our opposition papers will demonstrate, we believe your motion is meritless. Applying the prevailing party test provided in your motion, defendants are the prevailing party to this action because Ms. Shloss dismissed all of her claims and received none of the relief requested in her various Complaints. Furthermore, this case

LAI-2871159v1

JONES DAY

Anthony T. Falzone
May 14, 2007
Page 2

was settled for nuisance value, which does not convey prevailing party status. *See Texas State Teachers Assoc. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) (citing *Chicano Police Officer's Assoc. v. Stover*, 624 F.2d 127, 131 (10th Cir. 1980) ("nuisance settlements, of course, should not give rise to a 'prevailing' plaintiff").

We look forward to your prompt response.

Very truly yours,

Anna E. Raimer