1  Lawrence Lessig
   Anthony T. Falzone (SBN 190845)
2  David S. Olson (SBN 231675)
   STANFORD LAW SCHOOL CENTER FOR
3  INTERNET AND SOCIETY
   559 Nathan Abbott Way
4  Stanford, California  94305-8610
   Telephone:  (650) 724-0517
5  Facsimile:  (650) 723-4426
   E-mail:     falzone@stanford.edu

6  Mark A. Lemley (SBN 155830)
   Matthew M. Werdegar (SBN 200470)
7  Dorothy McLaughlin (SBN 229453)
   KEKER & VAN NEST LLP
8  710 Sansome Street
   San Francisco, California  94111
9  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
10 E-mail:     mwerdegar@kvn.com

11 Bernard A. Burk (SBN 118083)
   Robert Spoo (*pro hac vice*)
12 HOWARD RICE NEMEROVSKI CANADY
   FALK & RABKIN, P.C.
13 Three Embarcadero Center, 7th Floor
   San Francisco, California  94111-4024
14 Telephone: (415) 434-1600
   Facsimile:  (415) 217-5910
15 E-mail:     bburk@howardrice.com

16 Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CAROL LOEB SHLOSS,<br><br>    Plaintiff,<br><br>    v.<br><br>SEÁN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE,<br><br>    Defendants. | CASE NO. CV 06-3718 (JW) (HRL)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO EXHIBITS A, B, J, AND Q TO THE DECLARATION OF DAVID S. OLSON**<br><br>Date:    June 4, 2007<br>Time:   9:00 a.m.<br>Judge:  Hon. James Ware |

RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS

1    Plaintiff Carol Loeb Shloss ("Shloss") respectfully submits this response to
2 Defendants' Evidentiary Objections to Exhibits A, B, J, and Q to the Declaration of David S.
3 Olson ("Objections").
4
5                               **EXHIBIT A**
6    1.   Exhibit A to the Declaration of David S. Olson in Support of Plaintiff's
7 Motion for Award of Attorney's Fees (hereafter, the "Olson Declaration") is a copy of the
8 declaration that Shloss submitted in support of her opposition to Defendants' unsuccessful
9 motion to dismiss this action for lack of subject matter jurisdiction. Here, Defendants object to
10 "portions" of that Shloss declaration, but do not specify the "portions" to which they object. Nor
11 do they offer any specific objections. Instead, they ambiguously incorporate by reference
12 objections they made previously. Accordingly, Defendants' objections should be overruled for
13 lack of specificity. To the extent Defendants are relying on the same challenges regarding
14 supposed speculativeness and lack of personal knowledge, Shloss hereby incorporates
15 paragraphs 1-9 of her Responses to Defendants' Original Objections (hereafter, collectively,
16 "Original Responses").
17
18                               **EXHIBIT B**
19    2.   Exhibit B to the Olson Declaration is a 2006 article from the *New Yorker*
20 magazine detailing Stephen James Joyce's active hostility toward Joyce scholarship, as well as
21 the lawsuits and threats of lawsuits by Defendants against Joyce scholars and others. Defendants
22 object to certain "statements" in this article on hearsay grounds but again do not specify the
23 statements to which they object. Accordingly, Defendants' objection should be denied for lack
24 of specificity. The most relevant of the statements contained in the *New Yorker* article are those
25 by Mr. Joyce, notably those condemning Joyce scholars as "rats and lice" that should be
26 "exterminated" and asserting a determination to protect the "privacy" of Joyce family members,
27 living and deceased, by opposing the efforts of scholars. These statements by Mr. Joyce are
28 directly relevant to and contradictory of positions taken by Defendants in this lawsuit and in their

1   Opposition to the present fee motion, and are non-hearsay party admissions under Federal Rule
2   of Evidence 801(d)(2).  The statements in the *New Yorker* article are also offered for the non-
3   hearsay purpose of demonstrating Defendants' state of mind, namely their anti-scholarly
4   motivations and unreasonableness leading up to and continuing throughout this litigation—
5   factors that are relevant to the Court's discretionary analysis under *Fogerty v. Fantasy, Inc.*, 510
6   U.S. 517 (1994).
7
## EXHIBIT J
9       3.   Exhibit J to the Olson Declaration is an article from the Irish Times
10  containing, among other things, statements by Stephen James Joyce acknowledging that he
11  refused to permit a young Irish composer to use a few words from James Joyce's work
12  *Finnegans Wake* in a choral piece.  These statements are admissible for the reasons set forth in
13  paragraph 2 above.
14
## EXHIBIT Q
16      4.   Exhibit Q to the Olson Declaration is a copy of the declaration that David
17  Olson submitted in opposition to Defendants' unsuccessful motion to dismiss.  Here, Defendants
18  object to "portions" of Exhibit Q, but do not specify the "portions" to which they object.  Nor do
19  they offer any specific objections.  Instead, they ambiguously incorporate by reference objections
20  they made previously.  Accordingly, Defendants' objections should be overruled for lack of
21  specificity.
22      To the extent that Defendants are relying on the same objections they raised in
23  connection with their unsuccessful motion to dismiss, those objections are beside the point here.
24  Defendants' previous objections related to paragraph 7 of the declaration that Mr. Olson
25  submitted in opposition to Defendants' motion to dismiss.  The portion of Exhibit Q that is
26  relevant here is paragraph 6 (cited in Shloss's Memorandum of Points and Authorities in Support
27  of Motion for Award of Attorneys' Fees at page 15).  Defendants raised no previous objection to
28  that paragraph, and identify no specific objection to it here.  In any event, to the extent

1  Defendants repeat some or all of their previous objections to Exhibit Q, Shloss hereby
2  incorporates by reference her Original Responses here.

/s/_____
DAVID S. OLSON