United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Carol L. Shloss, | NO. C 06-03718 JW |
|         Plaintiff,<br>  v.<br>Seán Sweeney, et al.,<br>        Defendants. | **ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS** |

## I. INTRODUCTION

Carol Loeb Shloss ("Plaintiff") brought this action for a declaratory judgment and injunctive relief pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and 28 U.S.C. § 2201. Plaintiff sought a declaratory judgment that the use of certain written works in an electronic supplement to her book, if published, will not infringe any copyrights controlled or owned by the Estate of James Joyce ("Estate"), Stephen James Joyce, and Seán Sweeney, in his capacity as the trustee of the Estate (collectively, "Defendants"). The parties reached a settlement and filed a stipulated dismissal, which the Court approved. Presently before the Court is Plaintiff's Motion for Award of Attorney Fees and Costs. The Court finds it appropriate to take the motion under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Plaintiff's Motion for Award of Attorney Fees and Costs.[1]

---

[1] The Court acknowledges receipt of Defendants' Evidentiary Objections to Exhibits A, B, J, and Q to the Declaration of David S. Olson, Docket Item No. 81. Since the Court does not rely on any of these four exhibits in this Order, the Objections are moot.

## II. BACKGROUND

In June 2006, Plaintiff brought this action for declaratory and injunctive relief pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff alleged four causes of action: (1) Counts 1 and 2, for a declaratory judgment that the Electronic Supplement does not infringe Defendants' copyrights or is presumptively fair use; (2) Count 3, for a declaratory judgment of copyright misuse; and (3) Count 4, for a declaratory judgment of Defendants' unclean hands. The factual allegations are found in the Court's February 9, 2007 Order denying Defendants' motion to dismiss. (hereafter, "February 2007 Order," Docket Item No. 21.)

In its February 2007 Order, the Court found that (1) Plaintiff had a real and reasonable apprehension of copyright liability sufficient to create an actual controversy between the parties; (2) Defendants' then-proposed covenant not to sue was inadequate to moot that controversy; and (3) Plaintiff had sufficiently alleged a nexus between Defendants' actions and the Copyright Act's public policy of promoting creative expression to support a cause of action for copyright misuse. Id.

In March 2007, the parties reached a settlement. Defendants covenanted "not to sue Shloss for infringement of any copyrights resulting from Shloss's [sic] publication, in either electronic or printed form, of the Supplement . . ." Publication of the Supplement was limited to the United States. Defendants also agreed to provide Plaintiff with a copy of the September 21, 2006 letter from David Munro regarding the ownership of the Lucia Joyce copyrights. Defendants did not admit any actions, omissions, liability or damages under the settlement. The settlement agreement did not address the issue of attorney fees. (See Stipulation and Proposed Order Ex. 1, hereafter, "Settlement Agreement," Docket Item No. 71.) The Court approved the Settlement Agreement, dismissed the actions with prejudice, and retained jurisdiction to enforce the Settlement Agreement. (See Stipulation and Order Dismissing Actions, Docket Item No. 72.)

Presently before the Court is Plaintiff's Motion for Attorney Fees and Costs.

### III. STANDARDS

Under the Copyright Act, the court may award a reasonable fee to the "prevailing" party. 17 U.S.C. § 505. Under Supreme Court precedent, a "prevailing party" must (1) achieve a material alteration of the legal relationship of the parties (2) which alteration is judicially sanctioned. Carbonell v. INS, 429 F.3d 894, 897-98 (9th Cir. 2005) (citing Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., 523 U.S. 598, 604-05 (2001)).

### IV. DISCUSSION

Plaintiff contends that she is the "prevailing party" in this litigation, because the parties' Settlement Agreement effected a material alteration in the parties' legal relationship. (Notice of Motion and Motion for Award of Attorneys' Fees and Costs; Memorandum of Points and Authorities in Support at 10-11, hereafter, "Motion," Docket Item No. 73.) Defendants contend that they are the prevailing party, because the Settlement Agreement resulted in Plaintiff's dismissal of her action with prejudice. (Defendants' Opposition to Plaintiffs' Motion for Award of Attorneys' Fees and Costs at 7-8, hereafter, "Opposition," Docket Item No. 78.)

The Ninth Circuit has found, *inter alia*, that an enforceable judgment on the merits, a court-ordered consent decree, a preliminary injunction, and a legally enforceable settlement agreement can each represent a material alteration in the parties' relationship sufficient to justify an award of attorney fees. Carbonell, 429 F.3d at 898-99. For instance, one plaintiff under the Americans with Disabilities Act of 1990 ("ADA") reached a settlement agreement prohibiting the defendant, an interscholastic federation, from excluding plaintiff from on-field coaching of baseball games, and requiring the defendant to pay money damages. Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002). The court found that the plaintiff was the prevailing party because he could enforce the terms of the settlement agreement against the defendant. Id.

A plaintiff need not secure complete relief via settlement agreement in order to receive prevailing party status. For instance, in another Ninth Circuit ADA case, the parties reached a settlement agreement of which the district court found: "[A]lthough the settlement mandates are

3

1 significantly less than the relief the Plaintiffs sought . . . [they] have achieved greater safeguards
2 against inappropriate transfers to community placements and greater input from healthcare
3 professionals into the decision to transfer consumers . . ." Richard S. v. Dep't of Dev. Servs., 317
4 F.2d 1080, 1087 (9th Cir. 2003). The Ninth Circuit found in Richard S. that "prevailing party status
5 is not determined by the degree of success achieved;" rather, the level of success only affects the
6 amount of the fee award. Id. Since the district court had previously found that the plaintiffs were
7 the "prevailing party to a limited extent," they were entitled to fees and costs. Id.

8 In this case, Plaintiff secured via Settlement Agreement the essence of the relief she had
9 sought: the ability to publish the Electronic Supplement online for access within the United States,
10 without threat of suit from Defendants. Moreover, Plaintiff secured further relief not even requested
11 in her First Amended Complaint: that is, the ability to publish her Electronic Supplement in *print*
12 format, without fear of suit from Defendants. In return, Plaintiff agreed only to dismiss her claims
13 with prejudice; she did not agree to pay Defendants money or to limit her conduct. Defendants'
14 contention that they are the "prevailing party" because Plaintiff agreed to dismiss her claims with
15 prejudice is untenable. It would mean that any party who secures a dismissal with prejudice of the
16 claims against them by acquiescing to the opposing party's demands, is actually the prevailing party
17 (and potentially entitled to an award of attorney fees.)

18 Defendants also contend that as an alternative to ruling on Plaintiff's motion for attorney
19 fees, the Court should vacate the dismissal entered in the action based on the Settlement Agreement
20 pursuant to Federal Rule of Civil Procedure Rule 60(b)(6). (Opposition at 23.) Rule 60(b)(6)
21 provides, "On motion and upon such terms as are just, the court may relieve a party or a party's legal
22 representative from a final judgment, order, or proceeding for . . . any other reason justifying relief
23 from the operation of the judgment." Defendants have identified no valid reason justifying relief
24 from the Settlement Agreement or the Order Granting Stipulated Dismissal with Prejudice. The
25 issue of Plaintiff's entitlement to attorney fees was not addressed in either the Agreement or the
26 Order of Dismissal. The Court finds that as parties well represented by counsel, Defendants had no

4

basis to believe that the issue of attorney fees was disposed of by a Settlement Agreement that made no reference to attorney fees.

Accordingly, the Court finds that, by the Settlement Agreement, Plaintiff achieved a material, judicially sanctioned alteration in the parties' legal relationship. Thus, an award of attorney fees is proper.

## V.  CONCLUSION

The Court GRANTS Plaintiffs' Motion for Attorney Fees and Costs. The parties shall submit any future motions regarding the amount of fees and costs to the assigned Magistrate Judge.

Dated:  May 30, 2007

JAMES WARE
United States District Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Anthony T. Falzone anthony.falzone@stanford.edu
Bernard A. Burk bburk@howardrice.com
David S. Olson dolson@law.stanford.edu
Dorothy Rebecca McLaughlin dmclaughlin@kvn.com
Jennifer Stisa Granick JENNIFER@LAW.STANFORD.EDU
Maria Kara Nelson mknelson@jonesday.com
Mark Alan Lemley mlemley@kvn.com
Matthew Mickle Werdegar mmw@kvn.com

**Dated:  May 30, 2007**                                      **Richard W. Wieking, Clerk**

**By:   /s/ JW Chambers**
         **Elizabeth Garcia**
         **Courtroom Deputy**