LAWRENCE LESSIG
ANTHONY T. FALZONE (SBN 190845)
anthony.falzone@stanford.edu
JULIE A. AHRENS (SBN 230170)
jahrens@law.stanford.edu
STANFORD LAW SCHOOL
CENTER FOR INTERNET AND SOCIETY
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 736-9050
Facsimile: (650) 723-4426

MARK A. LEMLEY (SBN 155830)
mlemley@kvn.com
MATTHEW M. WERDEGAR (SBN 20047)
mwerdegar@kvn.com
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, California 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

BERNARD A. BURK (No. 118083)
bburk@howardrice.com
ROBERT SPOO (admitted *pro hac vice*)
rspoo@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone:   (415) 434-1600
Facsimile:    (415) 217-5910

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CAROL LOEB SHLOSS,<br><br>                    Plaintiff,<br><br>     v.<br><br>SEAN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE<br><br>                    Defendants. | No.  C 06 3718 JW HRL<br><br>Date: November 12, 2007<br>Time: 9:00 a.m.<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR JUDICIAL CLARIFICATION OF BASES FOR PRIOR ORDER AWARDING ATTORNEYS' FEES** |

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR JUDICIAL CLARIFICATION

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 12, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8, 4th Floor of the above-entitled Court located at 280 South 1st Street, San Jose, CA, 95113, the Honorable James Ware presiding, Plaintiff Carol Loeb Shloss ("Shloss") will and hereby does move this Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to clarify the Court's Order Granting Plaintiff's Motion for Award Of Attorney Fees And Costs dated May 30, 2007.

1    ***Introduction.*** During the time since the Court ruled that Plaintiff Carol Shloss should recover
2    her attorneys' fees in this action, the parties have attempted to agree on an amount for such fees,
3    unfortunately without success. Before initiating the motions practice necessary to determine that
4    amount judicially, Plaintiff respectfully asks the Court to clarify in part the basis for the Court's
5    Order Granting Plaintiff's Motion For Award Of Attorneys' Fees And Costs dated May 30, 2007
6    (the "Order").

7    Plaintiff seeks this clarification because, under governing law, an award of fees in a copyright
8    case lies within the District Court's sound discretion, guided by certain factors articulated by the
9    United States Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), and thus often
10   referred to as the *Fogerty* factors. The Court's earlier Order awarding Professor Shloss her fees
11   fully explored the issues surrounding why she should be considered the prevailing party for these
12   purposes. But the Order's consideration of at least some of the *Fogerty* factors was more implicit
13   than explicit. Professor Shloss is concerned that Defendants will challenge the Court's fee award on
14   appeal once proceedings are completed, and that Defendants will seize on the less explicit aspects of
15   the Court's ruling to argue that the Court exercised its discretion improperly, or not at all. While she
16   believes that the reasons for the Court's exercise of discretion can be inferred from the record and
17   the parties' briefing, and regrets the need to bring this issue back before the Court, she respectfully
18   suggests that a supplemental order clarifying more explicitly the basis for the Court's exercise of its
19   discretion according to the *Fogerty* factors will obviate any question the Defendants may seek to
20   raise before the Court of Appeals regarding the basis for the Court's ruling.

21   ***The Court has the authority to clarify the bases for its prior Order***. The Order is
22   interlocutory, and therefore the Court has the inherent and plenary power to modify or clarify it at
23   any time before final judgment. *See City of Los Angeles, Harbor Division v. Santa Monica
24   Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001); *see also* Fed. Rule Civ. Proc. 54(b).

25   ***Clarification as requested will assist the parties and the Court of Appeals in the event
26   Defendants insist on appellate review***. The case law makes clear that where an award of attorneys'
27   fees furthers the purposes of the Copyright Act, as the award in this case does, an order granting the
28   prevailing party's fee request is appropriate. Because a fee award under section 505 of the Copyright

1  Act is not automatic, but rather within the District Court's discretion, appellate courts often look to
2  the District Court's analysis supporting its exercise of that discretion. *See Hensley v. Eckerhart*, 461
3  U.S. 424, 437 (1983) (stating it is important for a district court "to provide a concise but clear
4  explanation of its reasons for the fee award"). In particular, in addition to determining the prevailing
5  party, as the Court expressly did in the original Order, the District Court may wish its decision
6  awarding fees to reflect the reasons the award furthers the purposes of the Copyright Act. *Fogerty*,
7  510 U.S. at 534 n.19; *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). In addition, the
8  Ninth Circuit has identified several other non-exclusive factors that District Courts may consider
9  when granting a fee award, including (1) the degree of success obtained, (2) frivolousness, (3)
10 motivation, (4) reasonableness of the losing party's legal and factual arguments, and (5) the need to
11 advance considerations of compensation and deterrence. *Wall Data Inc. v. Los Angeles County*
12 *Sheriff's Department*, 447 F.3d 769, 787 (9th Cir. 2006) (refusing to reverse district court's fee
13 award where the district court had considered and weighed the appropriate factors).

14 More explicit application of these factors to the record may assist the parties and the
15 Magistrate Judge in the proceedings to determine the proper amount of fees to be awarded, as well
16 as the Court of Appeals should Defendants seek review.

17 ***No further briefing is necessary***. The parties fully addressed the *Fogerty* factors in their
18 briefing on Plaintiff's original motion for fees. *See* Declaration of Julie A. Ahrens in Support of
19 Motion for Clarification ("Ahrens Decl."), Ex. A (Plaintiff's Memorandum of Points and Authorities
20 in Support of Motion for Award of Attorneys' Fees and Costs, Docket No. 73, filed April 10, 2007,
21 at 12-19); Ahrens Decl., Ex. B (Defendants' Opposition to Plaintiff's Motion for Award of
22 Attorneys' Fees and Costs, Docket No. 78, filed May 14, 2007 at 13-21); and Ahrens Decl., Ex. C
23 (Plaintiff's Reply Memorandum in Support of Plaintiff's Motion For Award Of Attorneys' Fees And
24 Costs, Docket No. 82, filed May 21, 2007, at 5-10). The Court thus was fully informed regarding the
25 relevant factors and how the record in this case weighed upon them, as is implicitly reflected in the
26 Court's original Order. As the parties have already fully briefed the issue, no further briefing on the
27 question should be necessary.

28 ***Conclusion***. Because further analysis from the Court regarding its reasons for awarding fees

here will help the parties as they proceed before the Magistrate Judge and in any future appeal, Professor Shloss respectfully requests that the Court clarify its original Order by stating more explicitly the respects in which, under *Fogerty* and its progeny, it considers its fee award to further the purposes of the Copyright Act.

DATED: October 2, 2007                         By:            /s/
                                                    Anthony T. Falzone
                                                    Julie A. Ahrens
                                                    STANFORD LAW SCHOOL
                                                    CENTER FOR INTERNET & SOCIETY
                                                    559 Nathan Abbott Way
                                                    Stanford, Ca 94305
                                                    Telephone:(650) 736-9050
                                                    Facsimile: (650) 723-4426

                                                    Mark A. Lemley
                                                    Matthew M. Werdegar
                                                    KEKER & VAN NEST LLP
                                                    710 Sansome Street
                                                    San Francisco, California 94111
                                                    Telephone: (415) 391-5400
                                                    Facsimile: (415) 397-7188

                                                    Bernard A. Burk
                                                    Robert Spoo
                                                    HOWARD RICE NEMEROVSKI
                                                    CANADY FALK & RABKIN
                                                    A Professional Corporation
                                                    Three Embarcadero Center, 7th Floor
                                                    San Francisco, California 94111-4024
                                                    Telephone: (415) 434-1600
                                                    Facsimile:(415) 217-5910

                                                    Attorneys for Plaintiff
                                                    CAROL LOEB SHLOSS