Maria K. Nelson (State Bar No. 155,608)
mknelson@jonesday.com
Anna E. Raimer (State Bar No. 234,794)
aeraimer@jonesday.com
Antionette D. Dozier (State Bar No. 244,437)
adozier@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:    (213) 489-3939
Facsimile:     (213) 243-2539

Attorneys for Defendants
SEÁN SWEENEY AND THE ESTATE OF JAMES JOYCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CAROL LOEB SHLOSS,**<br><br>             **Plaintiff,**<br><br>      v.<br><br>**SEÁN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE,**<br><br>             **Defendants.** | Case No. CV 06-3718 JW (HRL)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR JUDICIAL CLARIFICATION OF BASES FOR PRIOR ORDER AWARDING ATTORNEYS' FEES**<br><br>Date:         December 10, 2007<br>Time:         9:00 a.m.<br>Judge:        Hon. James Ware |

DEFS' RESPONSE TO PL'S MTN FOR JUDICIAL CLARIFICATION OF BASES FOR PRIOR ORDER AWARDING ATTYS' FEES CV 06-3718 JW (HRL)

## I. INTRODUCTION

Defendants agree with Plaintiff Carol Loeb Shloss ("Shloss") that this Court's May 30, 2007 Order addressed only one of the two issues that must be resolved in determining whether a party is entitled to attorneys' fees under the Copyright Act. The May 30 Order addressed only the question of whether Shloss was the prevailing party, and did not reach the second and more significant part of the test for awarding attorneys' fees—whether the prevailing party is entitled to fees under the *Fogerty* factors. Defendants thus do not oppose Shloss's request for "clarification." Nonetheless, it is relevant to note—as Shloss herself admits—that she brought her clarification motion only after her prolonged (but unsuccessful) effort these past four months to utilize the Court's admittedly incomplete ruling to extract a fee payment from Defendants.

Shloss continues her overreaching in her clarification motion. This Court's May 30, 2007 Order is plainly limited to Shloss's prevailing-party status and, as Shloss admits, does not address the *Fogerty* factors. Yet Shloss claims, rather incredibly, that a ruling on the *Fogerty* factors "can be inferred" from the Order. Motion at 2. It cannot. Moreover, when the *Fogerty* factors are applied, it is clear that Shloss should not be awarded attorneys' fees in this case. Enough is enough. The Court should deny Shloss's fee request and put this dispute to an end.

## II. ARGUMENT

### A. DEFENDANTS AGREE THAT THIS COURT'S MAY 30, 2007 ORDER DID NOT COMPLETE THE ANALYSIS OF WHETHER SHLOSS IS ENTITLED TO ATTORNEYS' FEES

Defendants agree with Shloss that the fee issue has not been fully addressed by this Court. The Court's May 30, 2007 Order determined that Shloss is the "prevailing party" for purposes of the Copyright Act.[1] But the Order did not reach the second part of the fee inquiry—whether Shloss, as the prevailing party, is *entitled* to fees. *See* 5/30/07 Order at 3 (identifying "prevailing party" as the only "standard[]" at issue); *id.* at 3-4 (discussing only prevailing-party status). That latter analysis is guided by the *Fogerty* factors, and the plain words of the Order show that it did not address those factors: The Order neither cites *Fogerty* or its progeny, nor refers to the parties'

---

[1] For purposes of this response, Defendants accept the Court's ruling that Shloss is the prevailing party. They nonetheless reserve their right to appeal that ruling.

DEFS' RESPONSE TO PL'S MTN FOR JUDICIAL CLARIFICATION OF BASES FOR PRIOR ORDER AWARDING ATTYS' FEES CV 06-3718 JW (HRL)

earlier briefing on the *Fogerty* factors.  *See* 5/30/07 Order (citing only the parties' briefing on prevailing-party status).  Indeed, in directing this Court to that briefing (*see* Motion at 3), Shloss acknowledges that this Court has yet to apply the *Fogerty* factors to this case.

**B.   WHEN THE *FOGERTY* FACTORS ARE APPLIED, SHLOSS IS NOT ENTITLED TO A FEE AWARD**

Shloss's clarification motion was delayed for four months, notwithstanding her own recognition that the May 30, 2007 Order lacked the proper *Fogerty* analysis, because she was attempting to leverage that incomplete ruling into a fee payment from Defendants that they were unwilling to pay, particularly in light of the minimal amount of work required for the actual outcome that Shloss obtained.[2]  Indeed, Shloss admits that she filed her clarification motion only *after* her fee demands remained unmet for four months.  As she puts it, she filed her motion because the parties' "attempt[s] to agree on an amount for [attorneys'] fees" have been "without success" these past several months.  Motion at 2.  In now seeking this Court's involvement again, Shloss highlights the parties' considerable differences on a reasonable fee amount, if one were awarded or if the parties were to settle the issue by agreement.  *See* 17 U.S.C. § 505 (permitting "a *reasonable* attorney's fee" (emphasis added)).  In light of these considerable differences, the question of whether Shloss is entitled to fees under the *Fogerty* factors takes on a heightened significance.

The question of whether to give Shloss a fee award at all rests within the reasoned equitable discretion of this Court.  *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).  In exercising that discretion, and before awarding fees, the Court must keep in mind the Copyright Act's purpose of "promot[ing] creativity for the public good" (*Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994)), and conclude that Shloss, as the prevailing party, is *entitled* to fees in light of the various non-exclusive factors identified by the Supreme Court in *Fogerty*.  The *Fogerty* factors

---

[2] As explained further *infra* and in Defendants' Opposition, Shloss's counsel, which provided their representation pro bono, expended significant unnecessary efforts during the course of the litigation, such as filing multiple, lengthy complaints containing irrelevant allegations; changing the material which Shloss wanted to use months after the initial complaint was filed; and not specifying the material at issue until forced to do so in her opposition to Defendants' motion to dismiss.

address "the degree of success obtained, frivolousness, motivation, objective unreasonableness of both the legal and the factual arguments, [and] the need to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 535 n.19; *see also Jackson*, 25 F.3d at 890. But a "prevailing party" is not automatically entitled to fees; indeed, as this Court itself has recognized, it is at times appropriate for courts to deny fees outright to a party that "prevails" in the underlying litigation. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, No. C 04-00371 JW, 2005 WL 2007932 (N.D. Cal. Aug. 12, 2005) (determining that party successfully opposing copyright-infringement claims did not warrant attorneys' fees where accuser's claims were not objectively unreasonable or frivolous and instead presented complex and novel issues that were diligently litigated, and where neither party had an improper motivation in litigating the case). Such rulings, denying fees to prevailing parties, are typically sustained by the federal courts of appeals. *See, e.g.*, *Berkla v. Corel Corp.*, 302 F.3d 909, 923-24 (9th Cir. 2002); *Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1014 (8th Cir. 2006); *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200-01 (10th Cir. 2005); *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 381-82 (5th Cir. 2004); *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 117 (2d Cir. 2002); *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 72-75 (1st Cir. 1998).

An analysis of the *Fogerty* factors as applied to this case demonstrates that Shloss is not entitled to any amount of fees. As elaborated more fully in Defendants' Opposition to Plaintiff's Motion for Award of Attorneys' Fees and Costs ("Opposition" (attached as Exhibit A to Declaration of Maria K. Nelson)), Shloss is not entitled to fees because:

- Shloss did not obtain a meaningful victory in securing a settlement of claims that Defendants had no intention of bringing against Shloss, and where Shloss did not obtain any of the declarations or injunctions sought in her complaint (*see* Opposition at 13-15);

- Defendants asserted neither objectively unreasonable nor frivolous positions but instead maintained positions supported by law; by contrast, Shloss's multiple laundry-list complaints, which failed to specify the material that Shloss wanted to use, required both parties to expend additional—and unnecessary—resources and fees that would not be recoverable in any fee request (*see* Opposition at 15-17);

- Defendants' opposition to Shloss's lawsuit was properly motivated in light of Defendants' legitimate interest in protecting the copyrighted material at issue, and Shloss presented no evidence that Defendants took their positions in bad faith or engaged in copyright misuse (*see* Opposition at 17-19); and

- there is no need for, nor would there be a benefit from, awarding attorneys' fees for deterrence or compensation purposes, because Defendants acted in good faith in vigorously defending the copyrighted material at issue, and are not "corporate behemoths" with deep pockets (*Fogerty*, 510 U.S. at 524) that might warrant a fee award for deterrence or compensation purposes, especially where Defendants have incurred their own attorneys' fees in litigating the necessary *and* unnecessary aspects of Shloss's lawsuit (*see* Opposition at 19-21).

Accordingly, no fee award is warranted.

In sum, Shloss should not be permitted a windfall, much less a windfall contrary to the purposes of the Copyright Act and to the *Fogerty* analysis guiding a court's discretion in awarding fees under that Act. This case—consistent with the parties' settlement of the case over eight months ago—should finally conclude with the denial of Shloss's request for attorneys' fees.

### III. CONCLUSION

Based on the foregoing and their Opposition to Plaintiff's Motion for Award of Attorneys' Fees and Costs, Defendants respectfully request that, upon completion of the fee-award analysis under the *Fogerty* factors, Shloss's request for attorneys' fees be denied.

Dated: November 19, 2007

Respectfully submitted,

Jones Day

By: _____/s/_____
       Maria K. Nelson

Counsel for Defendants
SEÁN SWEENEY AND THE ESTATE OF JAMES JOYCE