LAWRENCE LESSIG
ANTHONY T. FALZONE (SBN 190845)
anthony.falzone@stanford.edu
JULIE A. AHRENS (SBN 230170)
jahrens@law.stanford.edu
STANFORD LAW SCHOOL
CENTER FOR INTERNET AND SOCIETY
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 736-9050
Facsimile:  (650) 723-4426

MARK A. LEMLEY (SBN 155830)
mlemley@kvn.com
MATTHEW M. WERDEGAR (SBN 20047)
mwerdegar@kvn.com
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, California 94111
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188

BERNARD A. BURK (No. 118083)
bburk@howardrice.com
ROBERT SPOO (admitted *pro hac vice*)
rspoo@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
      FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:   (415) 434-1600
Facsimile:    (415) 217-5910

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CAROL LOEB SHLOSS, <br><br> Plaintiff, <br><br> v. <br><br> SEAN SWEENEY, in his capacity as trustee of the Estate of James Joyce, and THE ESTATE OF JAMES JOYCE <br><br> Defendants. | No. C 06 3718 JW HRL <br><br> Date: December 10, 2007 <br> Time: 9:00 a.m. <br><br> **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDICIAL CLARIFICATION OF BASES FOR PRIOR ORDER AWARDING ATTORNEYS' FEES** |

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDICIAL CLARIFICATION OF
BASES FOR PRIOR ORDER AWARDING ATTORNEYS' FEES

**I.    The Court Has Already Granted Shloss's Motion For Attorneys' Fees**

Defendants' response to Plaintiff Carol Shloss's request for clarification is built on the premise that this Court "did not reach" the question of whether Plaintiff Carol Shloss ("Shloss") is entitled to attorneys' fees in this matter. *See* Defendants' Response to Plaintiff's Motion for Judicial Clarification of Bases for Prior Order Awarding Attorneys' Fees ("Defendants' Response") at 1. That is simply incorrect. The Court's May 30, 2007 order expressly "***grants***" Shloss's motion for attorneys' fees, and refers the matter to the assigned Magistrate Judge for a determination of only the "***amount*** of fees and costs" to be awarded. *See* Order Granting Plaintiff's Motion for Award of Attorneys' Fees and Costs ("Order Granting Fee Motion") at 5 (emphasis added).[1]

The request for clarification now before the Court pertains only to the basis for that decision. The issue of whether a fee award is appropriate in a particular case is governed by the application of the so-called *Fogerty* factors. *See, e.g., Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). The application of those factors was briefed extensively by both sides when Shloss originally moved for fees. *See* Plaintiff's Motion for Award of Attorneys' Fees and Costs ("Fee Motion") at 12-20; Defendants' Opposition to Plaintiff's Motion for Award of Attorneys' Fees and Costs ("Fee Opp.") at 13-23; Plaintiff's Reply in Support of Motion for Award of Attorneys' Fees

---

[1] Defendants are strangely critical of Shloss's efforts to settle the fee issue before occupying more of the Court's time and resources, characterizing those efforts as an "attempting to leverage [an] incomplete ruling" into a fee payment by Defendants. *See* Defendants Response at 2. The fact is the Court's May 30 order holds Shloss is entitled to fees, and Shloss did the sensible and efficient thing: she attempted to avoid further litigation over the amount of fees to which she is entitled by trying to settle the fee issue. Defendants willingly entered into negotiations, or appeared to. At their request, Shloss's counsel provided two rounds of increasingly detailed information about the fees and costs Shloss's lawyers incurred in this matter, including a list of each attorneys' time and rates broken down by general task. Having put Shloss's counsel to the trouble of compiling and presenting this information, Defendants then announced they were unwilling to pay *any* amount of fees to settle the matter. This is but the latest example of how Defendants have made this case more time-consuming and expensive than it needs to be. Others are detailed in Shloss's moving and reply papers submitted in support of her original fee motion. *See* Fee Motion at 14-16; Fee Reply at 6-7.

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDICIAL CLARIFICATION OF
BASES FOR PRIOR ORDER AWARDING ATTORNEYS' FEES
-1-

and Costs ("Fee Reply") at 5-10.[2]  The Court's decision to award fees to Shloss after receiving that briefing indicates it concluded that a fee award is proper in light of the *Fogerty* factors, though its order granting Shloss's motion for attorneys' fees does not explicitly address them.  Defendants' Response suggests they intend to complain about this to the Court of Appeals.  *See* Defendants' Response at 1 n.1.  Accordingly, Shloss asks the Court to clarify the basis for the order granting Shloss's fee motion for the benefit of the Magistrate Judge who will determine the amount of fees to be awarded, and the Court of Appeals.

## II. Defendants Present No Ground On Which To Reconsider The Court's Order Granting Shloss's Motion For Attorneys' Fees

Defendants take Shloss's request for clarification as an invitation to reargue the merits of the issue the Court has already decided, insisting the Court should reverse course and deny Shloss fees altogether.  *See, e.g.*, Defendants' Response at 1.  But Defendants make no attempt to meet the standard for seeking reconsideration of the Court's prior order granting Shloss's motion for attorneys' fees.  Nor do they present any ground on which reconsideration would be proper, much less any material that would support reconsideration.  *See* Fed. R. Civ. Proc. 60(b).

On the contrary, Defendants' request for reconsideration is based expressly on arguments already raised (and refuted) in prior briefing.  *See* Defendants' Response at 3-4.  Thus, Defendants again contend that Shloss "did not obtain [a] meaningful victory" (*see* Defendants' Response at 3) while ignoring the fact this Court has already held that Shloss "secured . . . the essence of the relief she had sought" in her First Amended Complaint, as well as "further relief not even requested."  Order Granting Fee Motion at 4; *see* Fee Motion at 14; Fee Reply at 5.  Defendants again insist they only "maintained positions supported by law" while ignoring the fact the Court found their curious theories on lack of subject matter jurisdiction and mootness to be unsupported by both the law and the facts.  *See* Order Denying Defendants' Motion to Dismiss and Granting in Part Defendants' Motion to Strike ("Order Denying MTD") at 7-12.  When it came to

---

[2]  For the Court's convenience, all three memoranda were included in our moving papers attached to the Declaration of Julie A. Ahrens as exhibits A-C, respectively.

1  the merits of this case, Defendants did not even attempt to support their position; instead, they
2  simply abandoned that position as soon as it became clear they would have to defend it in Court.
3  *See* Fee Motion at 14-15.[3]

4  Finally, Defendants claim they were motivated only by legitimate interests and a good
5  faith desire to protect their rights. *See* Defendants' Response at 4. The documented facts suggest
6  otherwise. Defendants bullied Professor Shloss and her publisher in order to censor the content of
7  her work. *See* Fee Motion at 3-8, 14-16; Fee Reply at 6-7. They did so with threats of expensive
8  and dilatory litigation that were ultimately based on unsupportable legal positions. Defendants
9  repeatedly asserted that Shloss could not use in her scholarship anything Lucia Joyce ever wrote,
10  drew or painted, while dismissing Shloss's fair use rights as "wishful thinking" and a "joke." *See*
11  Fee Motion at 14-15; Order Denying MTD at 2-3. When forced to defend that position before this
12  Court, Defendants tried to avoid the issue by filing an elaborate and wasteful motion to dismiss
13  based on false premises extraneous to the merits of their claims. *See* Fee Motion at 15-16. When
14  that failed, they crumpled and gave Professor Shloss everything she asked for in her complaint and
15  more. *See* Order Granting Fee Motion at 4. In doing so, Defendants revealed their threats and
16  assertions were designed not to preserve any defensible legal position or pursue any legitimate right,
17  but simply to harass and intimidate with the threat of contention by greater resources. *See* Fee
18  Motion at 14-15; Fee Reply at 7-8. And Professor Shloss is not the only victim of such conduct.
19  Like threats have issued time and again to other scholars of whose views Defendants disapprove.
20  *See* Fee Motion at 5-6, 17; Fee Reply at 9.

---

[3] Amazingly, Defendants continue to assert that Shloss "failed to specify the material" at issue (Defendants' Response at 3), and did not do so until they opposed Defendants' motion to dismiss in December 2006. *See* Response at 2 n. 2. This assertion was false when Defendants raised it in opposition to Shloss's original fee motion (*see* Fee Opp. at 16-17) and remains false today. Defendants had access to the revised Electronic Supplement as of August 2006 and were advised in September 2006 that no more copyrighted quotations would be added – all well before Defendants moved to dismiss Shloss's Amended Complaint. *See* Fee Motion at 15; Fee Reply at 6. Defendants' repetition of this demonstrably incorrect assertion is yet another example of the many untenable positions with which Defendants have multiplied the time and effort required to litigate this case.

Professor Shloss's vindication of her fair use rights serves the highest and most basic purposes of copyright law – to protect and encourage original works of authorship, and allow the dissemination of scholarly and creative commentary and analysis. *See* Order Denying MTD at 16 (recognizing Shloss's "scholarly work" is "the type of creativity the copyright laws exist to facilitate"); *see also* Fee Motion at 19-20; Fee Reply at 10-11. There can be little doubt an award of fees here furthers these essential purposes of the Copyright Act. The Court reached that conclusion implicitly in awarding fees. Professor Shloss merely asks the Court to make explicit what is implicit in the Court's prior order.

DATED: November 26, 2007

By: _____/s/_____
Anthony T. Falzone
Julie A. Ahrens
STANFORD LAW SCHOOL
CENTER FOR INTERNET & SOCIETY
559 Nathan Abbott Way
Stanford, Ca 94305
Telephone:(650) 736-9050
Facsimile: (650) 723-4426

Mark A. Lemley
Matthew M. Werdegar
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, California 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Bernard A. Burk
Robert Spoo
HOWARD RICE NEMEROVSKI
CANADY FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: (415) 434-1600
Facsimile:(415) 217-5910

Attorneys for Plaintiff
CAROL LOEB SHLOSS