IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Carol L. Shloss, | NO. C 06-03718 JW |
|         Plaintiff, | **ORDER CLARIFYING BASIS FOR AWARDING PLAINTIFF'S ATTORNEY FEES** |
| v. | |
| Seán Sweeney, et al., | |
|         Defendants. / | |

Carol Loeb Shloss ("Plaintiff") brought this action against the Estate of James Joyce, Stephen James Joyce, and Seán Sweeney, in his capacity as the trustee of the Estate (collectively, "Defendants") seeking, *inter alia*, declaratory judgment and injunctive relief pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and 28 U.S.C. § 2201. Presently before the Court is Plaintiff's Motion for Judicial Clarification of the Court's prior Order granting attorney fees.[1] The Court finds it appropriate to take the motion under submission without oral argument. See Civ. L.R. 7-1(b).

Plaintiff sought a declaratory judgment that the use of certain written works in an electronic supplement to her book, if published, will not infringe any copyrights controlled or owned by Defendants.[2] The parties reached a settlement and filed a stipulated dismissal, which the Court approved. The Court also granted Plaintiff's Motion for Award of Attorney Fees and Costs.

---

[1] Defendants do not oppose Plaintiff's request for clarification, but argue the Court erred in awarding Plaintiff fees. (Defendant's Response to Plaintiff's Motion for Judicial Clarification of Bases for Prior Order Awarding Attorney's Fees at 1, Docket Item No. 90.)

[2] A full statement of the facts of this case can be found in the Court's previous Order Granting Plaintiff's Motion for Award of Attorney Fees and Costs. (hereafter, "Prior Order," Docket Item No. 86.)

The Copyright Act of 1976, 17 U.S.C. § 505 provides in relevant part that in any copyright infringement action, "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's direction," – as there is no automatic fee-shifting to the prevailing party in a copyright case. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). "However, 'exceptional circumstances' are not a prerequisite to an award of attorneys fees; district courts may freely award fees, as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." Historical Research v. Cabral, 80 F.3 377, 379 (9th Cir. 1996).[3]

"There is no precise rule or formula" for determining whether to grant attorney fees. Fogerty, 510 U.S. at 534 (citing Hensley v. Eckerhart, 461 U.S. 424, 436-437 (1983)). "District courts should consider, among other things, the degree of success obtained; frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in the case); and the need in particular circumstances to advance considerations of compensation and deterrence." Penpower Technology Ltd. V. S.P.C. Technology, 2008 WL 2468486 at *8 (N.D. Cal. 2008) (citing Historical Research, 80 F.3d at 379 n.1 (9th Cir. 1996)); see also Fogerty, 510 U.S. at 534 n.19. A statement that none of these factors weighs against awarding fees is sufficient acknowledgment of the factors. Cf. Penpower Technology Ltd., 2008 WL 2468486 at *8.

Plaintiff asks the Court for an explicit application of the factors outlined in Fogerty, 510 U.S. at 534 n.19 and Wall Data Inc. v. Los Angeles County Sheriffs Dept., 447 F.3d 769, 787 (9th Cir. 2006). (Motion at 3.) In its May 30, 2007 Order, the Court held that, since "by the Settlement Agreement, Plaintiff achieved a material, judicially sanctioned alteration in the parties' legal relationship[, . . .] an award of attorney fees is proper." (Prior Order at 5.)

---

[3] "[T]he Copyright Act's primary objective is to encourage the production of original literary, artistic, and musical expression for the public good." Fogerty, 510 U.S. at 517.

2

While the Court finds that clarification is not necessary, the Court takes this opportunity to explicitly state that none of the factors referenced in Fogerty or Wall Data Inc. (frivolousness, motivation, etc.) weigh against granting fees.

Dated: August 12, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Anthony T. Falzone anthony.falzone@stanford.edu
Bernard A. Burk bburk@howardrice.com
David S. Olson dolson@law.stanford.edu
Dorothy Rebecca McLaughlin dmclaughlin@kvn.com
Jennifer Stisa Granick JENNIFER@EFF.ORG
Julie Angela Ahrens jahrens@law.stanford.edu
Maria Kara Nelson mknelson@jonesday.com
Mark Alan Lemley mlemley@kvn.com
Matthew Mickle Werdegar mmw@kvn.com

**Dated: August 12, 2008**          **Richard W. Wieking, Clerk**

**By:  /s/ JW Chambers**
        **Elizabeth Garcia**
        **Courtroom Deputy**

**United States District Court**
For the Northern District of California